Robert C. O'Brien (SBN 154372)
obrien.robert@arentfox.com
Drew R. Hansen (SBN 218382)
hansen.drew@arentfox.com
Steven A. Haskins (SBN 238865)
haskins.steven@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation, and THE CHICAGO AREA TACO BELL RESTAURANT OWNERS' ADVERTISING ASSOCIATION, an Illinois corporation,<br><br>Defendants. | Case No.  SACV09-1097 DOC (ANx)<br><br>Assigned to The Hon. David O. Carter<br><br>**TACO BELL CORP.'S (1) ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND (2) DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   September 15, 2009<br>Trial Date:             None Set |

# ANSWER

## INTRODUCTION

Answering the introductory unnumbered paragraph of the Fourth Amended Complaint (the "4AC"), Defendant Taco Bell Corp. ("Taco Bell") admits that Plaintiff Tracie Thomas ("Plaintiff") purports to bring a class action lawsuit against Taco Bell and The Chicago Area Taco Bell Restaurant Owners' Advertising Association ("Chicago Association").  Taco Bell has insufficient knowledge to determine whether jurisdiction exists over this action pursuant to 28 U.S.C. § 1332(d) and therefore denies that allegation.  Taco Bell further denies each and every remaining allegation therein, including, but not limited to, denying Plaintiff is entitled to any relief whatsoever.

## NATURE OF THE CASE

1.  Answering paragraph 1 of the 4AC, Taco Bell admits that, in 2005, it introduced Chicken and Steak Nachos Bell Grande as products that were offered at its various franchisee and company-owned stores located throughout the United States.  Taco Bell further admits that it promoted these new products with national television advertisements.  Taco Bell denies that its national advertising was in any way part of the local Nachos Bell Grande sweepstakes campaign developed by the Chicago Association and its advertising agency, ESW Partners, LLC, since, among other things, the rules and regulations for the local Nachos Bell Grande sweepstakes campaign unambiguously confirm that the sole sponsors of the local advertising sweepstakes campaign were ESW Advertising and the Chicagoland Taco Bell Restaurant Owners Advertising Association.  Taco Bell denies each and every other remaining allegation in paragraph 1.

2.  Answering paragraph 2 of the 4AC, Taco Bell admits that the Chicago Association is an entity formed by local Taco Bell restaurants in the Chicago area for local advertising purposes.  Taco Bell further admits that the Chicago Association and ESW Partners, LLC were the exclusive designers and sponsors of a

local Nachos Bell Grande sweepstakes campaign whereby a consumer could win free tacos for a year by voting for his or her favorite Nachos Bell Grande product (i.e., Steak or Chicken).  Taco Bell denies each and every other remaining allegation in paragraph 2, including, but not limited to, denying that the Chicago Association acted in coordination and with the approval of Taco Bell in sending any text messages to the cellular phones of consumers in any fashion.

3. Answering paragraph 3 of the 4AC, Taco Bell denies each and every allegation therein.

4. Answering paragraph 4 of the 4AC, Taco Bell admits that Plaintiff purports to bring suit under the Telephone Consumer Protection Act, but denies each and every other remaining allegation contained therein, including, but not limited to, denying that Plaintiff can represent other individuals and denying that Plaintiff was injured in any way by Taco Bell.

5. Answering paragraph 5 of the 4AC, Taco Bell admits that Plaintiff purports to seek an injunction against Defendants, but denies each and every other remaining allegation contained therein, including, but not limited to, denying that Plaintiff was injured by Taco Bell or is entitled to any relief whatsoever from it.

**PARTIES**

6. Answering paragraph 6 of the 4AC, Taco Bell has no knowledge of Plaintiff's residence, and thus denies each and every allegation contained therein.

7. Answering paragraph 7 of the 4AC, Taco Bell admits that it is a California corporation and that its principal place of business is in Irvine, California.  Taco Bell further admits that it does business in California and some other states.  Taco Bell denies each and every other remaining allegation contained in paragraph 7.

8. Answering the first sentence of paragraph 8 of the 4AC, Taco Bell admits that the Chicago Association is an Illinois non-profit corporation with its principal place of business in Illinois.  Taco Bell further admits that it was just one

(1) member out of approximately twelve (12) total members of the Chicago Association in 2005.  Taco Bell also admits that, in 2005, it only owned approximately 24 of the approximately 160 stores located within the geographic area of the Chicago Association.  Taco Bell further admits that, in 2005, it appointed only one (1) of the four (4) board of directors for the Chicago Association, and that the appointed individual acted in accordance with her fiduciary obligations and duties to the Chicago Association in that regard.  Taco Bell denies each and every other remaining allegation contained in paragraph 8 of the 4AC, including, but not limited to, any and all of its subparts as they appear on pages 3 and 4 of the 4AC.

**JURISDICTION**

9. Answering the erroneously numbered second paragraph 8, which appears on page 4 of the 4AC, Taco Bell has insufficient knowledge to determine whether jurisdiction exists over this action pursuant to 28 U.S.C. § 1332(d) and therefore denies the allegations contained in the erroneously numbered second paragraph 8 of the 4AC.

