1   David C. Parisi (SBN 162248)
    dparisi@parisihavens.com
2   Suzanne Havens Beckman (SBN 188814)
    shavens@parisihavens.com
3   Parisi & HAVENS LLP
    15233 Valleyheart Drive
4   Sherman Oaks, California  91403
    Telephone: (818) 990-1299
5   Facsimile: (818) 501-7852

6   Michael J. McMorrow, Esq. (admitted *pro hac vice*)
    mjmcmorrow@edelson.com
7   EDELSON MCGUIRE, LLC
    350 North LaSalle, Suite 1300
8   Chicago, IL 60654
    Telephone: 312-589-6370
9   Facsimile: 312-589-6378

10

11  ATTORNEYS FOR PLAINTIFF

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14
    TRACIE THOMAS, individually and
15  on behalf of a class of similarly situated
    individuals,
16
                        *Plaintiff*,
17
    v.
18
    TACO BELL CORP., a California
19  corporation; and THE CHICAGO
    AREATACO BELL RESTAURANT
20  OWNERS'ADVERTISING
    ASSOCIATION, an Illinois
21  corporation,

22                      *Defendants*.

23

24

25

26

27

28

| | |
|---|---|
| Case No. SACV09-1097 DOC (ANx) | |
| | |
| **REVISED RULE 26(f) JOINT REPORT OF THE PARTIES AND DESIGNATION OF AGREED UPON MEDIATOR SUBMITTED PURSUANT TO THE COURT'S JULY 29, 2010 SCHEDULING ORDER** | |
| | |
| Complaint Filed: Sep. 15, 2009 | |
| Trial Date: Oct. 18, 2011 | |

1    Plaintiff Tracie Thomas ("Plaintiff"), Defendant Taco Bell Corp. ("TBC"),

2  and Defendant The Chicago Area Taco Bell Restaurant Owners' Advertising

3  Association ("Chicago Association") (TBC and the Chicago Association are

4  referred to collectively hereafter as "Defendants") (Plaintiff, TBC, and the Chicago

5  Association are referred to collectively hereafter as the "Parties"), by and through

6  their respective counsel of record named herein, hereby submit their Revised Joint

7  Report pursuant to Federal Rule Civil Procedure Rule 26 following their Early

8  Meeting of Counsel, and instructions of the Court in the July 29, 2010 Scheduling

9  Conference.

10 **I.    FACTUAL AND LEGAL ALLEGATIONS IN THE**

11 **       FOURTH AMENDED COMPLAINT**

12    In her Fourth Amended Complaint, Plaintiff alleges that Defendants violated

13 the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending her

14 and the class she purports to represent one or more text messages without express

15 consent, using equipment that constituted an "automatic telephone dialing system,"

16 as that term is defined in the TCPA.  In particular, Plaintiff alleges that on October

17 11, 2005 she received a text message and that Defendants are responsible for the

18 text message.  Both TBC and the Chicago Association deny all of these allegations.

19 **II.   MOTIONS CONTEMPLATED BY THE PARTIES**

20 **       A.    Plaintiff's Anticipated Motions**

21 **             1.    Motion for Class Certification**

22    Plaintiff anticipates filing a motion for class certification pursuant to Rule 23

23 of the Federal Rules of Civil Procedure after sufficient class discovery is completed.

24 **             2.    Motion for Summary Judgment**

25    Plaintiff anticipates filing a motion for summary judgment pursuant to Rule

26 56 of the Federal Rules of Civil Procedure after sufficient discovery is completed.

27

28

**B.      Defendants' Anticipated Motions**

**1.      TBC's Motion for Summary Judgment**

TBC anticipates filing a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to the issue of whether TBC is responsible for the alleged text message, after sufficient discovery is completed.

**2.      Chicago Association's Motion for Summary Judgment**

The Chicago Association anticipates filing a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, after sufficient discovery is completed.

**III.   AMENDMENT OF PLEADINGS**

The Court has set the deadline for amendment of the pleadings 90 days after the entry of the Court's scheduling order.  The Parties note that if additional parties are added to the case, the discovery and trial dates proposed herein should change to accommodate the additional party or parties being added.

**A.      Position Of Plaintiff Regarding Additional Parties**

Plaintiff does not anticipate adding additional parties at this time.

**B.      TBC Reserves Its Right To Add Additional Parties In The Future**

TBC reserves its right to add additional parties in the future.

**C.      Possibility The Chicago Association May Add A Party**

The Chicago Association plans to file its Motion to Dismiss the Fourth Amended Complaint on September 7, 2010, in accordance with this Court's Order of July 11, 2010.  If its Motion to Dismiss is denied, the Chicago Association intends to add at least one additional party as a defendant in this action.

**IV.    RULE 26 INITIAL DISCLOSURES**

The Parties have exchanged Initial Disclosures.

