| | |
|---|---|
| 1 | Robert C. O'Brien (SBN 154372) |
| | obrien.robert@arentfox.com |
| 2 | Drew R. Hansen (SBN 218382) |
| | hansen.drew@arentfox.com |
| 3 | Steven A. Haskins (SBN 238865) |
| | haskins.steven@arentfox.com |
| 4 | ARENT FOX LLP |
| | 555 West Fifth Street, 48th Floor |
| 5 | Los Angeles, CA 90013-1065 |
| | Telephone: 213.629.7400 |
| 6 | Facsimile: 213.629.7401 |
| 7 | Attorneys for Defendant |
| | TACO BELL CORP. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation, and THE CHICAGO AREA TACO BELL RESTAURANT OWNERS' ADVERTISING ASSOCIATION, an Illinois corporation,<br><br>Defendants. | Case No. SACV09-1097 DOC (ANx)<br><br>Assigned to The Hon. David O. Carter<br><br>**DEFENDANT TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT CHICAGO ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Time: 8:30 a.m.<br>Date: October 18, 2010<br>Place: Courtroom 9D<br><br>Complaint Filed: September 15, 2009<br>Trial Date: None Set |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

DEF. TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEF. CHICAGO ASSOCIATION'S MOTION TO DISMISS [Case No. SACV09-1097 DOC (ANx)]

Plaintiff has filed multiple complaints in this district. These complaints have been subject to several rounds of motion to dismiss briefing, and of those, this is the second dealing directly with issues of this Court's jurisdiction over the Chicago Association. Indeed, the Chicago Association has already once successfully moved to dismiss the claims against it on the grounds that this Court does not have jurisdiction over it. Plaintiff now for the first time asks that this Court belatedly use its discretionary power, *sua sponte*, to transfer venue to the Northern District of Illinois. Plaintiff's request is substantively defective and procedurally improper. It should be denied.

Plaintiff's request is substantively flawed because she chose this venue. She has pursued the lawsuit through multiple iterations of her complaint for over a year. In reliance on Plaintiff's chosen venue, the parties have met and conferred regarding a discovery plan and this Court has entered a scheduling order. A trial date has been set. The parties have selected a mediator (in California). She has never before evinced any intent to request a venue transfer, despite multiple opportunities to do so. Her efforts now, at best, come too late.

Under these circumstances, there is simply no reason for venue to be changed now. Indeed, whether a venue transfer is appropriate requires that this Court analyze and balance many individual factors in a test with multiple prongs. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (explaining that among the relevant venue inquiries are "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof"). Plaintiff has not even attempted to meet her burden of proof on these issues. Moreover, a full analysis of

- 1 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

DEF. TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEF. CHICAGO ASSOCIATION'S MOTION TO DISMISS [Case No. SACV09-1097 DOC (ANx)]

these issues would strongly favor retaining this case in Plaintiff's chosen forum of the Central District of California.

Plaintiff's request is not only substantively flawed but procedurally defective as well. Taco Bell should be, at the very least, given notice and the opportunity to be heard on a fully-noticed motion before this Court considers transferring this case on venue grounds. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (venue may be transferred *sua sponte* "so long as the parties are first given the opportunity to present their views on the issue"); *Saferstein v. Paul, Mardinly, Durham, James, Flandreau, and Rodger, P.C.*, 927 F. Supp. 731, 737 (S.D.N.Y. 1996) ("[P]arties should be provided notice and an opportunity to be heard when transfer is proposed *sua sponte* by the Court."). But Taco Bell has not received notice at all. Instead, Plaintiff improperly made its request in the context of its opposition to the Chicago Association's motion to dismiss. Because notice and an opportunity to be heard has not been given, this Court cannot exercise its discretionary power to transfer venue even if it were appropriate to do so (which it is not).

Because Plaintiff's belated request to transfer venue is improper, this Court should reject it altogether. If the Court believes there are grounds to further consider Plaintiff's request, however, Taco Bell should be given notice and an opportunity to fully demonstrate why the Court should not grant Plaintiff the relief she seeks.

Dated: October 4, 2010                **ARENT FOX LLP**

By: _____/s/ Steven A. Haskins_____
Steven A. Haskins
Attorney for Defendant
TACO BELL CORP.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-
DEF. TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEF. CHICAGO ASSOCIATION'S MOTION TO DISMISS [Case No. SACV09-1097 DOC (ANx)]