**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-1097 DOC (ANx)                                     Date: October 22, 2010

Title: TRACIE THOMAS et. al. v. TACO BELL CORP. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT CHICAGO ASSOCIATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

      Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed by Defendant Chicago Area Restaurant Owners' Advertising Association ("Moving Defendant") in the above-captioned case ("Motion") (Docket 82). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, the Court hereby GRANTS Moving Defendant's Motion.

      **I.    BACKGROUND**

      Plaintiff Tracie Thomas ("Plaintiff") filed a putative class action against Moving Defendant as well as additional defendant Taco Bell Corporation as a result of a text message advertising campaign which Plaintiff alleges violated 47 U.S.C. § 227. The essence of Plaintiffs' allegations is that, as a result of the alleged advertising campaign, Plaintiff received unauthorized text messages.

      Moving Defendant, an Illinois corporation with its principal place of business in Illinois, filed a previous Motion to Dismiss Plaintiff's Third Amended Complaint, on the grounds that the Court lacked personal jurisdiction over Moving Defendant. Plaintiff responded with the argument that

Moving Defendant's contacts subjected it to both general and specific jurisdiction by California courts. In an Order dated July 11, 2010, the Court determined that Moving Defendant was not subject to general jurisdiction in California ("July 11 Order") (Docket 72).  However, the Court declined to resolve the dispute regarding specific personal jurisdiction.  Instead, the Court ordered limited discovery into the issue.  In particular, the Court directed the parties to address the relationship between Moving Defendant and Ipsh!, a California corporation hired by Defendant to perform certain acts related to the text message campaign.[1]

At the close of the limited discovery period, Defendant filed the instant Motion. Defendant contends that the limited discovery reveals that the relationship between Ipsh! and Moving Defendant was short-lived and consisted solely of a contract hiring Ipsh! to provision short codes and phone numbers for use in the text message campaign.  Moving Defendant further reiterates its claims that the text message campaign was conceived of in Illinois and targeted only residents of the Chicago-land area.

## II. LEGAL STANDARD

A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant. *E.g., Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).  The Court may rule on a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) without first holding an evidentiary hearing.  In such a situation, a plaintiff has the burden of making a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* at 1129.  When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *Id.* (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).  Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Id.*

Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Id.*  The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10.  Thus, the Court's jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

---

[1] In its Opposition, Plaintiff also advances arguments regarding Moving Defendant's relationship with Taco Bell Corp.  In its July 11 Order, however, the Court already determined that Moving Defendant's relationship with Taco Bell is not relevant to the specific jurisdiction analysis.  As such, the Court does not address Plaintiff's arguments regarding Taco Bell Corp. in the instant Order.

The Due Process Clause requires that a court exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945) (internal quotation marks omitted).  A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174 (1985).  Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim."  *Yahoo!*, 433 F.3d at 1205.

In the Ninth Circuit, a three-part test determines whether specific jurisdiction exists: (1) the non-resident defendant must purposefully direct its activities at, or consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *Id.* at 1205-06.

### III.   DISCUSSION

Moving Defendant presents arguments to dismiss based both on the Court's lack of jurisdiction and on Plaintiff's failure to state a viable claim under Fed. R. Civ. P. 12(b)(6).  Because the Court finds that it lacks personal jurisdiction over Moving Defendant, the Court need not address Moving Defendant's arguments regarding Plaintiff's failure to state a claim.

**<u>Personal Jurisdiction</u>**

**Moving Defendant Has Not Purposefully Availed Itself of California**

The first step of the Court's jurisdiction analysis focuses on whether Moving Defendant has purposefully availed itself of California.  The "purposeful availment" requirement exists to ensure that "defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there."  *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1980).  The purposeful availment test "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof."  *Yahoo!*, 433 F.3d at 1206.  While courts "often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction ... availment and direction are, in fact, two distinct concepts."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)

The "purposeful direction" test is typically considered more amenable to cases that sound in tort – like the current action – than the "purposeful availment" test.  *See Schwarzenegger*, 374 F.3d at

