David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.: SACV09-1097 DOC(ANx)<br><br>**DECLARATION OF MICHAEL J. McMORROW IN SUPPORT OF CONTINUANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>Trial Date:  October 18, 2011<br><br>Judge: Hon. David O. Carter<br><br>Time:<br>Date: |

56(d) DECL. OF MICHAEL J. MCMORROW           NO. SACV09-1097 DOC (ANX)

I, MICHAEL J. McMORROW, hereby declare, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18, and a resident of the State of Illinois. I am one of the attorneys representing Plaintiff in this matter. I am competent to make this Declaration, and make such Declaration pursuant to Fed. R. Civ. P. 56(d) in response to the Motion for Summary Judgment filed on March 28, 2011, by Defendant Taco Bell Corp. ("Defendant" or "Taco Bell"). [Dkt. No. 107]

2. For the reasons stated herein and in Plaintiff's pending Motion to Compel [Dkt. No. 98], Plaintiff respectfully requests that this Court continue or otherwise defer consideration of Defendant's Motion for Summary Judgment and allow Plaintiff time to take further discovery needed to respond to the factual matters raised therein, or in the alternative, simply deny Defendant's Motion. Because Defendant has set its Motion for Summary Judgment for the earliest possible date, Plaintiff's response to the Motion for Summary Judgment would otherwise be due one week after Defendant filed its Motion for Summary Judgment - on or before this coming Monday, April 4, 2010.

3. Federal Rule of Civil Procedure 56(d) states as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d).

4. Based on discovery obtained from third-parties in this Action, Plaintiff is informed and believes that Taco Bell maintained a high degree of control over the marketing campaign of the Chicago Area Taco Bell Restaurant Owner's Advertising

Association ("Chicago DMA") in October/November 2005, which included a text messaging component that is the subject of Plaintiff's Class Action Complaint. Plaintiff also is informed and believes that Taco Bell actively participated in the decisions that led to the marketing campaign, and that Taco Bell was an intended beneficiary of the marketing campaign, including the text messages sent in that campaign.

5. Plaintiff's information and belief on these subjects is informed almost entirely by documents obtained from third parties to this lawsuit during a brief period of limited jurisdictional discovery discussed below; Taco Bell itself has refused to produce any documents regarding this marketing campaign.

## BACKGROUND

6. On June 25, 2010, counsel for Plaintiff, Defendant, and the Chicago DMA conferred pursuant to Federal Rule of Civil Procedure 26(f) in this matter. During that conference, Defendant asked Plaintiff not to issue any discovery in this matter until after this Court's scheduling conference. Plaintiff agreed.

7. On July 13, 2010, the Court granted a Motion to Dismiss the Third Amended Complaint as to the Chicago DMA on the basis that the Court lacked personal jurisdiction over the Chicago DMA, and granted Plaintiff leave to amend and to take discovery for 30 days, limited to the issue of "the entry into and the performance of ipshnet!'s contract with ESW Partners, Inc." [Dkt. No. 72]

8. Pursuant to subpoena, Plaintiff took depositions of ESW Partners and ipshnet, Inc. ("ipsh") on August 3 and 9, 2010, respectively. The depositions were limited in scope in accordance with the Court's July 13, 2010 Order.

9. At that time, Plaintiff also sought the agreement of Defendant to take limited discovery pursuant to this Court's July 13, 2010 Order. Defendant refused, stating in an email on July 15, 2010 that discovery on it was outside the scope of the Court's Order, and that it "will object to any discovery served upon it that Plaintiff

purports must be responded to within the time period for the clearly defined "limited discovery" ordered by the Court." Defendant stated that it would also object to any discovery on the basis of Plaintiff's earlier agreement not to issue discovery until after the Court's scheduling conference.

10. The Court held its Scheduling Conference on July 29, 2010. The Court set a discovery schedule in which all fact discovery was to be completed by June 8, 2011.

11. On August 16, 2010, Plaintiff filed her Fourth Amended Class Action Complaint ("Complaint") [Dkt. No. 78], alleging that Defendant caused text message advertisements to be sent to the cellular telephones of Plaintiff and other members of the class in connection with a coordinated regional and nationwide advertising campaign for the Taco Bell products Chicken and Steak BellGrande, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

12. The Chicago DMA filed a Motion to Dismiss the Fourth Amended Complaint as to itself on the basis of lack of personal jurisdiction. [Dkt. No. 82] After full briefing, the motion was granted and this Court's Order was entered on October 25, 2010. [Dkt. No. 97]

13. In order to gather evidence necessary to conclusively establish Taco Bell's liability in this matter, Plaintiff issued discovery promptly after the entry of the Court's October 25, 2010 Order.

14. On November 16, 2010, Plaintiff served Defendant with Plaintiff's First Set of Document Requests and Plaintiff's First Set of Interrogatories.

