Robert C. O'Brien (SBN 154372)
obrien.robert@arentfox.com
Steven E. Bledsoe (SBN 157811)
bledsoe.steven@arentfox.com
Steven A. Haskins (SBN 238865)
haskins.steven@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.  SACV09-1097 DOC (ANx)<br><br>*Assigned to The Hon. David O. Carter*<br><br>**TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S 56(d) REQUEST FOR CONTINUANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:           April 25, 2011<br>Time:          8:30 a.m.<br>Courtroom:  9D<br><br>Complaint Filed: September 15, 2009<br>Trial Date:         October 18, 2011 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

SACV09-1097 DOC (ANx)

TACO BELL'S RESPONSE TO
PLAINTIFF'S REQUEST
FOR 56(d) CONTINUANCE

Plaintiff's attempt to avoid Taco Bell's summary judgment motion by delaying its consideration should be denied for three independent reasons.

First, Plaintiff has not met her burden under Rule 56 to identify with specificity any facts that could create a genuine issue of material fact in this case. Instead, Plaintiff relies on vague and conclusory allegations that simply echo the erroneous legal conclusions in her complaint. Her failure to identify specific discoverable material facts sufficient to defeat summary judgment is fatal to her request for relief. For this reason alone, Plaintiff's request should be denied.

Second, even if Plaintiff had described discoverable facts with the requisite specificity, none of the facts described by her would create a triable issue of material fact sufficient to defeat summary judgment. Plaintiff's request should be denied for this reason as well.

Third, and finally, Rule 56(d) relief is not available to parties that have had the opportunity to conduct discovery but failed of their own accord to do so. Here, Plaintiff has had ample opportunity to conduct the discovery she now seeks prior to Taco Bell's filing of its summary judgment motion. She chose not to do so. Indeed, Plaintiff still has not issued amended notices for *any* of the depositions she now asserts she needs. Under these circumstances, and given Plaintiff's utter failure to conduct discovery in a diligent manner, Plaintiff is not entitled to Rule 56(d) relief.

For these reasons and as set out more fully below, Plaintiff's request to continue the summary judgment hearing for additional discovery should be denied.[1]

---

[1] Taco Bell files this brief, and the accompanying declaration of its counsel, in response to Plaintiff's request that this Court peremptorily continue the hearing on Taco Bell's motion for summary judgment prior to the completion of briefing. Taco Bell objects to Plaintiff's irregular procedural request. In any event, Taco Bell reserves its right to reply to Plaintiff's substantive opposition, if any, in accordance with the briefing schedule set forth by this Court's rules.

SACV09-1097 DOC (ANx) - 1 - TACO BELL'S RESPONSE TO PLAINTIFF'S REQUEST FOR 56(d) CONTINUANCE

# ARGUMENT

## I. PARTIES SEEKING A CONTINUANCE UNDER RULE 56 MUST MEET THRESHOLD REQUIREMENTS

The Federal Rules of Civil Procedure contemplate that a summary judgment brief may be filed by either party at any time, even as discovery is ongoing. *See* Fed. R. Civ. P. 56(b) (providing that a party may file a motion for summary judgment "***at any time*** until 30 days after the close of discovery") (emphasis added). While Federal Rule of Civil Procedure 56(d) allows a Court to grant a nonmoving party additional time to take discovery if that party "cannot" present facts in opposition, it does not protect parties that have had the opportunity to take discovery, but failed to do so. A request for further discovery under Rule 56(d) requires the nonmoving party to demonstrate that "[it] diligently pursued previous discovery opportunities, and [that] allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002); *see also Stitt v. Williams*, 919 F.2d 516, 526 (9th Cir. 1990) (upholding trial court's refusal of 56(d) request because "appellants were afforded sufficient opportunity to conduct discovery").[2]

In addition to demonstrating that it pursued its opportunities to perform discovery, a party opposing summary judgment on Rule 56(d) grounds must specifically identify those facts that further discovery would reveal and, if those facts are discovered, why they would preclude summary judgment. See *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff has failed to meet any of these prerequisites.

---

[2] Prior to the most recent revision of the Federal Rules of Civil Procedure, Rule 56(d) was encapsulated in Rule 56(f), and much of the case law refers to Rule 56(f) in that context.

