| | |
|---|---|
| 1 | Robert O'Brien (SBN 154372) |
| | obrien.robert@arentfox.com |
| 2 | Steven E. Bledsoe (SBN 157811) |
| | bledsoe.steven@arentfox.com |
| 3 | Steven A. Haskins (SBN 238865) |
| | haskins.steven@arentfox.com |
| 4 | **ARENT FOX LLP** |
| | 555 West Fifth Street, 48th Floor |
| 5 | Los Angeles, CA 90013-1065 |
| | Telephone: 213.629.7400 |
| 6 | Facsimile: 213.629.7401 |
| 7 | Attorneys for Defendant |
| | TACO BELL CORP. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals, | Case No. SACV09-1097 DOC (ANx) |
| | *Assigned to The Hon. David O. Carter* |
| Plaintiff, | **DEFENDANT TACO BELL CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH AMENDED COMPLAINT** |
| v. | |
| TACO BELL CORP., a California corporation, | |
| Defendants. | Date: April 25, 2011 |
| | Time: 8:30 p.m. |
| | Courtroom: 9D |
| | Complaint Filed: September 15, 2009 |
| | Trial Date: October 18, 2011 |

Plaintiff Tracie Thomas's time to oppose Taco Bell Corp.'s ("Taco Bell") Motion for Summary Judgment has come and gone. Plaintiff has offered no substantive opposition to Taco Bell's Motion because she has none. As a result, Taco Bell's undisputed facts remain undisputed. They show that Taco Bell neither sent the text message Plaintiff claims to have received in October 2005, nor can it be held vicariously liable for the sending of that text message by third parties. Because Plaintiff cannot establish a fundamental element of her TCPA claim against Taco Bell, summary judgment is warranted.

Plaintiff's only response to Taco Bell's summary judgment motion is a defective declaration offered by Plaintiff's counsel, purportedly pursuant to Federal Rule of Civil Procedure 56(d). (*See* Dkt. No. 113.) In its rejoinder, Taco Bell demonstrated that Plaintiff's declaration was defective in at least three ways. (*See* Dkt. No. 115.) First, Plaintiff did not identify any facts she wished to discover with particularity. The generalized assertions in the Rule 56(d) declaration failed to meet the legal standard for obtaining a continuance under the Federal Rules. Second, Taco Bell demonstrated that even if Plaintiff proved them to be true, Plaintiff's generalizations would not create a genuine issue of material fact sufficient to defeat summary judgment. Third, Taco Bell demonstrated that Plaintiff had abundant opportunity to pursue discovery in this case, that her failure to do so is entirely of her own doing, and that her delay is not sufficient reason to put off consideration of the Motion. Under these circumstances, Plaintiff's request to delay summary judgment is plainly insufficient, and any continuance of the Motion should be denied.

Taco Bell's Motion not only demonstrates the lack of any genuine issue of material fact that might support Plaintiff's position, but affirmatively demonstrates that Taco Bell cannot, and should not, be held liable for sending the text message. Accordingly, the Court should grant summary judgment on Taco Bell's behalf.

| | | |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | Dated: April 11, 2011 | ARENT FOX LLP |
| 4 | | By: */s/ Steven E. Bledsoe* |
| | | Steven E. Bledsoe |
| | | Attorneys for Defendant |
| 5 | | TACO BELL CORP. |