# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES - ORDER

Case No.:   SACV 09-1097 CJC (ANx)                               Dated: September 7, 2011

Title:   Tracie Thomas v. Taco Bell
================================================================
Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

Melissa Cash                                                                    None
Deputy Clerk                                                                    Court Reporter

**Proceedings:**   Plaintiff's motion for sanctions ("Motion") (dkt. 122)

**Rulings:**   For the reasons discussed below, the Motion is denied without prejudice.

**Discussion:**

    Having read and considered the parties' respective papers relating to the Motion, the court finds this matter is appropriate for disposition without a hearing. *See* Fed. R. Civ. P. ("Rule") 78; Local Rule 7-15. Therefore, the hearing date is vacated and off calendar, and the clerk is directed to notify the parties that no appearances are required.

## I. Background

    On March 7, 2011, Plaintiff filed a motion to compel Taco Bell to provide further answers to 12 interrogatories (nos. 1, 2, 3, and 4 of set one, and nos. 1, 2, 3, 4, 6, 7, 8, and 9 of set two) and respond to 53 document requests (nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 of set one and nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of set two). (Mot. (dkt. 98).) On May 19, 2011, Judge Carney issued his order that granted in limited part Plaintiff's motion to compel and denied without prejudice Taco Bell's motion for summary judgment. (5/19/11 Order (CJC) (dkt. 120).) With respect to the motion to compel, Judge Carney ordered that it was "GRANTED IN LIMITED PART because [Plaintiff] has demonstrated that she is entitled to limited discovery regarding whether Taco Bell approved or authorized the text messaging component of the 2005 advertising campaign for steak and chicken Nachos Bell Grande in the Chicago area or communicated with individuals associated with the Chicago Area Taco Bell Restaurant Owners Advertising Association (the "Chicago Association"), the Chicago Association's Board of Directors, EWS Partners, LLC, or Ipsh!net, Inc. about the text messaging component of the 2005 advertising campaign for steak and chicken Nachos Bell Grande in the Chicago area." (5/19/11Order at 2.) Judge Carney also ordered "[a]ny further discovery disputes should be first raised before Magistrate Judge Nakazato, but the Court urges the parties to attempt to cooperatively and efficiently proceed with reasonable discovery." (*Id.*) With respect to Taco

Tracie Thomas v. Taco Bell
SACV 09-1097 CJC (ANX)
September 7, 2011
Page 2
==============================================================================

Bell's motion for summary judgment, Judge Carney ruled, "[i]n light of [Plaintiff's] entitlement to limited discovery that is highly relevant to her ability to oppose Taco Bell's motion for summary judgment, the Court hereby DENIES WITHOUT PREJUDICE Taco Bell's pending motion for summary judgment. Taco Bell may refile its motion at an appropriate time after [Plaintiff] has had a reasonable opportunity to conduct limited discovery." (*Id.*)  Judge Carney never reached the merits of the parties' disputes with respect to the underlying discovery requests. Further, Judge Carney's 5/19/11 Order did not extend the June 8, 2011 discovery cut-off date that was set in accordance with the terms of the Scheduling Order previously issued by Judge Carter. (*See* 7/29/10 Scheduling Order (DOC) at 1 (dkt. 76).)  Further, under the term of the 7/29/10 Scheduling Order, "[a]ny motion regarding the inadequacy of responses to discovery had to be filed and served no later than five (5) days after the discovery cut-off date." (*Id.* at 2.)  Plaintiff's pending Motion was filed on August 23, 2011, well after the deadline for discovery-related motions. Accordingly, to the extent the Motion constitutes a discovery-related motion, it is clearly untimely and must be denied.

However, by way of her pending Motion, Plaintiff seeks sanctions in the form of an adverse inference instruction instructing the jury that Taco Bell destroyed documents that show Taco Bell approved of, and had the requisite control over, the 2005 text message marketing campaign that is the subject of Plaintiff's lawsuit. Plaintiff contends "[a]n adverse inference would be an appropriate sanction because, without it, Plaintiff will have a more difficult, if not impossible, task in establishing that Taco Bell could be held liable under the TCPA." (JS at 22:18-24.) To the extent the pending Motion seeks sanctions based upon Taco Bell's alleged destruction of documents that Plaintiff apparently sought from Taco Bell pursuant to Judge Carney's 5/19/11 Order, the Motion is not in the nature of a "motion regarding the inadequacy of responses to discovery." Further, the Motion is timely because the non-discovery motion cut-off date set by the Scheduling Order is September 19, 2011. However, the nature of the adverse inference sanction sought by Plaintiff is functionally equivalent to a terminating sanction that would be case dispositive, and case dispositive motions must be presented to the assigned district judge.

Accordingly, the Motion is denied without prejudice to presenting it to Judge Carney.

cc:     JUDGE CARNEY
        All Parties                                          Initials of Deputy Clerk  mc