UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - ORDER

Case No.:   SACV 09-01097 CJC (ANx)                    Dated: September 7, 2011

Title:      Tracie Thomas v. Taco Bell Corp.
================================================================

        Present:  **Hon. Arthur Nakazato, United States Magistrate Judge**
                     (In Chambers - No Appearances)

Melissa Cash                                              None
Deputy Clerk                                              Court Reporter

**Proceedings:**   Plaintiff's Application to file documents and brief under seal (lodged on August 23, 2011) and Defendant's Application to file the declaration of Michael J. McMorrow under seal (lodged on August 25, 2011) ("Applications")

**Rulings:**   For the reasons discussed below, the Applications are DENIED.

**Discussion:**

     Both parties have applied for orders sealing certain documents relating to Plaintiff's pending motion for sanctions (dkt. 122) and Defendant's pending motion for a protective order (dkt. 126). As observed in the Magistrate Judge's corresponding order relating to Plaintiff's motion for sanctions, that motion appears to be a case dispositive motion. On the other hand, Defendant's motion for a protective order is clearly non-dispositive.

     Sealing documents interferes with the public's right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus parties seeking to seal documents with the court in connection with a dispositive motion must establish "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1179. With respect to non-dispositive motions, a party applying for a sealing order has the burden of making a "particularized showing" under the "good cause" standard of Fed. R. Civ. P. ("Rule") 26(c) "to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180. The sealing of documents also imposes an additional burden on the already overburdened clerk's office.

Tracie Thomas v. Taco Bell Corp.
SACV 09-01097 CJC (ANx)
September 7, 2011
Page 2
===============================================================================

      Neither of the Applications make the required showing. At best, the Applications merely indicate sealing is requested because one party has designated certain documents as confidential materials without showing the underlying documents merit protection under Rule 26(c) or the applicable standards set forth in *Kamakana*.

      Accordingly, the Applications are denied, however, the Court will permit the parties to file papers within 7 days of this Order that show why their respective Applications should be granted. If no such papers are timely filed, the Court will either return the documents to the parties or file some or all of them without sealing.


cc:    JUDGE CARNEY
       All Parties                                        Initials of Deputy Clerk  mc