1  David C. Parisi (SBN 162248)
   dparisi@parisihavens.com
2  Suzanne Havens Beckman (SBN 188814)
   shavens@parisihavens.com
3  PARISI & HAVENS LLP
   15233 Valleyheart Drive
4  Sherman Oaks, California  91403
   (818) 990-1299 (phone)
5  (818) 501-7852 (facsimile)
6
   Michael J. McMorrow (admitted *Pro Hac Vice*)
7  mjmcmorrow@edelson.com
   Rafey Balabanian (admitted *Pro Hac Vice*)
8  rbalabanian@edelson.com
9  EDELSON MCGUIRE LLC
   350 N. LaSalle Street, Suite 1300
10 Chicago, Illinois 60654
   (312) 589-6370 (phone)
11 (312) 589-6378 (facsimile)
12
   Counsel for Plaintiff

13
14              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
15                    **SOUTHERN DIVISION**

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals, | Case No.: SACV09-1097 DOC(ANx) |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | **Complaint Filed:  September 15, 2009**<br>**Discovery Cut-off Date:  June 8, 2011**<br>**Pretrial Conference Date:  October 3, 2011**<br>**Trial Date:  October 18, 2011** |
| TACO BELL CORP., a California corporation, | |
| Defendant. | Judge: Hon. ARTHUR NAKAZATO |
| | Time:  10:00 a.m.<br>Date:  September 29, 2011 |

SUPPLEMENTAL MEMORANDUM IN OPPOSITION                    NO. SACV09-1097 DOC (ANX)
TO MOTION FOR PROTECTIVE ORDER

This Court's Order of September 7, 2011 (Dkt. 129), denying without prejudice Plaintiff's Motion for Sanctions (Dkt. 122), effectively gives Defendant Taco Bell Corp. ("Taco Bell") the relief it seeks in this Motion. Taco Bell seeks an order closing discovery in this case (See Joint Stipulation, Dkt. 127, at 13), but the Court's Order of September 7 has already effectively decided that issue in Taco Bell's favor, stating that Judge Carney's Order granting Plaintiff's Motion to Compel (Dkt. 120) "did not extend the June 8, 2011 discovery cut-off date that was set in accordance with the Scheduling Order previously issued by Judge Carter." (Order, Dkt. 129, at 2).

This Motion presents an additional opportunity for the Court to consider the continued effectiveness of that July 29, 2010 discovery scheduling Order by Judge Carter, who is no longer involved with this case.[1] Judge Carney's May 19, 2011 Order implicitly vacated the schedule set forth in that order. Judge Carney's Order granted Plaintiff's Motion to Compel discovery responses from Taco Bell, and also ordered that class certification discovery "is premature at this stage of the litigation." (Dkt. 120, at 2.) This Court's finding that Judge Carney's Order did not extend the discovery deadlines improperly implies that the parties had only 20 days to conduct discovery between the May 19, 2011 Order and the June 8, 2011 discovery deadline, and that no class certification discovery would ever occur. This finding essentially nullifies Judge Carney's May 19 Order. Taco Bell did not even provide its supplemental responses that formed the basis for the Motion for Sanctions until after that date had passed.

To the extent that the Court reaffirms its earlier statement that discovery is also closed, then Taco Bell's pending Motion for a Protective Order is itself

---

[1] Plaintiff has already filed a motion to review this Court's finding in its September 7, 2011 Order that fact discovery in this case is closed.

| SUPPLEMENTAL MEMORANDUM IN OPPOSITION | 1 | NO. SACV09-1097 DOC (ANX) |
| TO MOTION FOR PROTECTIVE ORDER | | |

untimely, as it was filed on August 25, 2011, well after June 8, 2011.  As discussed above, however, Plaintiff requests that this Court reconsider its position on the close of discovery, and deny Taco Bell's Motion on the merits, for the reasons stated in Plaintiff's portion of the Joint Stipulation.  Taco Bell's strategy in this case has been to run out the clock on discovery without producing anything, even in the face of an Order granting Plaintiff's Motion to Compel.  Denying Taco Bell's Motion on the merits will ensure that Taco Bell will not be able to avoid responding to this lawsuit on the merits by simply refusing to respond to discovery.

Dated:  September 15, 2011             Respectfully Submitted,

                                       TRACIE THOMAS, individually and on
                                       behalf of a class of similarly situated
                                       individuals,

                                        /s/  Michael J. McMorrow
                                       One of Plaintiff's Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on September 15, 2011, I served the above and foregoing *Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant's Motion for Protective Order* by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

/s/  Michael J. McMorrow