Robert O'Brien (SBN 154372)
obrien.robert@arentfox.com
Steven E. Bledsoe (SBN 157811)
bledsoe.steven@arentfox.com
Steven A. Haskins (SBN 238865)
haskins.steven@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>            Plaintiff,<br><br>     v.<br><br>TACO BELL CORP., a California corporation,<br><br>            Defendants. | Case No.  SACV09-1097 CJC (ANx)<br><br>*Assigned to The Hon. Arthur Nakazato*<br><br>**DEFENDANT TACO BELL CORP.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**<br><br>Date:        September 29, 2011<br>Time:        10:00 a.m.<br>Courtroom:   6B<br><br>Complaint Filed:  September 15, 2009<br>Trial Date:       October 18, 2011 |

# INTRODUCTION

Plaintiff has long alleged that parties other than Taco Bell were responsible for sending the text message alleged in her Fourth Amended Complaint. She expressly alleged that both the Chicago Association and Ipsh!net, Inc. ("Ipsh") are responsible, though she unsuccessfully attempted to join the former and inexplicably failed to sue the latter. Nevertheless, Plaintiff did not seek discovery from the Chicago Association, and only deposed an Ipsh representative after being ordered to take jurisdictional discovery more than a year ago. Now, she continues to delay this litigation—not so that she can now take the discovery she has delayed for months—but instead as a mere pretext to avoid Taco Bell's summary judgment motion.

Taco Bell has been waiting, futilely thus far, for Plaintiff to confront "the law and the facts" from the time she filed her meritless complaint two years ago. Instead of properly litigating her claim, she continues to insist on the production of documents that do not exist and resists taking depositions—not only of Taco Bell, but of anyone else. She has engaged Taco Bell in lengthy and unnecessary discovery conferences, insisting that Taco Bell repeatedly defend its document preservation and search efforts. Thereafter, she filed a frivolous sanctions motion, taking the senseless position that Taco Bell somehow had a duty to preserve all of its documents for several years *before she filed her lawsuit*—even as she was destroying all of her own documents at the same time.

Plaintiff has had more than reasonable time to pursue discovery. And to the extent that Plaintiff now seeks additional discovery, months after the passage of the Court's discovery cutoff date and without any showing that she has diligently pursued discovery, this Court has already determined that she is too late. Taco Bell's motion for a protective order should be granted.

# ARGUMENT

## I. PLAINTIFF'S PURPORTED DISCOVERY DISPUTES ARE PRETEXTUAL, AS TACO BELL HAD NO PRE-LITIGATION DUTY TO PRESERVE DOCUMENTS

Upon obtaining notice in October 2009 that Plaintiff had sued Taco Bell for sending the alleged 2005 text message, Taco Bell implemented a litigation hold. (*See* Dkt. No. 127-9, Ex. H.) Of course, Taco Bell could not preserve documents not in its possession, or that had been discarded years prior to the lawsuit in the normal course of business. *See id.*, Ex. J; *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("It goes without saying that a party can only be sanctioned for destroying evidence if it had a duty to preserve it.") Taco Bell then searched its documents in response to Plaintiff's document requests, complying fully with its discovery obligations. (*See* Dkt. No. 127-9, Ex. H.) As a result, the only documents Taco Bell could have produced are those that it **has** produced. (*Id.*) Taco Bell has represented this to Plaintiff time and time again—both before and after Judge Carney's order. (*See id.*, Exs. H, J, K, M.) For all of Plaintiff's complaints, she now concedes that Taco Bell does not possess these documents, and so is left with the desperate and illogical argument that Taco Bell should be sanctioned for destroying documents ***prior to obtaining notice of Plaintiff's lawsuit***. (*See* Dkt. No. 78, ¶¶ 8, 11.) Incredibly, she argues this despite failing to retain her own documents at the very same time. (*See id.*, Ex. G at 127-129.)

In sum, if Plaintiff is unhappy with the current state of this case, she has only herself to blame. It was she that:

- Destroyed all of her documents prior to filing her lawsuit. (*Id.*)
- Decided not to make any pre-litigation contact with Taco Bell, much less ask it to retain any documents prior to the filing of her lawsuit. (*See* Dkt. No. 123 at 34-35.)

1    • Failed to timely join any of the parties that she names in her complaint as
2       responsible for sending the text message.  (*See* Dkt. No. 97.)
3    • Unilaterally decided, despite Taco Bell's prodding, not to take any discovery
4       of any of those third parties, save only for jurisdictional discovery ordered by
5       the Court more than a year ago.  (*See* Dkt. No. 127-9, Ex. D at 121, Ex. E at
6       122, Ex. F at 123, Ex. H at 132, Ex. J at 138, Ex. K.)
7    • Decided on a strategy of wasting time and resources seeking the production
8       of non-existent documents, rather than seeking deposition testimony from
9       Taco Bell and third parties.  (*See* Dkt. No. 127-9, Ex. J.)
10   • Decided to file her frivolous sanctions motion, rather than actually litigating
11      the merits (or more appropriately, the lack thereof) of her case.  (*See* Dkt. No.
12      122.)
13   • Allowed the non-expert discovery deadline to pass months ago without
14      comment.[1]  (*See* Dkt. No. 129 (holding that discovery deadline has passed).)

