David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.: SACV09-1097 DOCx (AN)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR REVIEW OF THE MAGISTRATE JUDGE'S SEPTEMBER 7, 2011 ORDER**<br><br>Discovery Cut-off Date:  June 8, 2011<br><br>Pretrial Conference Date:  October 3, 2011<br><br>Trial Date:  October 18, 2011<br><br>Judge: Hon. CORMAC J. CARNEY<br><br>Date:  October 17, 2011<br>Time:  1:30 p.m. |

P'S MEMO IN SUPPORT OF MTN. FOR REVIEW
AND SANCTIONS                                                                                  NO. SACV09-1097 DOC (AN)

## Introduction

After this Court's entry of its May 19, 2011 Order, Defendant Taco Bell represented to Plaintiff that it did not have possession, custody, or control of any documents that would be considered discoverable under the Court's Order. It claimed that the documents were deleted, either because of a "90 day email deletion policy," or because Taco Bell "wiped clean" all computers and hard drives of departing employees. Plaintiff became concerned about these and other representations made by Taco Bell, primarily because Defendant's official Document Retention Policy is silent as to the practices described above. Plaintiff was also concerned about Taco Bell's assertion that it had no duty to preserve documents until this lawsuit was filed, when other evidence suggests that the duty to preserve arose much earlier, and that, regardless, Taco Bell's Document Retention Policy specifies that the documents that Plaintiff seeks <u>are</u> to be preserved.

Plaintiff brought these issues to the attention of the Magistrate Judge in this case, and asked him to issue an adverse inference sanction against Taco Bell, as well as other monetary sanctions. In his September 7, 2011 Order, the Magistrate deemed Plaintiff's Motion outside of his jurisdiction because it was filed after the discovery deadline set by Judge Carter expired. This finding implies that the parties had only 20 days to conduct discovery between this Court's May 19, 2011 Order and the June 8, 2011 discovery deadline. This finding creates an absurd result that nullifies this Court's May 19 Order, and was in clear error. The Magistrate also declined to decide Plaintiff's Motion for Sanctions on the merits, claiming that it was a "case-dispositive motion," and suggested to Plaintiff that he re-file the motion before this Court for consideration. With this Motion, Plaintiff asks this Court to review the Magistrate Judge's findings regarding the discovery cut-off in this case, as well as consider Plaintiff's motion for sanctions on the merits.

P'S MEMO IN SUPPORT OF MTN. FOR REVIEW 1
AND SANCTIONS                                                                                         NO. SACV09-1097 DOC (AN)

### I. This Court Should Grant an Adverse Inference Establishing that Taco Bell Approved and Had Control Over the 2005 Text Message Marketing Campaign

Plaintiff's Motion for Sanctions is already on the Court's docket, (*See* Dkt. 122), and a Joint Stipulation, along with exhibits, has been filed with the Magistrate Judge. (Dkt. 123.)  Before the parties could file supplemental briefs in support of their respective positions, the Magistrate Judge denied Plaintiff's Motion without prejudice and suggested that Plaintiff re-file with the District Court Judge. (Dkt. 129.)  Although Plaintiff disputes the finding that this motion is "case-dispositive," she believes that this Court deciding the Motion on the merits would serve judicial efficiency and economy.  Plaintiff hereby incorporates Plaintiff's Motion for Sanctions, (Dkt. 122.), the Joint Stipulation filed by the Parties in connection with this Motion, (Dkt. 123), and all the Declarations and Exhibits attached to the Joint Stipulation.  For the Court's convenience, the Joint Stipulation and Exhibits are attached to this motion as Exhibit 1.  Plaintiff respectfully requests that this Court consider Plaintiff's Motion on the merits and grant Plaintiff the adverse inference, along with other sanctions, that Plaintiff seeks in the Motion.

### II. The Magistrate Judge's Finding that Discovery in this Case Is Closed Was in Clear Error and Should Be Clarified By this Court

The Magistrate Judge found that Plaintiff's Motion for Sanctions, to the extent that it was a discovery related motion, was not timely filed because the Discovery cut-off date set by Judge Carter in this case was June 8, 2011. (Dkt. 73.)  In light of this Court's May 19, 2011 Order granting Plaintiff's Motion to Compel in limited part, the Magistrate Judge's finding was in error.  Plaintiff respectfully requests that this Court clarify that the discovery deadline set by Judge Carter was implicitly vacated by the Court's May 19, 2011 Order.

