David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> TACO BELL CORP., a California corporation, <br><br> Defendant. | **Case No.: SACV09-1097 CJCx (AN)** <br><br> **APPLICATION FOR CONTINUANCE OF HEARING ON TACO BELL'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. Cormac J. Carney <br><br> Time: <br> Date: <br><br> **Trial Date:  October 18, 2011** |

APPLICATION FOR CONTINUANCE                                    NO. SACV09-1097 DOC (ANX)

1 | Plaintiff Tracie Thomas, by her attorneys, hereby applies to this Court for a continuance of the hearing date for Defendant Taco Bell's Motion for Summary Judgment from its currently-scheduled date of October 17, 2011 until a date no less than 28 days after the Court rules on Plaintiff's pending Motion For Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order.

1. Good cause exists for the continuance for the following reasons:

(a) Plaintiff cannot fully address Defendant's Motion for Summary Judgment until after a definitive ruling on her previously-filed Motion for Sanctions and for Review of Review of Magistrate Judge Nakazato's September 7, 2011 Order. [Dkt. 135.] The ruling on Plaintiff's Motion will have a material effect on Defendant's Motion for Summary Judgment and Plaintiff's response thereto, and may render the Motion for Summary Judgment premature.

(b) Even aside from Plaintiff's pending Motion, Plaintiff cannot fully address Defendant's 25-page Motion and 263-page set of Declarations in only seven days, despite diligence by Plaintiff.

(c) When counsel for Plaintiff and Defendant met and conferred regarding the Motion for Summary Judgment on September 12, 2011, Plaintiff informed Defendant of both of the above factors and asked that Defendant schedule the hearing on its Motion for Summary Judgment sufficiently after the hearing on Plaintiff's pending Motion.  Counsel for Defendant agreed that it would take these factors into consideration and stated that they would contact Plaintiff again before filing to agree upon a schedule.  Instead, Defendant filed the Motion for Summary Judgment without further correspondence and noticed the Motion for Summary Judgment for October 17, 2011, the same date as Plaintiff's pending Motion, leaving Plaintiff with only seven days to respond.

(d) Plaintiff will be prejudiced if the continuance is not granted.  Defendant has deliberately timed the hearing of its Motion for Summary Judgment to deny Plaintiff the opportunity to have her Motion for Sanctions and for Review heard

prior to responding to the Motion for Summary Judgment. As Plaintiff argues in that Motion, Defendant's failure to produce any evidence whatsoever in this case has prevented Plaintiff from engaging in meaningful discovery, despite this Court's granting of Plaintiff's prior Motion to Compel. [Dkt. 120.] Additionally, if this Court grants Plaintiff's request for an adverse inference sanction, as requested in Plaintiff's pending Motion, Defendant's Motion for Summary Judgment would be effectively resolved in favor of Plaintiff. Further, forcing Plaintiff to respond to Defendant's Motion for Summary Judgment in only seven days would impede her ability to fully respond to Defendant's Motion both procedurally, with respect to the short time to respond to a lengthy dispositive motion, and substantively, with respect to her ability to contradict the statements made by Defendant's witnesses. All of Defendant's witnesses submit declarations as to matters covered by Plaintiff's discovery requests, yet no documents from any of those witnesses were ever produced, nor were the files or computers of Declarants Ostrowski or Viti searched by Taco Bell, even after the Order on Plaintiff's Motion to Compel.

2. This Application is accompanied by the Declaration of Michael J. McMorrow, attached hereto as Exhibit A.

For the reasons set forth herein, Plaintiff Tracie Thomas respectfully applies to this Court for a continuance of Taco Bell's Motion for Summary Judgment until at least 28 days after the Court rules on Plaintiff's pending Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order.

Dated: September 22, 2011         Respectfully Submitted,

                                  TRACIE THOMAS, individually and on
                                  behalf of a class of similarly situated
                                  individuals,

                                   /s/  Michael J. McMorrow
                                  One of Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on September 22, 2011, I served the above and foregoing *Application for Continuance of Hearing on Taco Bell's Motion for Summary Judgment* by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

/s/  Michael J. McMorrow