David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
Rafey Balabanian (admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.: SACV09-1097 CJCx (AN)<br><br>**DECLARATION OF MICHAEL J. MCMORROW IN SUPPORT OF APPLICATION FOR CONTINUANCE OF HEARING ON TACO BELL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Cormac J. Carney<br><br>Time:<br>Date:<br><br>**Trial Date: October 18, 2011** |

DECL. OF MICHAEL J. MCMORROW                    NO. SACV09-1097 CJCx (AN)

I, MICHAEL J. McMORROW, hereby declare, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18, and a resident of the State of Illinois. I am one of the attorneys representing Plaintiff in this matter. I am competent to make this Declaration, and make such Declaration in support of Plaintiff's Application for Continuance of Hearing on Taco Bell's Motion for Summary Judgment, and pursuant to the Court's procedures for requesting the continuance of any scheduled court proceeding, found at Par. 5 of the Court's "Judge's Procedures and Schedules."

2. On May 19, 2011, this Court granted Plaintiff's Motion to Compel in this matter and denied, without prejudice, Defendant's Motion for Summary Judgment. [Dkt. 120.]

3. Despite the Order, Defendant produced neither a single additional document nor other piece of evidence relevant to the facts of this lawsuit. In fact, Defendant stated that any relevant information would have been destroyed pursuant to an alleged "90-day" informal document destruction policy, despite a clear and comprehensive written document retention policy to the contrary.

4. After several additional attempts to resolve this continuing discovery dispute short of Court intervention, Plaintiff filed a Motion for Sanctions with Magistrate Nakazato on August 23, 2011. [Dkt. 122.]

5. On September 7, 2011 Magistrate Nakazato ruled that discovery had already closed in this matter and refused to rule on Plaintiff's request for sanctions, stating that the request was "equivalent to a terminating sanction that would be case dispositive," and suggesting that this Court rule on it. [Dkt 129, at 2.]

6. On September 12, 2011, I and another attorney from my office, John Ochoa, met and conferred by phone with Taco Bell attorneys Paul Rigali and Steven

Haskins to discuss three items: (a) our appeal of Judge Nakazato's September 7, 2011 Order; (b) Taco Bell's Motion for Summary Judgment; and (c) the parties' stipulation to file certain documents in the Court's record without seal.

7.  During that conference, I informed Messrs. Haskins and Rigali that Plaintiff needed several weeks to respond to Defendant's Motion for Summary Judgment and that the Motion for Summary Judgment should be scheduled for hearing well after the hearing on Plaintiff's Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order.

8.  In response, Mr. Haskins stated that he would take these concerns into consideration when talking to his client and colleagues about scheduling the Motion for Summary Judgment, and that he would contact us again before filing to agree upon a schedule for the Motion for Summary Judgment.

9.  Instead, Defendant filed the Motion for Summary Judgment without further correspondence and noticed the Motion for Summary Judgment for the same date as Plaintiff's pending Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order. [See Dkt. 140.]

10. Under this Court's Local Rules, Plaintiff's response to Defendant's Motion for Summary Judgment is due on Monday, September 26, unless continued.

11. Defendant's Motion includes a 25-page long Memorandum of Points and Authorities, and includes five Declarations totaling 263 pages with exhibits. It is not feasible for Plaintiff to fully respond to a Motion of this length within seven days, even under ideal circumstances.

12. The circumstances of this case, moreover, make clear that a full and thorough response to the Motion for Summary Judgment is not possible until after the Court decides Plaintiff's pending Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order.

13. Taco Bell's failure to produce any evidence whatsoever in this case has prevented Plaintiff from engaging in meaningful discovery, despite this Court's

granting of Plaintiff's earlier motion to compel. All of Defendant's witnesses submit Declarations in support of its Motion for Summary Judgment as to matters covered by Plaintiff's discovery requests, yet no documents from any of those witnesses were ever produced, nor were the files or computers of Declarants Ostrowski or Viti searched by Taco Bell, even after the Order on Plaintiff's Motion to Compel. [*See* McMorrow Decl. in Support of Mtn for Sanctions, Dkt. 137-2, ¶¶ 4-8, Exs. A, F-J.]

14. If this Court grants Plaintiff's request for an adverse inference sanction, as requested in Plaintiff's pending Motion, Defendant's Motion for Summary Judgment would be effectively resolved in favor of Plaintiff. Forcing Plaintiff to respond to Defendant's Motion for Summary Judgment before resolving that earlier Motion would be both a waste of the Court's and the Parties' resources, but would also force Plaintiff to respond to the Motion for Summary Judgment without the benefit of any guidance from the Court as to whether discovery is closed or remains open, and whether Defendant's destruction of documents and refusal to search for documents warrants discovery sanctions.

15. If Plaintiff's Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order is granted, Plaintiff intends to take depositions of the witnesses whose Declarations accompany Defendant's Motion for Summary Judgment, among others. We have previously noticed the depositions of some of these witnesses, but we have continuously stated that we do not want to take the depositions of these witnesses without additional documentation. An adverse inference against Defendant on the issues raised in the Motion for Sanctions and for Review of Magistrate Judge Nakazato's September 7, 2011 Order will obviate the need for the missing documents in those depositions.

16. Without either the adverse inference or documents from the Defendant, any depositions of these witnesses will be of limited value, as Plaintiff will have very limited ability to contradict any statements made by those witnesses.

17. Because the Local Rules would otherwise require Plaintiff to file a

hastily-prepared response to Defendant's Motion for Summary Judgment within seven days of Defendant's filing of such Motion, the undersigned respectfully asks this Court to grant the requested continuance as soon as is practicable.

Dated: September 22, 2011        Respectfully Submitted,

<u>/s/ Michael J. McMorrow</u>
One of Plaintiff's Attorneys