1   Robert O'Brien (SBN 154372)
    obrien.robert@arentfox.com
2   Steven E. Bledsoe (SBN 157811)
    bledsoe.steven@arentfox.com
3   Steven A. Haskins (SBN 238865)
    haskins.steven@arentfox.com
4   **ARENT FOX LLP**
    555 West Fifth Street, 48th Floor
5   Los Angeles, CA  90013-1065
    Telephone:  213.629.7400
6   Facsimile:   213.629.7401

7   Attorneys for Defendant
    TACO BELL CORP.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12  | TRACIE THOMAS, individually | Case No.  SACV09-1097 CJC (ANx) |
13  | and on behalf of class of similarly situated individuals, | *Assigned to The Hon. Cormac J. Carney* |
14  |                    Plaintiff, | **DEFENDANT TACO BELL CORP.'S OPPOSITION TO PLAINTIFF'S** |
15  |            v. | **MOTION FOR SANCTIONS AND REVIEW OF DISCOVERY** |
16  | TACO BELL CORP., a California corporation, | **MASTER'S ORDER** |
17  |                    Defendants. |  |
18  |  |  |
19  |  | Date:         October 17, 2011<br>Time:         10:00 a.m.<br>Courtroom:  6B |
20  |  |  |
21  |  | Complaint Filed:  September 15, 2009<br>Trial Date:        October 18, 2011 |
22  |  |  |

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     PLAINTIFF FAILS TO DEMONSTRATE ANY SANCTIONABLE
       CONDUCT BY TACO BELL ................................................................. 3

       A.     Taco Bell Did Not Have A Pre-Litigation Duty To Preserve
              Evidence ...................................................................................... 4

       B.     Taco Bell's Pre-Litigation Document Retention Policy Is
              Irrelevant In The Absence Of An Established Duty ............................ 7

       C.     Plaintiff Has Suffered No Prejudice ................................................ 8

       D.     Plaintiff's Silence On The Key Factual Issues Speaks Volumes ......... 9

II.    PLAINTIFF FAILS TO DEMONSTRATE CLEAR ERROR IN THE
       MAGISTRATE'S RULING BELOW ......................................................... 10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Akiona v. United States*,
    938 F.2d 158 ............................................................................. 4

5

6

*Boparai v. Shinseki*,
    No. 1:09-cv-01164 AWI JLT, 2010 WL 4738125 (E.D. Cal. Nov. 16,
    2010) ...................................................................................... 10

7

8

*Cacace v. Meyer Mktg. (Macau Commercial Offshore) Co.*,
    No. 06 Civ. 2938(KMK)(GAY), 2011 WL 1833338 (S.D.N.Y May 12,
    2011) ....................................................................................... 4

9

10

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*,
    244 F.R.D. 614 (D. Colo. 2007) .......................................................... 5

11

12

*Campos v. Steen*,
    No. 2:08-cv-00748-LRH-PAL, 2010 WL 114470 (D. Nev. Jan. 7, 2010) ........ 12

13

*Clark Constr. Group, Inc. v. City of Memphis*,
    229 F.R.D. 131 (W.D. Tenn. 2006) ....................................................... 4

14

15

*Cruz v. Tilton*,
    No. 1:06-CV-00883-DLB PC, 2011 WL 3687620 (E.D. Cal. Aug. 23,
    2011) ....................................................................................... 11

16

17

*Cyntegra v. Idexx Laboratories, Inc.*,
    2007 WL 5193736 (C.D. Cal. 2007) ...................................................... 6

18

19

*DeBakker v. Hanger Prosthetics & Orthotics East, Inc.*,
    No. 3:08-CV-11, 2009 WL 5031319 (E.D. Tenn. Dec. 14, 2009) ................. 8

20

*Eckert Cold Storage v. Behl*,
    943 F. Supp. 1230 (E.D. Cal. 1996) ..................................................... 11

21

22

*Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*,
    130 F.R.D. 507 (D. D.C. 1990) ............................................................ 3

23

24

*Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*,
    Civ. A. No. 06-CV-13143, 2009 WL 998402 (E.D. Tenn. 2009) ................. 4

25

*Harris v. Computer Assocs., Int'l, Inc.*,
    204 F.R.D. 44 (E.D.N.Y. 2001) .......................................................... 11

