David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Michael J. McMorrow (admitted *Pro Hac Vice*)
mjmcmorrow@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.: SACV09-1097 DOCx (AN)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND FOR REVIEW OF THE MAGISTRATE JUDGE'S SEPTEMBER 7, 2011 ORDER**<br><br>Judge: Hon. CORMAC J. CARNEY<br><br>Date:  October 17, 2011<br>Time:  1:30 p.m. |

Plaintiff Tracie Thomas has put forth evidence that establishes Defendant Taco Bell knew or *should have known* that the documents it destroyed might be relevant to future litigation. These documents, identified by Plaintiff in the Joint Stipulation filed concurrently with her Motion for Sanctions, consist of emails discussing the 2005 text message marketing campaign and blank approval forms for aspects of the marketing campaign that were sent to Taco Bell for completion. (*See* Dkt. 123, p. 17.)

Based on the information currently available to Plaintiff, these documents were destroyed in direct contravention of Taco Bell's official Document Retention Policy, which was produced in this litigation. To explain this, Taco Bell points to another, unwritten, informal policy described only by Taco Bell's outside counsel that called for automatic deletion of emails, and the recycling of employee's computers when they left Taco Bell, without any regard for records that should be preserved per the official Document Retention Policy.

The sanctions that Plaintiff seeks in this case are not novel, nor are they case-dispositive. Based on the totality of the circumstances surrounding Taco Bell's nonproduction and destruction of documents, it would be appropriate for the Court to grant some level of evidential sanctions. Plaintiff has been prejudiced by the inability to cite to documents produced by Taco Bell that would establish its potential liability for the 2005 text message marketing campaign under the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq*. Taco Bell should be held accountable for its complete failure to produce *any* responsive documents per the Court's May 19, 2011 Order.

Plaintiff has also demonstrated that the Magistrate's ruling that the discovery deadline had passed in this case was error. This ruling implies that the parties had only 20 days to conduct discovery between this Court's May 19, 2011 Order and the June 8, 2011 discovery deadline, and nullifies this Court's May 19 Order. Taco Bell

argues that discovery should close because Plaintiff has not been diligent in seeking
discovery in this case, but the facts of this case quite plainly show that Plaintiff has
been diligent in seeking discovery.  It is only Defendant's own refusal to participate
in the discovery process in good faith that has dragged out these proceedings.  The
Court should make explicit what seemed clear in its May 19, 2011 Order, and allow
discovery to move forward after it considers Plaintiff's Motion for Sanctions.

## ARGUMENT

### I.     THE COURT SHOULD SANCTION TACO BELL FOR ITS FAILURE TO PRESERVE EVIDENCE RELEVANT TO THIS CASE

#### A.     The Standard for Determining a Duty to Preserve Is Fact-Specific, and Arises when a Party "Should Have Known" that Documents Were Potentially Relevant to Future Litigation

Determining whether a duty to preserve has arisen, much like the
determination of spoliation generally, is a fact-intensive inquiry.  *Azevedo v. City of
Fresno*, 09-cv-375, 2010 WL 2353526, at *23 (E.D. Cal. June 9, 2010) (*citing
Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 369
(9th Cir. 1992)); *see also Micron Tech. v. Rambus, Inc.*, -- F.3d ---, 2011 WL
1815975, at *6 (Fed. Cir. May 13, 2011) (when litigation is reasonably foreseeable
is a flexible fact-specific standard . . . ."); *Moran v. Manos*, 04-cv-6896, 2009 WL
1059637, at *10 (S.D.N.Y. Apr. 15, 2009) ("A review of cases dealing with the
issue of when a duty to preserve evidence arises demonstrates that this is a fact-
intensive inquiry . . . .").

Taco Bell urges this Court to take a narrow view of when a duty to preserve
arises, and even suggests that it must have been aware that Plaintiff Thomas herself

1   intended to sue.  (Def. Br. at 4-5; *see* Dkt. 123, p. 41-42.)  This is not the law.[1]  A

2   duty to preserve arises "when a party *should have known* that evidence may be

3   relevant to future litigation.")  *Moran*, 2009 WL 1059637, at *10 (emphasis in

4   original).[2]

5       Taco Bell cites to *United States v. Kitsap Physicians Services* for the

6   proposition that a duty only attaches to specific litigation with a specific party.  314

7   F.3d 995, 1001 (9th Cir. 2002).  (Def. Br. at 4; *see* Dkt. 123, p. 41-42.)[3]  This is not

8   the standard. The standard, as recited in numerous cases, is "anticipated or future

9   litigation," not "specific litigation with a specific party."  *See Realnetworks, Inc. v*

10  *DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523-24 (N.D. Cal. 2009) (a duty

11  arises when "a party should have known that evidence may be relevant to *future*

12

13

14      [1]   Taco Bell advances an additional argument that is not relevant to the current
inquiry.  It argues that  Plaintiff was require to inform Taco Bell of possible

15  litigation. (Def. Br. at 4-5; Dkt. 123, p. 35.)  As discussed above, a pre-litigation
letter is not at all required to find a duty to preserve attaches.  It may be sufficient to

16  trigger a duty, but it is not at all necessary.