**VENUE**

10. Answering paragraph 9 of the 4AC, Taco Bell admits that it is a California corporation with a principal place of business located in Irvine, California.  Taco Bell denies each and every other remaining allegation contained in paragraph 9.

11. Answering paragraph 10 of the 4AC, Taco Bell notes that whether this Court has general personal jurisdiction over the Chicago Association is a legal conclusion that requires no response.  To the extent that a response is required, Taco Bell denies that the alleged personal jurisdiction exists.  Taco Bell further denies that the Chicago Association has systematic and continuous contacts with California as a result of any interactions with Taco Bell.  Taco Bell has no

knowledge of the remaining allegations set forth in Paragraph 10, and thus denies every other remaining allegation therein.

12. Answering paragraph 11 of the 4AC, Taco Bell notes that whether this Court has specific personal jurisdiction over the Chicago Association is a legal conclusion that requires no response. To the extent that a response is required, Taco Bell denies that the alleged personal jurisdiction exists. As for the rest of paragraph 11 and its subparts, Taco Bell has no knowledge of the remaining allegations as they appear on pages 5 and 6 of the 4AC, and thus denies each and every allegation therein, except as otherwise expressly set forth below. Answering subparagraph (a) of paragraph 11, Taco Bell denies the allegations therein. Answering subparagraph (b) of paragraph 11, Taco Bell admits that—as a franchisor—it protects its intellectual property by reviewing how third parties use that property, and for that reason reviewed limited aspects of the local Nachos Bell Grande sweepstakes campaign—namely the rules, bags, and tray liners—sponsored exclusively by the Chicago Association and ESW Partners, LLC. Taco Bell denies each and every other remaining allegation contained in paragraph 11 and its subparts, including, but not limited to, denying that it reviewed or approved any aspect of the text messages alleged in the 4AC, denying that it has any responsibility whatsoever for the local Nachos Bell Grande sweepstakes campaign which was sponsored by the Chicago Association and ESW Partners, LLC, and denying that it communicated extensively with the Chicago Association from July 2005 through March 2006.

13. Answering paragraph 12 of the 4AC, Taco Bell admits that it resides in this district. Taco Bell denies each and every other remaining allegation contained in paragraph 12, including, but not limited to, denying that a substantial part of the events alleged in the 4AC occurred in this district.

## COMMON ALLEGATIONS OF FACT

14. Answering paragraph 13 of the 4AC, Taco Bell has no knowledge of the allegations set forth therein, and thus denies each and every allegation.

15. Answering paragraph 14 of the 4AC, Taco Bell has no knowledge of the allegations set forth therein, and thus denies each and every allegation.

16. Answering paragraph 15 of the 4AC, Taco Bell has no knowledge of the allegations set forth therein, and thus denies each and every allegation.

17. Answering paragraph 16 of the 4AC, Taco Bell has no knowledge of the allegations set forth therein, and thus denies each and every allegation.

18. Answering paragraph 17 of the 4AC, Taco Bell admits that, in 2005, it introduced Chicken and Steak Nachos Bell Grande as products that were offered at its various franchisee and company-owned stores located throughout the United States. Taco Bell further admits that it promoted these new products with national television advertisements. Taco Bell denies that its national advertising was in any way part of the local Nachos Bell Grande sweepstakes campaign developed by the Chicago Association and its advertising agency, ESW Partners, LLC, since, among other things, the rules and regulations for the local Nachos Bell Grande sweepstakes campaign unambiguously confirm that the sole sponsors of the local advertising sweepstakes campaign were ESW Advertising and the Chicagoland Taco Bell Restaurant Owners Advertising Association. Taco Bell has no knowledge of any other allegation set forth in paragraph 17, and thus denies each and every additional allegation therein.

19. Answering paragraph 18 of the 4AC, Taco Bell denies each and every allegation therein.

20. Answering the erroneously numbered second paragraph 16 appearing on page 8 of the 4AC, Taco Bell denies each and every allegation therein.

21. Answering the erroneously numbered second paragraph 17 appearing on page 8 of the 4AC, Taco Bell has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation.

22. Answering the erroneously numbered second paragraph 18 appearing on page 8 of the 4AC, Taco Bell has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation.

23. Answering paragraph 19 of the 4AC, Taco Bell denies that it paid ipsh!Net, Inc. for the creation and transmission of the text messages at issue in this case. Taco Bell also denies that it supervised or approved the creation and transmission of any text messages alleged in the 4AC. Taco Bell further denies that ipsh!Net, Inc. is or was Taco Bell's agent. Taco Bell has insufficient knowledge of the remaining allegations set forth in paragraph 19, and thus denies each and every remaining allegation.

24. Answering paragraph 20 of the 4AC, Taco Bell has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation.

## CLASS ACTION ALLEGATIONS

25. Answering paragraph 21 of the 4AC, Taco Bell admits that Plaintiff purports to bring a class action lawsuit against Defendants under Federal Rule of Civil Procedure 23, but denies each and every remaining allegation contained therein, including, but not limited to, denying that the purported class is entitled to class certification.