**V.     DISCOVERY**

As described in Sections VI and XII below, the Parties agreed on a schedule

1 for discovery in this case at the July 29, 2010 Scheduling Conference. The Parties
2 also agreed to abide by the limits set forth in the Federal Rules of Civil Procedure
3 regarding discovery, without prejudice to any party's right to seek relief for good
4 cause shown.

5 **VI.   CLASS CERTIFICATION MOTION AND BRIEFING SCHEDULE**

6     As the Scheduling Conference held on July 29, 2010, the Parties agreed to the
7 following schedule for filing and briefing of the class certification motion:

8

| Filing Date for Class Cert. Motion | April 18, 2011 |
|---|---|
| Oppositions to Motion | May 16, 2011 |
| Reply | June 13, 2011 |
| Hearing Date | June 27, 2011 |

16 **VII.   EVIDENCE PRESERVATION**

17     The Parties understand their duty to preserve records, including paper and
18 electronic copies, and have taken steps to preserve documents in their possession
19 which are potentially relevant to this action.

20 **VIII. PROTECTIVE ORDER**

21     The Parties have agreed to negotiate a protective order governing discovery,
22 and anticipate agreeing on the terms of such an order in the near future.

23 **IX.   SETTLEMENT AND ADR**

24     The Parties have not yet participated in any settlement or ADR proceedings,
25 but the Parties have agreed to participate in a private mediation, before a mediator to
26 be mutually agreed to by the Parties, at an appropriate juncture in the case, but in
27 any event on or before February 14, 2011. Pending his availability, the parties have

28

1 | selected the Hon. James L. Smith (Ret.) as the mediator.

2 | **X.    MANUAL OF COMPLEX LITIGATION**

3 | The Parties do not believe that this case need be governed by the Manual of
4 | Complex Litigation.  From time to time, the Manual may be helpful in resolving
5 | disputes or guiding this Court's rulings and may be consulted as such, without
6 | prejudice to any Party's position on any issue.

7 | **XI.   EXPEDITED SCHEDULE**

8 | The Parties agree that this case cannot be handled on an expedited basis with
9 | streamlined procedures.

10 | **XII.  SCHEDULING**

11 | At the Scheduling Conference held on July 29, 2010, the Parties agreed to the
12 | following discovery, motion, pre-trial and trial dates:

13 |

| Trial | October 18, 2011 |
|---|---|
| Final Pre-trial Conference | October 3, 2011 |
| Dispositive Motion Hearing Cut-Off | September 19, 2011 |
| Expert Discovery Cut-off | August 16, 2011 |
| Hearing on Motion for Class Certification | June 27, 2011 |
| Deadline to Exchange Rule 26(A)(2) Expert Disclosures | June 8, 2011 |
| Non-Expert Discovery Cut-Off | June 8, 2011 |
| Deadline to File Class Cert. Motion | April 18, 2011 |

25 | The Parties note that the Court's Scheduling Order of July 29, 2010 states that
26 | all discovery is to be completed by June 8, 2010.  During the hearing of that date,
27 | however, the Parties agreed (and the Court apparently approved) a schedule by

1   which fact discovery is to close on that date, with expert discovery to follow

2   consistent with the schedule listed above.  The Parties respectfully request that the

3   Court revise its July 29, 2010 Scheduling Order to reflect these dates.

4   **XIII.  <u>TRIAL</u>**

5          Plaintiff and TBC have requested a jury trial.  The Parties are aware of and

6   have discussed the Court's preference for a four-day timed trial.  Defendants believe

7   that, if a class is certified, there will be complex legal and factual issues requiring a

8   longer trial.  While this is a preliminary estimate subject to change based on the

9   progress of discovery and any narrowing of the case through dispositive motions,

10  TBC presently believes a trial could last three weeks.  The Chicago Association will

11  request a jury trial in the event its Motion to Dismiss is not granted.  The Chicago

12  Association believes that a trial could last at least three weeks or 15 trial days.

13  Plaintiff believes that the issues that will be considered at trial are not necessarily

14  complex and can be adjudicated within this Court's standard trial schedule.

15  Nevertheless, Plaintiff does not object to this Court's granting of additional time for

16  the trial.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

Revised Rule 26(f) Report                    6          Case No. SACV09-1097 DOC (ANx) (C.D. Cal.)

## XIV.  **OTHER MATTERS**

The Parties have no other matters to bring before the Court at this time.

Dated:  August 31, 2010                        **PARISI & HAVENS**


By: /s/ Suzanne Havens Beckman
    Suzanne Havens Beckman
    Attorney for Plaintiff
    TRACIE THOMS

                                 **ARENT FOX LLP**

Dated:  August 31, 2010

By: /s/ Drew R. Hansen
    Drew R. Hansen
    Attorney for Defendant
    TACO BELL CORP.

                      **CAMPBELL LAUTER & MURPHY**

Dated:  August 31, 2010

By: /s/William K. Koska
    William K. Koska
    Attorney for Defendant
    THE CHICAGO AREA TACO BELL
    RESTAURANT OWNERS'
    ADVERTISING ASSOCIATION