802 ("A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.") (internal quotations and citations omitted).  *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995) ("We apply different purposeful availment tests to contract and tort cases"); *Wheaton Equipment Co. v. Franmar, Inc*, 2009 WL 464337 at * 6 (D. Idaho 2009) ("Because Wheaton's claims sound primarily in tort, the purposeful direction analysis will be applied ...").  Accordingly, the Court will begin its discussion by evaluating whether Defendant's actions satisfy the purposeful direction standard.  Purposeful direction exists where the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Here, Plaintiff has failed to present a prima facie case that Moving Defendant "caus[ed] harm that [moving defendant] kn[ew] [was] likely to be suffered in the forum state." *Id*.  In fact, on the current record, it does not appear that Moving Defendant's actions caused harm in the state of California at all.  The text messages at issue in this case were targeted to residents of the Chicago-land area.  Of course, it is theoretically possible that, despite Moving Defendant's intentions, some of the offending text messages were sent inadvertently to California residents, or were received by Chicago area residents at a time when these Illinois citizens were present in California.  Plaintiffs, however, present no allegation – let alone evidence – that this theoretical possibility actually occurred in this case.  Rather, Georgia is the only non-Illinois state where harm is arguably alleged to have occurred. *See* Complaint, ¶ 6 ("Plaintiff is an individual who maintains a residence in Georgia."). Even assuming that Plaintiff had alleged the receipt of an offending text message by a California resident or someone located in California, it is not at all clear that Moving Defendant's actions would pass the purposeful direction test.  Purposeful direction requires not only that harm actually occur in the forum state, but that a defendant be able to reasonably anticipate the occurrence of harm in that state. *Dole Foods*, 303 F.3d at 111 (requiring that the defendant's intentional acts "caus[e] harm *that the defendant knows is likely to be suffered in the forum state*.") (emphasis added).  Moving Defendant could not have reasonably anticipated that a Chicago-focused local advertising campaign would cause harm in California.  As such, Moving Defendant did not purposefully direct its activities at California.

Application of the "purposeful availment" standard proves similarly fatal to the Court's exercise of jurisdiction.  Plaintiff bases her argument in favor of jurisdiction on the one-time contract entered into between Moving Defendant and non-party Ipsh!  Ipsh! is a California corporation and some – though not all – of the work Ipsh! did for Moving Defendant was done by employees in California.  The law is clear that "merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 2001)).  This is the case even where the litigation at issue is based on the underlying contract. *See Roth*, 942 F.2d at 621 (reiterating this principle in the context of a dispute concerning the contract) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  A fortiori, the existence of a single contract with non-party Ipsh! should not subject Moving Defendant to personal jurisdiction in California for a tort action where the contract

itself is not at issue.

Plaintiff's attempt to detail the various duties assigned to Ipsh! under the contract, *see* Pl.'s Opp. at 5-6, does not alter this analysis.  As an initial matter, Plaintiff's description of Ipsh!'s duties supports the notion that Ipsh!'s main duty was to provide short code and phone numbers.  The fact that Ipsh! performed certain other tasks incidental to its main responsibility  – i.e. sending test text messages and doing invoicing and other billing work – does not suffice to establish purposeful jurisdiction.  *See id.*  Ipsh!'s work for Moving Defendant arose from a one-time contract related to a single, short-lived advertising campaign designed exclusively for residents of the Chicago-land area.  The working relationship between Ipsh! and Moving Defendant lasted for only five months.  *See* Pl.'s Opp. at 5 (stating the start and end dates of the relationship) (citing Jelley Dep. 26:13-19; Jelley Dep. Exh. 2).  On the whole, then, Moving Defendant's contract with Ipsh! creates only an attenuated affiliation with California.  The purposeful availment requirement is not met in this case.

### Personal Jurisdiction Does Not Exist

In order for the Court to exercise jurisdiction, every element of the personal jurisdiction test must be satisfied.  *See Yahoo!*, 433 F.3d at 1205 (using the connector "and" to list the personal jurisdiction requirements).  Plaintiff's failure to establish a prima facie case that Defendant purposefully availed itself of the forum state thus proves fatal to the Court's exercise of jurisdiction.  Accordingly, the case against Moving Defendant must be dismissed.

### IV.    DISPOSITION

In light of the foregoing, Moving Defendant's Motion to Dismiss For Lack of Personal Jurisdiction is hereby GRANTED.

The Clerk shall serve this minute order on all parties to the action.