15. On November 23, 2010, Plaintiff served Defendant with Plaintiff's Second Set of Document Requests and Plaintiff's Second Set of Interrogatories.

16. On November 23, 2010, Plaintiff served Defendant with a Notice of Deposition pursuant to Rule 30(b)(6), seeking depositions of the persons most knowledgeable regarding the following matters:

- Taco Bell's interactions with the Chicago DMA in 2005;

- o    Taco Bell's approval and coordination of the marketing initiatives of the Chicago DMA and other local Taco Bell advertising associations in 2005;

- o    Taco Bell's national advertising calendar in 2005;

- o    Taco Bell's marketing funds policy and its national advertising funds administration in 2005;

- o    Taco Bell's requirements for vendors hired to conduct advertising for the Chicago DMA and other local Taco Bell advertising associations in 2005; and

- o    The Chicken or Steak Nachos Bell Grande advertising campaign from 2005.

17.    On December 1, 2010, Plaintiff served subpoenas for the depositions of each of each of the following: the Chicago DMA; Susan Viti, who in 2005 was Taco Bell's Midwest Marketing Manager and Taco Bell's representative on the Chicago DMA; and Jennifer Kalseim, who in 2005 was an employee at ESW Partners, the Chicago DMA's advertising agency.

18.    On or about December 23, 2010, my office received Taco Bell's Responses to Plaintiff's First Set of Document Requests and Plaintiff's First Set of Interrogatories. The documents indicate that they were placed in the U.S. Mail on December 20, 2010.  Included with the Response to Plaintiff's First Set of Document Requests were two documents: a filing by the Chicago Area Taco Bell Owners' Advertising Association (the "Chicago DMA") with the State of Illinois; and a partial copy of the Bylaws of the Chicago DMA.

19.    On or about January 3, 2011, my office received Taco Bell's Responses to Plaintiff's Second Set of Document Requests and Plaintiff's Second Set of Interrogatories.  The documents indicate that they were placed in the U.S. Mail on December 27, 2010.  No additional documents were provided with these responses.

20.    On January 11, 2011, I sent an email to Defendant's counsel in which I noted that the Defendant's responses were deficient in a number of respects.

21. On January 18, 2011, I had a telephone conversation with Defendant's counsel, Steven Bledsoe, where I again noted my concern that Defendant had produced no documents in this case.

22. On January 21, 2011, I received an email from Defendant's counsel containing one additional document—a copy of Taco Bell's Marketing Funds Policy.

23. On February 4, 2011, I sent Defendant's counsel a letter detailing the deficiencies in Defendant's responses to the Document Requests and Interrogatories, requesting that counsel for Defendant meet and confer regarding Defendant's deficient discovery responses, and laid out Plaintiff's general objections to the responses.

24. On February 14, 2011, I received a letter from Mr. Bledsoe responding to my letter of February 4, 2011. In the letter, Defendant refused to supplement or amend its responses in any way other than to provide one additional document—an update to Yum Brands' information management policy and retention schedule. In that letter, Taco Bell stated that it "is not going to produce documents that are not related to the local promotion conducted by the [Chicago DMA] in later 2005."

25. On February 18, 2011, I caused a draft of a Joint Stipulation required by Local Rule 37-2.1 and 2.2 to be delivered by email to Mr. Bledsoe, along with my proposed declaration.

26. On February 28, 2011, counsel for Defendant responded to the Joint Stipulation. Defendant also provided a Supplemental Response to one Interrogatory and a copy of its Records Information Management Program.

27. On March 7, 2011, based on the deficiencies of Defendants' responses, Plaintiff filed a Motion to Compel Discovery Responses of Defendant Taco Bell. [Dkt. No. 98.] This Motion, Plaintiff's Reply in support, and the exhibits attached thereto, establish that Taco Bell has documents in its possession that would show that it had knowledge of, approved, and maintained control over the text message

advertising campaign alleged in Plaintiff's Complaint. This Motion has been fully briefed and was set for hearing on April 4, 2011. The Court has since stricken the hearing date. [Dkt. No. 111]

28. On March 28, 2011, Defendant filed a Motion For Summary Judgment under Federal Rule of Civil Procedure 56. [Dkt. No. 107]

29. Fact discovery in this case does not close until June 8, 2011.

**PLAINTIFF REQUIRES ADDITIONAL DISCOVERY ESSENTIAL TO HER OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION**

30. Plaintiff requires additional discovery in order to fully respond to Defendant's Motion for Summary Judgment. Although Plaintiff contends that what little discovery has occurred already shows that summary judgment should be denied, additional discovery is still needed and warranted, and will further clarify the right of Plaintiff to a determination of this suit by a jury.