## II. PLAINTIFF HAS NOT IDENTIFIED ANY SPECIFIC MATERIAL FACTS THAT FURTHER DISCOVERY WOULD REVEAL

Plaintiff has already admitted, in her Fourth Amended Complaint, that Taco Bell did not send the alleged text message. (*See* Dkt. No. 78 (alleging that "ipsh! and the Chicago [Association], through its advertising agent [ESW Partners], collaboratively designed and implemented much of the local advertising in the … Contest, including … the two short message service ("SMS") blasts" and that "ipsh! and the Chicago [Association], through its advertising agent [ESW Partners], collaboratively worked to obtain a "vanity" SMS short code for the Contest … and spent several months working to … obtain the approval for its use on all wireless callers…").) These facts are judicial admissions against Plaintiff. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.") (citing *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)); *Hall v. United States*, 314 F. Supp. 1135, 1137-38 (N.D. Cal. 1970) ("It is [a] basic rule that statements made in a Complaint may be admitted against the pleader as evidence in the form of judicial admissions."). Because Plaintiff concedes that Taco Bell did not itself send the text message, she must show facts demonstrating that Taco Bell can be held vicariously liable for sending the text message. More specifically, in the context of a TCPA action, Plaintiff must show that Taco Bell controlled the manner and means of the text transmission. (*See* Dkt. No. 78.)

Plaintiff's vague assertions that additional documents will "undoubtedly show some additional degree of control and approval by Defendant," however, do not meet the specificity required to seek a continuance under 56(d) or explain how such evidence would defeat summary judgment. *Tatum*, 441 F.3d at 1100 (denying 56(f) request where nonmoving party's request "did not identify the specific facts that further discovery would have revealed or explain why those facts would have

precluded summary judgment"). Indeed, Plaintiff does not describe any specific discoverable material facts that would result from the additional discovery she seeks. Instead, she relies only on a conclusory assertion that unspecified facts will somehow lead this Court to conclude that Taco Bell may have had "control" over the Chicago Association and/or other entities. In essence, Plaintiff simply regurgitates the conclusory allegations of "control" in her operative complaint. This is simply not enough.[3] *See Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981) (upholding 56(d) denial where "plaintiff responded by presenting immaterial factual inconsistencies and by reiterating its conclusory allegations of conspiracy"). Plaintiff's failure to describe the specific material facts that would defeat summary judgment is fatal to her Rule 56(d) request. *See Tatum*, 441 F.3d at 1389-90 (upholding denial of 56(d) affidavit for seeking "discovery for discovery's sake").

### III. NONE OF THE FACTS PLAINTIFF SEEKS TO DISCOVER WOULD CREATE A GENUINE ISSUE OF MATERIAL FACT

Even if Plaintiff had described the facts she seeks with sufficient specificity, they would not create a genuine issue of material fact. *See Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306-07 (9th Cir. 1986) (upholding denial of Rule 56(f) continuance where nonmoving party failed to show

---

[3] *See Krav Maga Ass'n of Am., Inc. v. Yamilov*, 464 F. Supp. 2d 981, 990-1 (C.D. Cal. 2006) ("In order for courts to grant an opposing party's Rule 56(f) motion, ***facts, not conclusions, are required***.") (emphasis added); *Gemysis Corp. v. Phoenix American, Inc.*, 186 F.R.D. 551, 566 (N.D. Cal. 1999) ("A party may not use Rule 56(f) in the mere 'hope that further evidence will develop prior to trial,' nor as a vehicle for 'shopping for a case.'") (quoting *Continental Maritime v. Pac. Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir.1987)); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 1389 (Fed. Cir. 1989) (rejecting 56(d) affidavit as failing to say "anything more than, "we have no factual basis for opposing summary judgment, but, if you stay proceedings, we *might* find *something*.") (emphasis in original).

that new discovery was relevant to material issue in the case). None of the evidence she claims to need will lead to facts demonstrating that Taco Bell had control over the "manner and means" of the sending of the text message. *See Charvat v. EchoStar Satellite, LLC*, 676 F. Supp. 2d 668, 674-75 (S.D. Ohio 2009). Nor will the evidence Plaintiff seeks yield any facts that would show that Taco Bell had day-to-day control over the operations of the Chicago Association , or any of the other entities alleged in Plaintiff's complaint. *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (no alter ego or agency could be demonstrated where record did not show control of "internal affairs" or control of operation "on a daily basis."); *see also Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 542 (2000) ("As a practical matter, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's *day-to-day* operations in carrying out that policy.").