Courts, of course, do not allow this sort of dilatory behavior and gamesmanship to pass without consequence.  *See Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D. N.Y. 2001) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery.").  A party must demonstrate good cause for extending discovery past the discovery deadline.  *See id.*[2]  In so doing, it must demonstrate diligence in pursuing discovery.

---

[1]  More than three months later, Plaintiff still has not moved to extend the discovery deadline.

[2]  *See also Campos v. Steen*, No. 2:08-cv-00748-LRH-PAL, 2010 WL 114470, at *5-6 (D. Nev. Jan. 7, 2010) (denying extension of discovery deadline for failure to demonstrate good cause).   Prior to seeking an extension of the discovery deadline, a party must demonstrate that it "discharged [its] obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997)); *see also Boparai v. Shinseki*, No. 1:09-cv-01164 AWI JLT, 2010 WL 4738125, at *2 (E.D. Cal. Nov. 16, 2010) (denying extension where party seeking it failed to "demonstrate that she []

*See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (failure of moving party to demonstrate diligence under Rule 16 means "the inquiry should end"); *Wartluft v. Feather River Cmty. Coll.*, No. CIV. S-07-2023 FCD/GGH, 2010 WL 682305, at *2 (E.D. Cal. Feb. 24, 2010) (denying extension upon failure to demonstrate good cause). It must also demonstrate diligence in "seeking amendment of the Rule 16 order." *Id.* (citing *Eckert Cold Storage v. Behl*, 943 F. Supp. 1230, 1232 n.3 (E.D. Cal. 1996)).[3] Plaintiff has not done so. (*See* Dkt. No. 127, pp. 11-13.) Nor did Plaintiff have good cause for belatedly bringing her sanctions motion. *See* Dkt. No. 129.

      Plaintiff's dilatory strategy is confirmed by her portion of the joint stipulation, in which she purports to describe additional reasons for "concern" with Taco Bell's discovery efforts. These pretexts are all subsumed by the core flaw in her motion—Plaintiff's understandable inability to show that Taco Bell had a duty to preserve relevant documents four years before it learned of Plaintiff's lawsuit. Indeed, Plaintiff has filed no motion addressing these putative "concerns" other than her meritless sanctions motion, which relies on specious facts and outright speculation and conjecture—none of which are sufficient to demonstrate any entitlement to relief. *See Harris*, 204 F.R.D. at 45.

---

conducted discovery with diligence" and failed "to amend the scheduling order in a timely fashion"); *Stevens v. Huhtamaki*, No. 2:09-cv-01502 JAM KJN PS, 2010 WL 3238936, at *2 (E.D. Cal. Aug. 12, 2010) (denying extension where party's "predicament [was] largely one of his own making").

[3] *See also Wartluft*, 2010 WL 682305, at *2; *Soilworks, LLC v. Midwest Indus. Supply, Inc.*, No. CV06-2141-PHX-DGC, 2008 WL 629036, at *1 (D. Ariz. Mar. 5, 2008)) (denying discovery extension where parties failed to establish good cause for extension).

## II. TACO BELL HAS FULLY COMPLIED WITH ITS DISCOVERY OBLIGATIONS, AND PLAINTIFF'S DILATORY TACTICS MUST END

Taco Bell has repeatedly confirmed that it has no discoverable documents in its possession and that it has fully complied with Judge Carney's May 19, 2011 order. It searched after the complaint was first filed, and later refined its searches in an attempt to satisfy Plaintiff. (*See* Dkt. No. 127-9, Ex. H at 130.) These searches required significant effort, and more than satisfied Taco Bell's duties under the Federal Rules of Civil Procedure. Indeed, Taco Bell has searched its documents numerous times, and in numerous ways, and has discovered no additional responsive documents. (*See* Dkt. No. 127-15, Ex. N at 148.) Plaintiff does not argue to the contrary. Indeed, Plaintiff has not challenged any part of Taco Bell's post-litigation actions at all. Instead, she concedes, as she must, that any documents that once existed must have been destroyed years ago, but desperately—and erroneously—argues that Taco Bell had some sort of global pre-litigation duty to retain all of its documents without exception, a position supported by neither the facts nor the law. (*See* Dkt. No. 123, pp. 33-44.)

## CONCLUSION

Plaintiff's sanctions motion has unmasked her discovery charade once and for all. She has never had any legitimate reason for delaying her pursuit of discovery in this matter, and apparently has only done so only to drive up the costs of this litigation and harass Taco Bell. For the foregoing reasons, Taco Bell requests that the Court grant its motion for a protective order.

1  Dated: September 15, 2011                    ARENT FOX LLP

3                                               By:   */s/ Steven E. Bledsoe*
4                                                 Steven E. Bledsoe
                                                Attorneys for Defendant
                                                TACO BELL CORP.