### A. Standard of Review

A magistrate Judge's order can be reversed by a district court if it is "erroneous or contrary to law." *Crispin v. Christian Audigler, Inc.*, 717 F. Supp. 2d 965, 970-71 (C.D. Cal. 2010). The "clearly erroneous" standard requires a "definite and firm conviction that a mistake has been committed" before reversal. *Id.* (*citing Concrete Pipe & Prods. V. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993)). The "contrary to law" standard, on the other hand, allows for independent review of purely legal determinations by the magistrate judge. *Crispin*, 717 F. Supp. 2d at 971. This is similar to the "de novo" standard of review. *Id.*

### B. In Light of this Court's May 19, 2011 Order, it Was Clearly Erroneous for the Magistrate Judge to Deem Discovery Closed

Applying either standard above leads to the conclusion that the Magistrate Judge's Order deeming discovery closed was in error. Although the Magistrate relied on the discovery deadline that was set in this case, it would be illogical to hold the parties to that deadline in light of the path of this litigation and discovery orders issued by this Court.

Judge David O. Carter entered a scheduling order on July 29, 2010. (Dkt. 76.) In this Order, Judge Carter set a fact discovery cut-off date at June 8, 2011. (*Id.*) Shortly after the entry of this Order, the parties briefed a motion to dismiss filed by the Chicago Area Taco Bell Restaurant Owner's Advertising Association, which was decided on October 22, 2010. (Dkt. 97.) Shortly after this, in late November of 2010, Plaintiff issued discovery requests on Defendant Taco Bell. Plaintiff received Defendant's responses at the end of December. Because Plaintiff believed Defendant's discovery responses were inadequate and unreasonably limited, Plaintiff filed a Motion to Compel discovery responses on March 7, 2011. (Dkt. 98.) On April 12, 2011, this case was transferred from Judge Carter to this Court. (Dkt. 117.) On May 19, 2011, twenty days before the June 8, 2011

discovery cut-off date set by Judge Carter, this Court granted Plaintiff's motion to compel in limited part and gave Plaintiff has "a reasonable opportunity to conduct limited discovery." (Dkt. 120.) This Court also suspended indefinitely the class discovery and briefing deadlines. Over the ensuing three months, Plaintiff attempted to determine whether Taco Bell possessed any relevant documents, and the circumstances under which Taco Bell claimed that they were destroyed. The culmination of these efforts was Plaintiff's Motion for Sanctions, filed on August 23, 2011. (Dkt. 122.)

While the Magistrate Judge's finding that discovery had closed was nominally correct (as the fact discovery deadline was never formally reset), the more reasonable conclusion drawn from this Court's May 19 Order is that the fact discovery deadline set by Judge Carter was suspended. This is based on both the Court's Order that Plaintiff be given a "reasonable opportunity" to engage in merits-based discovery, and the denial of class certification discovery. (*See* Dkt. 120.) Under the Magistrate Judge's interpretation of the deadline, Plaintiff would not have had time to issue and receive responses from written discovery and interrogatories under Rules 33 and 34 of the federal rules; Defendant did not even provide its supplemental responses that form the basis for this Motion until after that deadline had passed. Likewise, third-party discovery would also have been impracticable to complete in 20 days. Such a finding is clearly erroneous and contrary to this Court's May 19 Order. Plaintiff respectfully requests that this Court vacate the magistrate judge's order insofar as it deems the fact discovery period closed, and reset a new discovery deadline which provides Plaintiff a reasonable opportunity to conduct discovery and litigate discovery related motions.

| | | |
|---|---|---|
| Dated: September 15, 2011 | | Respectfully Submitted, |
| | | TRACIE THOMAS, individually and on behalf of a class of similarly situated individuals, |
| | | /s/ Michael J. McMorrow<br>One of Plaintiff's Attorneys |

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

---

P'S MEMO IN SUPPORT OF MTN. FOR REVIEW 5
AND SANCTIONS                                            NO. SACV09-1097 DOC (AN)

## CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on September 15, 2011, I served the above and foregoing *Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Sanctions and Motion for Review of the Magistrate Judge's September 7, 2011 Order* by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

/s/  Michael J. McMorrow