26

27

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
    770 F. Supp. 2d 1299 (N.D. Ga. 2011) ............................................ 4, 10

28

*In re San Juan Dupont Plaza Hotel Fire Litig.,*
111 F.3d 220 (1st Cir. 1997) ................................................................. 12

*Innis Arden Golf Club v. Pitney Bowes, Inc.,*
257 F.R.D. 334 (D. Conn. 2009) (holding that plaintiff's duty to preserve
evidence attached when its counsel became actively involved) ......................... 7

*Jackson v. Laureate, Inc.,*
186 F.R.D. 605 (E.D. Cal. 1999) ....................................................... 12

*Kitsap v. Physicians Serv.,*
314 F.3d 995 (9th Cir. 2002) ............................................................ 4

*Kronisch v. United States,*
150 F.3d 112 (2d Cir. 1998) ............................................................. 5

*Micron Tech, Inc. v. Rambus, Inc.,*
645 F.3d 1311 (Fed. Cir. 2011) ...................................................... 6, 8

*Nat'l Union Fire Ins. v. Murray Sheet Metal Co.,*
967 F.2d 980 (4th Cir.1992) ............................................................. 8

*Orbit One Commc'ns, Inc. v. Numerex Corp.,*
271 F.R.D. 429 (S.D.N.Y. 2010) ....................................................... 4

*Pension Committee of the University of Montreal Pension Plan v. Banc of
Am. Securities, LLC,*
685 F. Supp. 2d 456 (S.D.N.Y. 2010) ................................................. 6

*Perry v. Schwarzenegger,*
268 F.R.D. 344 (N.D. Cal. 2010) .................................................... 2, 3

*Philip A. Adams & Assocs., LLC v. Dell, Inc.,*
621 F. Supp. 2d 1173 (D. Utah 2009) ................................................ 7

*Point Blank Solutions v. Toyobo Am., Inc.,*
No. 09-61166-CIV, 2011 WL 1456029 (S.D. Fla. Apr. 5, 2011) .................. 10

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.,*
264 F.R.D. 517 (N.D. Cal. 2009) ..................................................... 6

*Residential Funding Corp. v. DeGeorge Fin. Corp.,*
306 F.3d 99 (2d Cir. 2002) ............................................................. 3

*Silhan v. Allstate Ins. Co.,*
236 F. Supp. 2d 1303 (N.D. Fla. 2002) .............................................. 6

*Stevens v. Huhtamaki,*
No. 2:09-cv-01502 JAM KJN PS, 2010 WL 3238936 (E.D. Cal. Aug. 12,
2010) .................................................................................. 11

*Testa v. Wal-Mart Stores, Inc.*,
    144 F.3d 173 (1st Cir. 1998) .......................................................................... 3, 7

*Trigon Ins. Co. v. U.S.*,
    204 F.R.D. 277 (E.D. Va. 2001) ........................................................................ 7

*Velocity Press, Inc. v. Key Bank, N.A.*,
    No. 2:09-CV-520 TS, 2011 WL 1584720 (D. Utah Apr. 26, 2011) ................... 4

*Wartluft v. Feather River Cmty. Coll.*,
    No. CIV. S-07-2023 FCD/GGH, 2010 WL 682305 (E.D. Cal. Feb. 24,
    2010) ................................................................................................................ 11

*Wolpin v. Philip Morris Inc.*,
    189 F.R.D. 418 (C.D. Cal. 1999) ....................................................................... 3

*Zubulake v. UBS Warburg LLC*,
    220 F. R.D. 212 (S.D.N.Y. 2003) ............................................................... 3, 4, 5

**RULES**

Fed. R. Civ. Proc. 26(a)(2) .................................................................................. 7

Fed. R. Civ. Proc. 72(a) ....................................................................................... 2

# **INTRODUCTION**

Plaintiff brings this action against Taco Bell based on a text message that she admits Taco Bell did not send.  The undisputed facts further show that Taco Bell did not control the manner and means of sending that text message, which in turn means that this lawsuit should be dismissed.  Desperate to avoid the inevitable dismissal of her claim, Plaintiff has endeavored to manufacture new disputes.