17      [2] Taco bell selectively cites to *Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*,
in its portion of the joint stipulation for the proposition that  "the duty to preserve

18  arises most commonly when suit has already been filed",[2] but fails to note that in the

19  very same sentence the court says "but also on occasion in other circumstances, as
for example when a party should have known that the evidence may be relevant to

20  future litigation."  08-cv-5463, 2011 WL 1792047, at *8 (S.D.N.Y. May 11, 2011);
*see also Creative Res. Group of New Jersey, Inc. v. Creative Res. Group, Inc.*, 212

21  F.R.D. 94, 105 (E.D.N.Y. 2002) (the standard "is an either/or one . . . the obligation

22  to preserve evidence arises when the party has notice that the evidence is relevant to

23  litigation or when a party should have known that the evidence may be relevant to
future litigation.")

24      [3]   *Kitsap's* holding was that "Where an organization receives a clean bill of

25  health as a result of [] an investigation, and keeps the relevant records for the time

26  period mandated by law, without additional evidence of wrongdoing that should
have put management on notice that the investigation was inadequate, there is

27  nothing to warrant a finding of spoliation."  314 F.3d at 1001-02.

28

1  *litigation*") (emphasis added); *The Pension Comm. of the Univ. of Montreal Pension*

2  *Plan v. Banc of Am. Securities, LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010) ("the

3  duty to preserve evidence arises when a party reasonably anticipates litigation").  Taco

4  Bell could not have anticipated *which* of the roughly 28,000 recipients of a text

5  message stemming from the failed 2005 text message marketing campaign would sue,

6  but it should have known that litigation arising from the campaign was probable.

7       **B.    A Review of All the Circumstances Surrounding the 2005 Text**

8                  **Message Marketing Campaign Establishes Taco Bell Was Under a Duty to Preserve**

9

10       Plaintiff has established that Taco Bell knew or should have known that

11  documents it destroyed that were related to the 2005 text message marketing

12  campaign might be relevant to future litigation.  This is especially true given 1) that

13  the campaign was a "flop"; 2) the legal developments and trends regarding TCPA

14  text message lawsuits, 3) The involvement of ipsh!net, Inc. in a text message lawsuit

15  shortly after the instant campaign and, 4) Taco Bell's own importance it puts on

16  advertising and marketing documents.

17       As discussed above, courts should weigh all of the facts when determining

18  when a duty to preserve documents attaches.  Courts have used this "totality of the

19  factors" test to determine that a duty exists.  *See Philip A. Adams & Associates, LLC*

20  *v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1191 (D. Utah 2009).  Courts have likewise

21  considered industry trends relevant in the duty analysis.  *See id.*; *see also Livingston*

22  *v. Isuzu Motors, Ltd.*, 910 F. Supp. 2d 1473, 1494 (D. Mont. 1995) ("Given Isuzu's

23  knowledge of the Jeep CJ rollover problem in the U.S., as well as other information

24  known industry wide involving the rollover factor in narrow track utility vehicles,

25  Isuzu had notice of potential relevant to this and other litigation involving their

26  product.").  In this case, not only has Plaintiff presented evidence regarding the

27  "industry knowledge" regarding text message advertising, but specific reasons that

28

Taco Bell should be on notice of potential litigation, including its relationship with ipsh!net and the failure of the text message marketing campaign.

## II.    THE COURT SHOULD OVERTURN THE MAGISTRATE'S ORDER AND ALLOW DISCOVERY TO CONTINUE

The Court should overturn the Magistrate Judge's ruling that discovery in this case is closed, for the reasons stated in Plaintiff's Motion.  This Court's May 19, 2011 Order effectively discarded the discovery schedule set by Judge Carter prior to the reassignment of the case to this Court.  In that May 19 Order, the Court granted the Motion to Compel discovery "regarding whether Taco Bell approved or authorized the text messaging component of the 2005 advertising campaign," and denied the Motion as to class discovery, stating "[c]lass discovery is premature at this stage of the litigation."  (Dkt. 120, at 1-2).  The Court further urged the parties "to attempt to cooperatively and efficiently proceed with reasonable discovery." (*Id.*)

This Order effectively, if not expressly, vacated the earlier discovery schedule set by Judge Carter, and urged the parties to cooperate in reasonable discovery. Taco Bell instead urges the Court to find that its order gave Plaintiff only 20 days to conduct the discovery that was ordered by the Court on May 19 (See Def. Br. at 11), and argues that Plaintiff should have filed yet another motion in order to extend the discovery deadline, despite the Court's Order granting the requested discovery and the Court's request that the parties attempt to proceed cooperatively and efficiently. Taco Bell's argument stands the Court's Order and request on their heads.