26. Answering paragraph 22 of the 4AC, Taco Bell denies each and every allegation therein.

27. Answering paragraph 23 of the 4AC, Taco Bell denies each and every allegation therein.

28. Answering paragraph 24 of the 4AC, Taco Bell denies each and every allegation therein.

29. Answering paragraph 25 of the 4AC, Taco Bell denies each and every allegation therein.

30. Answering paragraph 26 of the 4AC, Taco Bell denies each and every allegation therein.

31. Answering paragraph 27 of the 4AC, Taco Bell denies each and every allegation therein.

## FIRST CAUSE OF ACTION

### (Violation of 47 U.S.C. § 227: On behalf of the Class)

32. Answering paragraph 28 of the 4AC, Taco Bell incorporates herein by this reference each of its answers to paragraphs 1 through 31 set forth above, including the responses to the mistakenly duplicated numbered paragraphs as indicated above.

33. Answering paragraph 29 of the 4AC, Taco Bell denies each and every allegation therein.

34. Answering paragraph 30 of the 4AC, Taco Bell denies each and every allegation therein.

35. Answering paragraph 31 of the 4AC, Taco Bell denies each and every allegation therein.

36. Answering paragraph 32 of the 4AC, Taco Bell denies each and every allegation therein.

## PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief in the 4AC, Taco Bell denies each and every allegation therein.

//
//
//
//
//

## SEPARATE AND AFFIRMATIVE DEFENSES

Taco Bell hereby asserts that the 4AC is deficient and subject to a multitude of defenses. Taco Bell asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

### First Affirmative Defense
### (Failure To State A Claim)

Plaintiff's claim is barred because the 4AC fails to state a cause of action against Taco Bell.

### Second Affirmative Defense
### (Statute of Limitations)

Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense
### (Laches)

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense
### (Waiver)

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense
### (Estoppel)

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense
### (Unclean Hands)

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Affirmative Defense
### (Consent)

Plaintiff's claim is barred, in whole or in part, by the doctrine of consent.

### Eighth Affirmative Defense

### (Ratification)

Plaintiff's claim is barred, in whole or in part, by the doctrine of ratification.

### Ninth Affirmative Defense

### (Lack of Causation)

Plaintiff's claim is barred because the injuries and damages she claims to have suffered were not directly or proximately caused by any acts or omissions of Taco Bell.

### Tenth Affirmative Defense

### (Acts of Third Parties)

Plaintiff's claim is barred because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Taco Bell had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

### Eleventh Affirmative Defense

### (No Damages)

Plaintiff's claim is barred, in whole or in part, because she did not suffer any harm or injury as a result of Taco Bell's actions.

### Twelfth Affirmative Defense

### (Failure to Join Indispensable Parties)

Plaintiff's claim is barred, in whole or in part, due to her failure to join indispensable parties.

### Thirteenth Affirmative Defense

### (Good Faith)

Plaintiff's claim is barred, in whole or in part, because Taco Bell acted in good faith, without wrongful intent.

//

//

### Fourteenth Affirmative Defense

### (Compliance With The Law)

The 4AC does not state a claim against Taco Bell because its actions complied with all applicable law.

### Fifteenth Affirmative Defense

### (Adequate Remedy at Law)

The 4AC's claim for injunctive relief fails because Plaintiff cannot establish, among other things, that she does not have an adequate remedy at law.

### Sixteenth Affirmative Defense

### (Prior Established Business Relationship)

Any claim alleged in the 4AC is barred to the extent the Plaintiff had a prior established business relationship with Taco Bell.

### Seventeenth Affirmative Defense

### (Due Process Violation)

The Telephone Consumer Protection Act ("the TCPA"), codified at 47 U.S.C. § 227, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### Eighteenth Affirmative Defense

### (Void For Vagueness)

The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void for-vagueness doctrine.

### Nineteenth Affirmative Defense

### (Excessive Fines)

The TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

//
//
//

**Twentieth Affirmative Defense**

**(First Amendment Violation)**

The TCPA violates the First Amendment of the United States Constitution and the California Constitution.

**Twenty-First Affirmative Defense**

**(Reservation Of Rights)**

Taco Bell currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. Taco Bell therefore reserves the right to assert additional affirmative defenses in the event that investigation and discovery indicate that they would be appropriate.

Dated: August 30, 2010              **ARENT FOX LLP**


                                    By:        /s/ Drew R. Hansen
                                        Drew R. Hansen
                                        Attorney for Defendant TACO BELL CORP.

## DEMAND FOR JURY TRIAL

Taco Bell hereby demands a trial by jury on all issues that are triable by a jury.

Dated: August 30, 2010        **ARENT FOX LLP**

By:     /s/ Drew R. Hansen
          Drew R. Hansen
          Attorney for Defendant TACO BELL CORP.