31. Under Rule 56(d), "an opposing party must make clear what information is sought and how it would preclude summary judgment." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987); *see also Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) ("parties opposing summary judgment [under Rule 56(d)] must make (a) timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information actually exists.").

32. As discussed in more detail therein, Plaintiff's pending Motion to Compel demonstrates the information sought from Taco Bell and how it would preclude summary judgment.

33. Defendant's Motion for Summary Judgment argues that Plaintiff must "come forward with evidence establishing that Taco Bell had the right to control the manner and means by which the [Chicago DMA and its agents] sent the text

message." (Mtn., at 11)  The discovery requested in Plaintiff's Motion to Compel seeks just that – evidence establishing the manner and means of Taco Bell's control over the Chicago DMA and Taco Bell's right to control the manner and means by which the Chicago DMA advertises Taco Bell restaurants and products.

34.  Plaintiff contends, based on the evidence presented in connection with her Motion to Compel, that Defendant's control over the Chicago DMA can be shown by documents and other information currently in Defendant's possession that have not been produced in discovery.

35.  Plaintiff further contends, based on the evidence presented in connection with her Motion to Compel, that Defendant's active participation in the decision-making process and the approval process necessary for the Chicago DMA to undertake the actions at issue in this case can be shown by the documents and other information currently in Defendant's possession that have not been produced in discovery.

36.  Plaintiff also contends, based on the evidence presented in connection with her Motion to Compel, that Defendant's status as a direct and indirect beneficiary of the advertising at issue in this case can be shown by the documents and other information currently in Defendant's possession that have not been produced in discovery.

37.  In the Ninth Circuit, a motion to compel discovery is sufficient grounds to raise Rule 56(d) consideration.  *Garrett*, 818 F.2d at 1518; *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986).  Courts should continue or deny summary judgment motions under Rule 56(d) if the nonmoving party has not had the opportunity to discover information essential to its opposition.  *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) ("continuance of a motion for summary judgment for purposes of discovery should

be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.") (internal citation omitted).

38. In this case, Plaintiff's Motion to Compel Discovery, [Dkt. No. 98], her Reply Brief [Dkt. No. 105], and the attached exhibits, as well as the exhibits filed under seal, identify relevant information that Plaintiff reasonably believes is in the Defendant's possession that would allow her to defeat Defendant's Motion for Summary Judgment.

39. Furthermore, additional information requested in the Motion to Compel, currently unknown to Plaintiff, will undoubtedly show some additional degree of control and approval by Defendant—beyond that which the available information has already shown—of the advertising at issue in this lawsuit, which would further allow her to defeat Defendant's Motion for Summary Judgment. The few documents already made available, specifically the Marketing Funds Policy and the Bylaws of the Chicago DMA, already show that Taco Bell requires final approval of all advertising done by local associations such as the Chicago DMA, and that Taco Bell followed its internal policies based on those documents in approving several aspects of the marketing campaign.

40. Additional information requested in the Motion to Compel, but currently unknown to Plaintiff, will also show Taco Bell's expected and actual financial benefit from the marketing campaign at issue in this lawsuit, as the suit was designed to promote Taco Bell's products and brands, and also to directly benefit Taco Bell's company-owned restaurants in the area.

41. Based on the Defendant's Records Information Management Program, which has been provided to the Court under seal with Plaintiff's Reply Brief in Support of Plaintiff's Motion to Compel, there is sufficient reason to believe that the documents sought by Plaintiff still exist, as the Records Information Management Program requires that all documents relevant to this action would still be maintained until long after the filing of this suit.

42.   Even if Plaintiff's Motion to Compel were denied, Plaintiff would nonetheless need additional discovery prior to responding to Defendant's Motion for Summary Judgment.  Plaintiff has delayed taking the depositions of Susan Viti, Jennifer Kalseim, the Chicago DMA, and Taco Bell itself until Taco Bell produces additional relevant documents.  Even if Plaintiff's Motion to Compel is denied, Plaintiff should be allowed to depose these witnesses prior to responding to Defendant's Motion for Summary Judgment.

43.   Because the Local Rules would otherwise require Plaintiff to file a hastily-prepared response to Defendant's Motion for Summary Judgment within seven days of Defendant's filing of such Motion, the undersigned respectfully asks this Court to grant the requested continuance or deferral as soon as is practicable.

Dated:  March 30, 2011                    Respectfully Submitted,

TRACIE THOMAS, individually and on behalf of a class of similarly situated individuals,

 /s/  Michael J. McMorrow
One of Plaintiff's Attorneys

# CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on March 30, 2011, I served the above and foregoing ***Declaration of Michael J. McMorrow in Support of Continuance of Defendant's Motion for Summary Judgment Under Fed. R. Civ. P. 56(d),*** by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

/s/ Michael J. McMorrow