Plaintiff asserts the pending summary judgment motion should be delayed because further discovery will purportedly show that Taco Bell "expected and [received] actual financial benefit" from the Chicago Association or, specifically, the Chicago Association's promotion for chicken or steak Nachos Bell Grande. But even assuming that further discovery actually produced such evidence, it would not create a genuine issue sufficient to defeat summary judgment.[4] Even if the

---

[4] *See In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 387 (M.D. PA 2009) (holding that powers to "[name] officers and directors, influence executive compensation, approve budgets, gather information about corporate performance, and receive distributions of subsidiary profits" were all activities that "typify standard parent-subsidiary interactions and do not reflect daily, operational control that is the sine qua non of an alter ego relationship") (internal quotations and citations omitted); *Bodtker v. Forest City Trading Group*, No. CV-99-533-ST, 1999 WL 778583, at *10 (D. Or. Oct. 1, 1999) (holding that parent corporation's benefit even from fraudulent practices of a subsidiary did not demonstrate control because "every parent corporation benefits economically from the business of its subsidiary, whether legitimate or illegitimate"); *Insolia v. Philip Morris Inc.*, 31 F.

Chicago Association were a subsidiary of Taco Bell—and not a separate, incorporated entity of which Taco Bell was merely a minority member—the mere fact that Taco Bell might receive some indirect financial benefit from the Chicago Association's acts is not sufficient to demonstrate either alter ego or agency liability. For the same reason, any alleged benefit to Taco Bell as a minority shareholder or member of the Chicago Association is entirely irrelevant.

Likewise, the discovery Plaintiff seeks in her Motion to Compel cannot create a triable issue of material fact. Discovery related to Taco Bell's own national television advertising, for example, will not shed any light on Taco Bell's alleged "control" over the Chicago Association, let alone control over the manner and means by which the text message was sent. Plaintiff's other conclusions regarding the supposed existence of alleged documents are pure speculation, as Taco Bell explained in its previously-filed opposition to the Motion to Compel. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."). Plaintiff's Motion to Compel is a red herring and provides no basis for Rule 56(d) relief here.

## IV. PLAINTIFF DID NOT DILIGENTLY PURSUE HER DISCOVERY OPPORTUNITIES

Plaintiff's failure to perform additional discovery is a problem entirely of her own making. Plaintiff and her counsel have unreasonably delayed the taking of depositions that should have been taken long ago, if she ever intended to take them at all. The concurrently-filed Declaration of Steven E. Bledsoe describes in detail Plaintiff's various opportunities to perform discovery, and explains Plaintiff's

---

Supp. 2d 660, 672 (W.D. Wis. 1998) (in a parent-subsidiary situation, rejecting argument that financial benefit is relevant to agency analysis because "[by that] logic, virtually *every* parent-subsidiary relationship would be a principal-agent relationship as well").

dilatory conduct. Indeed, Plaintiff has had months to take depositions and serve additional discovery to the extent she believed it necessary. She simply did not do so. *See Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) (upholding denial of 56(d) request where parties had more than six months to conduct discovery); *In re Imperial Credit Indus., Inc. Securities Litig.*, 252 F. Supp. 2d 1005, 1016 (C.D. Cal. 2003) ("Where the party opposing summary judgment has failed to diligently pursue discovery, it is proper to deny a Rule 56(f) request."); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion.").

Plaintiff's refusal to conduct discovery is ongoing. Taco Bell met and conferred more than two weeks ago with Plaintiff's counsel, informing Plaintiff that it intended to file its summary judgment motion. Even after that conference, Plaintiff still has not noticed (or re-noticed) a single deposition. The record demonstrates that Plaintiff's claim to need discovery at this late date is simply a makeweight argument to delay this Court's ruling on Taco Bell's motion. Plaintiff's failure to diligently conduct discovery is fatal to her request for relief under Rule 56(d). Plaintiff's request should be denied for this reason as well.

## V. CONCLUSION

For the reasons set forth above, Taco Bell respectfully requests that this Court deny Plaintiff's request for a continuance pursuant to Rule 56(d).

Dated: April 1, 2011     ARENT FOX LLP

By: */s/ Steven E. Bledsoe*
Steven E. Bledsoe
Attorneys for Defendant
TACO BELL CORP.