Plaintiff's pursuit of sanctions against Taco Bell is not grounded in fact or law.  Instead, it is based on a misstatement of the duties imposed by the federal rules, compounded by a complete lack of factual support.  It is not based on the merits of the litigation, but instead on Plaintiff's improper intent to harass Taco Bell and further delay this litigation.  Magistrate Judge Nakazato (1) correctly denied Plaintiff's motion for sanctions, and (2) correctly held that the fact discovery deadline was closed absent an order of this Court.  Because these rulings are not clearly erroneous or contrary to the law, this Court should uphold the Magistrate's rulings.

Plaintiff's motion for an adverse inference sanction is meritless for three reasons.  First, as a matter of law Taco Bell had no duty to preserve records in 2005 in anticipation of a lawsuit that was not filed until 2009, four years later.  Plaintiffs' argument, if adopted, would require the preservation of all documents, without exception, not to mention a sweeping revision of the Federal Rules of Civil Procedure.  Second, Plaintiff utterly fails to demonstrate that Taco Bell should be sanctioned for its pre-litigation document retention policies.  Plaintiff obfuscates the truth, as she has long known that Taco Bell imposed a litigation hold after obtaining notice of her litigation.  Meanwhile, the cases Plaintiff cites in support of her argument only support sanctions against her because she is the party that apparently destroyed documents with knowledge of her intent to file suit.  Third, and finally, Plaintiff simply cannot demonstrate the requisite culpability for obtaining an

adverse inference based on the mere fact that a document was discarded in the ordinary course of business four years before this lawsuit was filed.

Plaintiff's request for relief from the Magistrate's order as to the fact discovery deadline is likewise without merit and also fails for three reasons.  First, Plaintiff  effectively concedes that she knew she needed additional time to conduct discovery, but failed to request a continuance.  She offers no excuse for her failure to do so.  Second, and despite her protests of needing more discovery to the contrary, she has taken no discovery since this Court issued its May 19, 2011 order anyway.  Plaintiff's deeds speak louder than her words.  Indeed, Taco Bell attempted to accommodate Plaintiff despite her dilatory behavior, and still Plaintiff has refused to litigate.  That alone should end this Court's inquiry under the federal rules.  Third, she now claims that she is entitled to an adverse inference, but concedes that if Taco Bell ever had any discoverable documents, they were discarded years before she filed suit.  Given that concession, she has not explained what discovery she would take, even if this Court granted her an extension.  She is obviously not interested in depositions, and her own position is that Taco Bell has no documents to produce.

Renewing her baseless motion here serves no purpose but continuing Plaintiffs' campaign of harassment and delay.  Given her failure to give any defensible reasons for that ongoing campaign, there is no basis on which this Court can grant her motion.  It should be denied.

## **STANDARD OF REVIEW**

A magistrate judge's discovery order may only be modified or set aside by the district court if it is "clearly erroneous or contrary to law."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citing Fed. R. Civ. Pro. 72(a)).  Thus, the factual determinations made by the Magistrate below are "reviewed for clear error," and the Magistrate's legal conclusions are reviewed to "determine whether they are contrary to law."  *Id.*  A clear error has occurred only

1  if the court reaches a "definite and firm conviction that a mistake has been

2  committed." *Id.* (quoting *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D.

3  Cal. 1999) (citing *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins.*

4  *Co.*, 130 F.R.D. 507 (D. D.C. 1990)).  Thus, the Magistrate's rulings regarding fact

5  discovery in this matter are reviewed for clear error, requiring this Court to

6  determine with a "definite and firm conviction" that the Magistrate below erred in

7  determining that the fact discovery deadline has passed.

8  <u>**ARGUMENT**</u>

9  **I.**  <u>**PLAINTIFF FAILS TO DEMONSTRATE ANY SANCTIONABLE**</u>

10  <u>**CONDUCT BY TACO BELL**</u>

11       There is no evidence demonstrating any sanctionable conduct on Taco Bell's

12  part at all.  Taco Bell can only be sanctioned if Plaintiff can prove that Taco Bell

13  discarded documents while it owed a duty, to her, to preserve them.  *Zubulake v.*

14  *UBS Warburg LLC*, 220 F. R.D. 212, 216 (S.D.N.Y. 2003) ("It goes without saying

15  that a party can only be sanctioned for destroying evidence if it had a duty to