The cases cited by Taco Bell in support of its argument miss the point.  Those cases deal with parties failing to diligently conduct discovery,[4] whereas Plaintiff

---

[4] *See, e.g., Boparai v. Shinseki*, 1:09-CV-01164 AWI, 2010 WL 4738125 (E.D. Cal. Nov. 16, 2010) *reconsideration denied*, 1:09-CV-01164AWIJLT, 2010 WL (footnote continued)

here has continually and diligently pursued discovery.  Those efforts have been thwarted by Taco Bell at every step, and to date, Taco Bell has not produced a single document relevant to this case.  (*See* Plaintiff's portion of the Joint Stipulation filed by Taco Bell in support of its Motion for a Protective Order (Dkt. 127), which was denied by the Magistrate Judge on September 19, 2011 (Dkt. 141).  Taco Bell's assertion that it "even offered to allow Plaintiff to take depositions" (Def. Br. at 11) is entirely disingenuous.  Taco Bell has repeatedly insisted that Plaintiff take these depositions before it produced any documents, and Plaintiff has consistently stated that she would not take those depositions without documents from Taco Bell.

Taco Bell claims that Plaintiff has been less than diligent in seeking discovery based on "lengthy and harassing discovery conferences."  (Def. Br. at 11.)  The reason for these "lengthy and harassing" conferences was Plaintiff's attempt to avoid further motion practice by piercing Taco Bell's bizarre refusal to provide any discovery in this case.

Taco Bell has failed to produce documents it was known to possess, and claimed that those documents were destroyed pursuant to an informal 90-day document retention policy that contravenes its own formal document retention policy.  This informal policy is not supported by any statement from any employee of Taco Bell, only from its outside counsel.

In short, Taco Bell's actions have thwarted, and continue to thwart the discovery process.  Litigants "who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents."  *Puckett v. Dyer*, 2008 WL 427474, at *2 (E.D. Cal. 2008) (quoting *G-*

_____

5200907 (E.D. Cal. Dec. 15, 2010) (Plaintiff failed to conduct discovery); *Wartluft v. Feather River Cmty. Coll.*, CIVS-07-2023 FCD/GGH, 2010 WL 682305 (E.D. Cal. Feb. 24, 2010) (Plaintiff served no discovery for two years).

1    *K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647

2    (9th Cir. 1978)).  This Court should not allow Taco Bell to benefit from its own

3    refusal to participate in discovery.  It should rule that its May 19, 2011 Order

4    granting in part Plaintiff's Motion to Compel vacated the earlier discovery schedule,

5    and it should allow Plaintiff to continue discovery in this matter.

6

7

8    Dated:  October 3, 2011                     Respectfully Submitted,

9                                                TRACIE THOMAS, individually and on
                                                 behalf of a class of similarly situated
10                                               individuals,

11
                                                  /s/  Michael J. McMorrow
12                                               One of Plaintiff's Attorneys

13   David C. Parisi (SBN 162248)

14   dcparisi@parisihavens.com
     Suzanne Havens Beckman (SBN 188814)
15   shavens@parisihavens.com

16   PARISI & HAVENS LLP
     15233 Valleyheart Drive
17   Sherman Oaks, California   91403

18   (818) 990-1299 (phone)
     (818) 501-7852 (facsimile)
19

20   Michael J. McMorrow (admitted *Pro Hac Vice*)

21   mjmcmorrow@edelson.com
     EDELSON MCGUIRE LLC
22   350 N. LaSalle Street, Suite 1300
     Chicago, Illinois 60654
23   (312) 589-6370 (phone)

24   (312) 589-6378 (facsimile)

25
     *Counsel for Plaintiff*
26

27

28

P'S REPLY IN SUPPORT OF MTN.                 7
FOR REVIEW AND SANCTIONS                                  NO. SACV09-1097 DOC (AN)

1

## **CERTIFICATE OF SERVICE**

2       I, Michael J. McMorrow, an attorney, certify that on October 3, 2011, I served

3   the above and foregoing ***Plaintiff's Reply in Support of Motion for Sanctions and***

4   ***for Review of the Magistrate Judge's September 7, 2011 Order*** by causing true and

5   accurate copies of such paper to be filed and transmitted to the persons registered to

6   receive such notice via the Court's CM/ECF electronic filing system.

7

8                              /s/  Michael J. McMorrow

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28