16  preserve it.")  To obtain spoliation sanctions, the alleging party must prove that

17  (1) the party having control over the evidence had an obligation to preserve it when

18  it was destroyed, lost or altered; (2) the records were destroyed with a culpable state

19  of mind; and (3) the destroyed evidence was relevant to the party's claim or

20  defense—i.e. a reasonable fact finder could conclude that the evidence would have

21  supported the claims of the party seeking sanctions.  *See Residential Funding Corp.*

22  *v. DeGeorge Fin. Corp.*, 306 F.3d 99, 105 (2d Cir. 2002).  Plaintiff must not only

23  adduce evidence of a duty, but must establish by a preponderance of the evidence

24  that the duty existed.  *See Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 178 (1st

25  Cir. 1998) (affirming an adverse inference instruction after Plaintiff proved by a

26  preponderance of the evidence that Wal-Mart had notice of the lawsuit).  Plaintiff

27  has failed to establish any of these essential elements.

28

1
2

**A.     Taco Bell Did Not Have A Pre-Litigation Duty To Preserve
Evidence.**

3       Taco Bell had ***no*** duty to preserve documents prior to Plaintiff's belated

4 filing of this suit, which occurred nearly four years after the events alleged in the

5 complaint took place.  As such, Taco Bell cannot be sanctioned for discarding

6 documents prior to receiving notice of the suit.  *See Zubulake v. UBS Warburg*

7 *LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("It goes without saying that a party can

8 only be sanctioned for destroying evidence if it had a duty to preserve it.").[1]  The

9 duty must exist to her personally—Taco Bell does not have a duty to preserve all

10 documents for any reason.  *See In re Delta/AirTran Baggage Fee Antitrust Litig.*,

11 770 F. Supp. 2d 1299, 1308 (N.D. Ga. 2011) (rejecting plaintiffs' spoliation theory

12 because "*the duty to preserve documents is a duty that attaches to a particular*

13 *party*") (emphasis added).

14       Contrary to Plaintiff's self-serving argument, a duty to preserve documents is

15 triggered by notice that they are discoverable in some specific, identifiable

16 litigation.  *See Kitsap v. Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)

17 (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).  Plaintiff has

18 offered no actual evidence that Taco Bell had any pre-filing notice of her suit.  *See*

19 *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 436 (S.D.N.Y.

20 2010).  That is because there isn't any.  Neither Plaintiff nor her counsel had any

21 contact with Taco Bell prior to filing.  *See* Dkt. No. 123 at 34:26-27; *Cacace v.*

22 *Meyer Mktg. (Macau Commercial Offshore) Co.*, No. 06 Civ. 2938(KMK)(GAY),

23
24
25
26
27
28

[1]  *See Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*, Civ. A. No. 06-CV-13143,
2009 WL 998402 at *2 (E.D. Tenn. 2009) ("Any destruction of potentially relevant
evidence that occurs before [the duty arises] would be harmless since the party was
unaware of a need to safeguard the evidence.")  (quoting *Clark Constr. Group, Inc.
v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. 2006)); *Velocity Press, Inc.
v. Key Bank, N.A.*, No. 2:09-CV-520 TS, 2011 WL 1584720, at *3 (D. Utah Apr.
26, 2011) (holding that documents removed from party's server prior to attachment
of preservation duty was not actionable).

2011 WL 1833338 at * 8 (S.D.N.Y May 12, 2011) (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)) (emphasis added) (duty generally "arises '***most commonly when suit has already been filed***, providing the party responsible for the destruction with express notice . . . .'"). Indeed, Plaintiff went one step further and destroyed all of her documents, offering no explanation for doing so in light of the manufactured "duty" her attorneys now hypocritically advance. (*See* Dkt. No. 123 at 39-40.)

Having failed to demonstrate that Taco Bell had pre-litigation notice of her suit, Plaintiff offers three reasons that Taco Bell should have divined her intent to litigate years into the future. First, she claims that because Taco Bell has been sued by others, it should have assumed that Plaintiff would eventually sue, and guess why. Second, she claims that the TCPA's mere existence imposed a duty. Third, she argues that unrelated TCPA lawsuits against unrelated parties imposed a duty.[2] (*See* Dkt. No. 123 at 11-14.)

These three "facts" are the sum total of the "evidence" against Taco Bell—and they add up to nothing at all. Practically speaking, Plaintiff's position would impose an oppressive burden on all potential litigants, requiring them to preserve all documents, period.[3]

_____

[2] Taco Bell has already discussed the failure of each of these facts to establish a duty, and incorporates its previous discussions of this issue herein. (*See* Dkt. Nos. 123, 136.)

[3] *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 623 n.10 (D. Colo. 2007) ("[A] party's duty to preserve evidence in advance of litigation must be predicated on something more than an equivocal statement of discontent, particularly when that discontent does not crystal[l]ize into litigation for nearly two years. Any other conclusion would confront a putative litigant with an intractable dilemma: either preserve voluminous records for a indefinite period at potentially great expense, or continue routine document management practices and risk a spoliation claim at some point in the future."); *Zubulake*, 220 F.R.D. at 217 ("The next question is: What is the scope of the duty to preserve? Must a corporation, upon recognizing the threat of litigation, preserve every shred of paper,

1    The federal rules impose no such duty.  Her argument is not based in law—

2    the duty and the circumstances in which the preservation duty arises are well-

3    established.  *See Micron Tech, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320-21 (Fed.

4    Cir. 2011) (holding that duty to preserve documents does not derive from the

5    "distant possibility of litigation"); *Realnetworks, Inc. v. DVD Copy Control Ass'n,*

6    *Inc.*, 264 F.R.D. 517, 523 (N.D. Cal. 2009) ("A general concern over litigation does

7    not trigger a duty to preserve evidence.  Real had no duty to preserve relevant

8    documents or evidence until a potential claim was identified or future litigation was

9    probable."); *see also* Dkt. No. 123 at 33-40.

10    Nor is her argument based in fact.  Plaintiff asks this Court to find the

11    existence of a duty years before she filed her lawsuit, even though such a ruling

12    would perversely implicate her own admitted failure to retain discoverable

13    documents.  (*See* Dkt. No. 123 at 39-40.)  Indeed, many of the cases she cited in her

14    joint stipulation below were cases regarding a ***plaintiff's*** duty to retain documents

15    prior to filing a lawsuit—which the plaintiff in this case did not do.  *See Micron*

16    *Tech.*, 645 F.3d at 1321 (affirming the trial court's order awarding sanctions for

17    spoliation committed by plaintiff prior to the filing of the lawsuit).[4]  Indeed, she has

18

19    every e-mail or electronic document, and every backup tape?  The answer is clearly,
"no."  Such a rule would cripple large corporations . . . that are almost always
20    involved in litigation."); *Silhan v. Allstate Ins. Co.*, 236 F. Supp. 2d 1303, 1309 n. 8
(N.D. Fla. 2002) ("It is essentially impossible for everyone . . . to hold onto every
21    piece of potential evidence just because there is a possibility that litigation may
arise sometime in the future. It is unreasonable to view the concept of duty on such
22    a broad scale. The more prudent approach would be for a duty to arise when the
possessor of the evidence is informed by the plaintiff that a lawsuit will be (or is)
23    filed.").

24

25    [4]  *See also Cyntegra v. Idexx Laboratories, Inc.,* 2007 WL 5193736 at *3 (C.D. Cal.
26    2007) ("Unlike defendants, plaintiffs may be imputed notice of the duty to preserve
potentially relevant evidence prior to the filing of the complaint" ); *Pension*
27    *Committee of the University of Montreal Pension Plan v. Banc of Am. Securities,*
*LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010) (noting that "[a] plaintiff's duty is
28    more often triggered before litigation commences, in large part because plaintiffs

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1  never accounted for her failure to preserve documents, specifically the text message

2  at issue in this case, in light of her own lawsuit.  Moreover, it is undisputed that the

3  Chicago Association hired the third party that designed and implemented the

4  alleged text message.  (*See* Dkt. No. 107-2 at ¶ 13.)  This is the fatal flaw in

5  Plaintiff's entire case, and she still has no coherent explanation for why Taco Bell

6  should have retained documents potentially related to an unknown lawsuit

7  involving some other party's text message.

8        Lacking basis in fact and law, Plaintiff's motion is a last-ditch ploy to place

9  blame where none exists.  It is the wayward culmination of her meritless lawsuit

10  against the wrong party.  It should be rejected.

11        **B.**     <u>**Taco Bell's Pre-Litigation Document Retention Policy Is**</u>

12              <u>**Irrelevant In The Absence Of An Established Duty.**</u>

13        Plaintiff's criticism of Taco Bell's pre-litigation document retention policy is

14  similarly meritless.  She has no standing to challenge Taco Bell's pre-litigation

15  policies, because she has not offered evidence to support her legal conclusion that

16  Taco Bell had a pre-litigation preservation duty to her.  Plaintiff's authorities

17  merely augment her argument's glaring deficiency—there was no pre-litigation

18  duty, and thus this court cannot pass judgment on Taco Bell's pre-litigation policy.

19  *See Philip A. Adams & Assocs.*, *LLC v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1192 (D.

20  Utah 2009) (considering retention practices *after* finding that pre-litigation duty had

21  been triggered); *Testa*, 144 F.3d at 178; *Trigon Ins. Co. v. U.S.*, 204 F.R.D. 277,

22  289 (E.D. Va. 2001) (holding that defendant had a duty to preserve existing

23  documents where Fed. R. Civ. Proc. 26(a)(2) mandated their disclosure).  None of

24  these authorities establish a duty in this case.  And, of course, none promote

25  _____

26  control the timing of litigation" and issuing sanctions to plaintiffs); *see also Innis*

27  *Arden Golf Club v. Pitney Bowes, Inc.*, 257 F.R.D. 334, 340-41 (D. Conn. 2009)
   (holding that plaintiff's duty to preserve evidence attached when its counsel became

28  actively involved).

1  Plaintiff's novel theory of a universal and unlimited preservation duty.  No such

2  case law exists.  Instead, that the law is that "a document retention policy does not

3  give rise to a duty to preserve every document generated under that policy."

4  *DeBakker v. Hanger Prosthetics & Orthotics East, Inc.*, No. 3:08-CV-11, 2009 WL

5  5031319, at * 4 (E.D. Tenn. Dec. 14, 2009); *see also Nat'l Union Fire Ins. v.*

6  *Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir.1992) (noting that it is

7  "certainly true that most document retention policies are adopted with benign

8  business purposes," reflecting the fact that "litigation is an ever-present possibility

9  in American life").[5]  Taco Bell's pre-litigation policies—no matter what they

10  were—created no duty to Plaintiff and they are irrelevant to her motion, and this

11  lawsuit.

12  **C.   Plaintiff Has Suffered No Prejudice.**

13  Taco Bell has searched for documents in good faith and found that none

14  exist.  There are many reasons for this, but one of them may be that Plaintiff waited

15  nearly four years to file suit.  But absent the duty Plaintiff has failed to adduce, she

16  has no cause for complaint.

17  Plaintiff has argued that a third party has produced a few documents in its

18  possession that may once have been in Taco Bell's possession.  (*See* Dkt. No. 123

19  at pp. 17-18.)  Indeed, she has had those documents for more than a year, and done

20  nothing with them.  (*See* Dkt. No. 123 at p. 40.)  Nevertheless, she has not shown

21  that any documents were destroyed after the litigation was filed and Taco Bell

22  implemented its litigation hold.  (*See* Dkt. No. 123 at p. 40.)  That is why, in the

23  _____

24  [5]  *See also Micron Tech.*, 645 F.3d at 1322 (explaining that "there is the innocent
25  purpose of simply limiting the volume of a party's files and retaining only that
   which is of continuing value. One might call it the 'good housekeeping' purpose.
26  Thus, where a party has a long-standing policy of destruction of documents on a
   regular schedule, with that policy motivated by general business needs, which may
27  include a general concern for the possibility of litigation, destruction that occurs in
   line with the policy is relatively unlikely to be seen as spoliation").
28

1   alternative, Plaintiff has struggled to concoct her "immaculate conception" theory

2   of Taco Bell's pre-litigation preservation duty.  Meanwhile, she merely speculates

3   that other documents existed, but has no evidence to support her conjecture.  (See

4   (See Dkt. No. 123 at pp. 18-19.)  This, again, is because she has refused to put her

5   speculation to the test by deposing Taco Bell, or any other party that might have

6   discoverable information.  (See Dkt. No. 127 at pp. 11-13.)  And this, again, is

7   because Plaintiff has no interest in resolving this case on the merits—where she is

8   sure to lose—but in causing delay and prejudice to the party she wrongfully sued in

9   the first place.  As long as she refuses to proceed with the litigation, she can

10  maintain the thin veneer of a self-serving, conclusory position without regard for

11  the actual facts.

12          **D.      Plaintiff's Silence On The Key Factual Issues Speaks Volumes.**

13          There is no better evidence of the bad faith inherent in Plaintiff's motion than

14  the utter lack of legal or factual support she has marshaled for her position—not

15  only before Magistrate Judge Nakazato but to this Court as well.  Indeed, even as

16  she brings this litigation to a standstill, Plaintiff still has no explanation for a host of

17  facts that portend the defeat of her motion:

18          • Her failure to file her complaint until four years after the events

19             alleged in the complaint.  (See Dkt. No. 1.)

20          • Her failure to notify Taco Bell of her intent to file suit at any time

21             before the litigation began.  (See Dkt. No. 123 at 34:26-27.)

22          • Her failure to offer evidence that Taco Bell had any notice of her

23             lawsuit before she filed it.  (See Dkt. No. 123 at 34-38.)

24          • Her own unexplained destruction of discoverable documents.[6]  (See

25             Dkt. No. 123 at 39-40; Dkt. No. 123-8, Ex. A at 9:3-14:1.)

26  ---

[6]  Plaintiff has filed multiple briefs on this and related discovery subjects, and has
27  never attempted to excuse her own destruction of documents, much less attempted
    to untie the Gordian knot in her argument that Taco Bell should have been
28  preserving its documents while she was destroying hers.

1    • Her lack of evidence that Taco Bell destroyed discoverable documents
2    after obtaining notice of her lawsuit.  (*See* Dkt. No. 123 at 42-44.)
3    • Her failure to pursue any meaningful discovery prior to the expiration
4    of the fact discovery deadline.  (*See* Dkt. No. 127 at 11-13.)
5    • Her failure not only to take the deposition of a Taco Bell
6    representative, but her continuing failure to take any depositions at all,
7    even of third parties.  (*See* Dkt. No. 127 at 11-13.)

8    It is no wonder that Plaintiff wants to change the subject—she has nothing to

9    say.  *See also Delta/AirTran*, 770 F. Supp. 2d at 1309 (noting that "[t]he problem

10   with Plaintiffs' argument is that it rests upon speculation that important documents

11   concerning the above matters existed but were destroyed, and refusing to

12   "substitute Plaintiffs' speculation for actual proof that critical evidence was in fact

13   lost or destroyed"); *Point Blank Solutions v. Toyobo Am., Inc.*, No. 09-61166-CIV,

14   2011 WL 1456029, at *21 (S.D. Fla. Apr. 5, 2011) (holding that Court cannot

15   simply assume that because complaining party is in possession of certain e-mails

16   that other e-mails "must have existed and were not produced").  Taken together,

17   these points again confirm the futility of her sanctions motion.

18   **II.    PLAINTIFF FAILS TO DEMONSTRATE CLEAR ERROR IN THE**
19   **MAGISTRATE'S RULING BELOW**

20   Without citing to a single case, Plaintiff asks this Court to overturn

21   Magistrate Judge Nakazato's finding that the fact discovery deadline is closed.  The

22   Federal Rules of Civil Procedure demonstrate, however, that Magistrate Judge

23   Nakazato was correct.  This conclusion is based on three separate, but related,

24   points.

25   First, Plaintiff's failure to move for an extension of the fact discovery

26   deadline is dispositive.  The Federal Rules require that upon discovery of a need to

27   extend the discovery deadline, the party seeking discovery must move to amend the

28   scheduling order in a timely fashion.  *See Boparai v. Shinseki*, No. 1:09-cv-01164

AWI JLT, 2010 WL 4738125, at *2 (E.D. Cal. Nov. 16, 2010) (denying extension where party seeking it failed to "demonstrate that she [] conducted discovery with diligence" and failed "to amend the scheduling order in a timely fashion"); *Wartluft v. Feather River Cmty. Coll.*, No. CIV. S-07-2023 FCD/GGH, 2010 WL 682305, at *2 (E.D. Cal. Feb. 24, 2010) (citing *Eckert Cold Storage v. Behl*, 943 F. Supp. 1230, 1232 n.3 (E.D. Cal. 1996)); *Cruz v. Tilton*, No. 1:06-CV-00883-DLB PC, 2011 WL 3687620, at *1 (E.D. Cal. Aug. 23, 2011) (denying request for discovery extension where party failed to show good cause or excusable neglect).  In her motion, Plaintiff admits that she knew the Court's order gave her twenty days to perform the limited discovery, and she did nothing.  Even now, she has not filed a motion to extend the deadline. Plaintiff's actions do not support any change in the fact discovery deadline.

Second, Plaintiff cannot demonstrate diligence in pursuing discovery.  After this Court's order, Plaintiff entered into lengthy and harassing discovery conferences with Taco Bell.  She has done nothing else for the past four months. *See Harris v. Computer Assocs., Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery."  Taco Bell, for its part, has repeatedly offered depositions to Plaintiff, and she has refused to take them.  (*See* Dkt. Nos. 127, 136.)  Taco Bell even offered to allow Plaintiff to take depositions past the June 8, 2011, but without avail.  (*See* Dkt No. 127-1, Exs. I , J.)  Plaintiff's failure to timely pursue its litigation is her own fault.  *See Stevens v. Huhtamaki*, No. 2:09-cv-01502 JAM KJN PS, 2010 WL 3238936, at *2 (E.D. Cal. Aug. 12, 2010) (denying extension where party's "predicament [was] largely one of his own making").  She has done little, and to this day, proposes no plan for the timely resolution of this lawsuit, even if this Court happened to agree with her position.

This Court should not—months after the discovery deadline—excuse her failures to diligently pursue discovery and manage her litigation appropriately.[7]

Plaintiff's sole argument—that this Court vacated the fact discovery deadline—is incorrect. There is no such thing as an implied scheduling order and Plaintiff has not cited a single case otherwise. The Court ordered very limited discovery. Rather than embark on that discovery, Plaintiff engaged in a series of lengthy discovery conferences. In the course of those conferences, Taco Bell offered numerous times to allow Plaintiff to take depositions, given that documents that may once have existed were no longer in Taco Bell's possession. Plaintiff refused, and instead embarked on the fruitless course that culminated in this meritless motion.

In any event, to the extent that she needed additional time to carry out her course of action—and there is no limit to the amount of time Plaintiff would prefer to delay in confronting the merits of her case—she should have moved for relief, proposing a new discovery plan. She did not do so. There is no place in the federal rules, much less common-sense judicial efficiency, for allowing one party to unilaterally adopt open-ended rules of engagement.

Third, even if Plaintiff had moved for relief from the closing of the fact discovery deadline, she has offered no coherent plan for taking additional discovery. The premise of her sanctions motion—baseless as it is—is that any documents Taco Bell may once have had, it no longer has. As a result, she seeks an adverse inference. Though no evidence supports it, that is the relief she seeks, and

---

[7]  *See also Campos v. Steen*, No. 2:08-cv-00748-LRH-PAL, 2010 WL 114470, at *5-6 (D. Nev. Jan. 7, 2010) (denying extension of discovery deadline for failure to demonstrate good cause). Prior to seeking an extension of the discovery deadline, a party must demonstrate that it "discharged [its] obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997)).

1  she is stuck with that strategic choice.  Meanwhile, Plaintiff clearly has no interest

2  in taking depositions of Taco Bell or anyone else, and no plan for this litigation

3  other than endless delay and harassment.  This Court should put a stop to it.

4  **CONCLUSION**

5  Taco Bell has been waiting for the entire two-year duration of this litigation

6  for Plaintiff to confront "the law and facts" of her meritless case.  After reading

7  Plaintiff's frivolous motion, Taco Bell is still waiting.  For the foregoing reasons,

8  her motion should be denied.

9

10  Dated:  September 26, 2011                    ARENT FOX LLP

11

12                                        By:   */s/ Steven E. Bledsoe*

13                                             Steven E. Bledsoe
                                             Attorneys for Defendant
14                                           TACO BELL CORP.

15

16

17

18

19

20

21

22

23

24

25

26

27

28