1   Stephen G. Larson (SBN 145225)
    larson.stephen@arentfox.com
2   Robert C. O'Brien (SBN 154372)
    obrien.robert@arentfox.com
3   Steven E. Bledsoe (SBN 157811)
    bledsoe.steven@arentfox.com
4   **ARENT FOX LLP**
    555 West Fifth Street, 48th Floor
5   Los Angeles, CA  90013-1065
    Telephone:  213.629.7400
6   Facsimile:   213.629.7401

7   Attorneys for Defendant
    TACO BELL CORP.
8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12   TRACIE THOMAS, individually        Case No.  SACV09-1097 CJC (ANx)
     and on behalf of class of similarly
13   situated individuals,              *Assigned to The Hon.Cormac J. Carney*

14                   Plaintiff,         **DEFENDANT TACO BELL CORP.'S
                                        OPPOSITION TO PLAINTIFF'S
15              v.                      MOTION FOR REVIEW OF
                                        MAGISTRATE JUDGE
16   TACO BELL CORP., a California      NAKAZATO'S JANUARY 11, 2012
     corporation,                       ORDER**
17
                     Defendants.
18

19                                      Date:         February 27, 2012
                                        Time:         1:30 p.m.
20                                      Courtroom:    9B

21
                                        Complaint Filed:  September 15, 2009
22                                      Trial Date:       TBA

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     MAGISTRATE JUDGE NAKAZATO'S RULING WAS NOT
       CONTRARY TO LAW.................................................................................4

II.    MAGISTRATE JUDGE NAKAZATO'S FACTUAL FINDINGS
       WERE CORRECT AND THEREFORE NOT CLEARLY
       ERRONEOUS .........................................................................................6

       A.     Plaintiff's *Ex Parte* Motion Did Not Comply With This Court's
              Rules............................................................................................7

       B.     Plaintiff Has Not Litigated Diligently And Thus Was Not
              Entitled To Emergency Relief ..............................................................8

       C.     Plaintiff Has Allowed The Fact Discovery Deadline To Expire ........12

III.   PLAINTIFF HAS WAIVED ALL RELIEF SHE REQUESTED IN
       HER *EX PARTE* APPLICATION.......................................................15

IV.    NEITHER PLAINTIFF'S *EX PARTE* APPLICATION, NOR THIS
       APPEAL, WERE SUBSTANTIALLY JUSTIFIED PURSUANT TO
       FEDERAL RULE OF CIVIL PROCEDURE 37..........................................17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

*Baker v. Cnty. of Sonoma*,
  No. 08-03433 EDL, 2010 WL 99088 (N.D. Cal. Jan. 6, 2010) .......................... 7

*Benton v. Allstate Ins. Co.*,
  No. CV-00-00499, 2001 WL 210685 (C.D. Cal. Feb. 26, 2001)...................... 11

*Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*,
  626 F.3d 483 (9th Cir. 2010) ............................................................... 15

*Columbia Pictures, Inc. v. Bunnell*,
  245 F.R.D. 443 (C.D. Cal. 2007) ................................................... 3, 4

*Cook v. City of Pomona*,
  884 F. Supp. 1457 (C.D. Cal. 1995)...................................................... 9

*Ctr. for Biological Diversity v. Fed. Highway Admin.*,
  290 F. Supp. 2d 1175 (S.D. Cal. 2003) ................................................ 3

*Doe v. Los Angeles West Travelodge*,
  No. CV 08-8279-CBM(CTx), 2009 WL 5470092 (C.D. Cal. May 6, 2009)... 6, 7

*Eckert Cold Storage, Inc. v. Behl*,
  943 F. Supp. 1230 (E.D. Cal. 1996) ................................................... 13

*G.C. and K.B. Invs., Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003)......................................................... 5, 7

*Geophysical Sys. Corp. v. Raytheon Co., Inc.*,
  117 F.R.D. 646 (C.D. Cal. 1987) ....................................................... 3

*Gestetner Corp. v. Case Equip. Co.*,
  108 F.R.D. 138 (D. Me. 1985) ......................................................... 12

*Gordon v. Barnett, Co.*
  C03-5524KLS, 2007 WL 4358314 (W. D. Wash. Dec. 7, 2007) ...................... 9

*Greenwood v. FAA*,
  28 F.3d 971 (9th Cir. 1994)............................................................. 15

*Grimes v. City and Cnty. of San Francisco*,
  951 F.2d 236 (9th Cir. 1991)............................................................. 3

*Hardy v. Cnty. of El Dorado*,
  No. 2:07-CV-0799 JAM EFB, 2008 WL 3876329 (E.D. Cal. Aug. 20, 2008)........................................................................................... 13

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

SACV09-1097 CJC (ANx)                    - ii -

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REVIEW

*In re Intermagnetics Am., Inc.*,
  101 B.R. 191 (C.D. Cal. 1989) ................................................................... *passim*

*Indep. Towers of Wash. v. Washington*,
  350 F.3d 925 (9th Cir. 2003) ................................................................. 15

*Johnson v Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ....................................................... 11, 13, 15

*Jones v. Sweeney*,
  No. 1:04-CV-6214 AWI DLB, 2008 WL 3892111 (E.D. Cal. Aug. 21, 2008) ................................................................................................ 15, 17

*Kronisch v. United States*,
  150 F.3d 112 (2d Cir. 1998) ..................................................................... 5

*Lewis v. Ryan*,
  261 F.R.D. 513 (S.D. Cal. 2009) ............................................................. 5

*Lovell v. United Airlines, Inc.*,
  728 F. Supp. 2d 1096 (D. Haw. 2010) ................................................... 4

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) ............................................... 4, 6, 9, 14

*Mondares v. Kaiser Found. Hosp.*,
  No. 10-CV-2676-BTM (WVG), 2011 WL 5374613 (S.D. Cal. Nov. 7, 2011) ................................................................................................... 9

*Officers for Justice v. Civil Serv. Com'n*,
  979 F.2d 721 (9th Cir. 1992) ................................................................. 15

*Perry v. Schwarzenegger*,
  268 F.R.D. 344 (N.D. Cal. 2010) ........................................................... 3

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  Civ. No. 08cv335 IEG (NLS), 2009 WL 1423577 (S.D. Cal. May 20, 2009) ................................................................................................... 7

*Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*,
  215 F.R.D. 100 (S.D.N.Y. 2003) ........................................................... 12

*Scientific Weight Loss, LLC v. U.S. Med. Care Holdings, LLC*,
  No. CV 08-2852 PSG (FFMx), 2008 WL 4691028 (C.D. Cal. Oct. 22, 2008) ................................................................................................... 5

*Thein v. Feather River Cmty. Coll.*,
  No. CIV. S-06-1777 FCD/GGH, 2010 WL 682324 (E.D. Cal. Feb. 24, 2010) ................................................................................................... 12

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REVIEW

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990) .................................................................. 5

*Turner Const. Co. v. First Indem. of Am. Ins. Co.*,
    829 F. Supp. 752 (E. D. Pa. 1993) ........................................................... 8

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*,
    768 F.2d 1099 (9th Cir. 1985) ............................................................... 12

*United States v. Abonce-Barrera*,
    257 F.3d 959 (9th Cir. 2001) .................................................................. 3

*Van Scoy v. New Albertson's Inc.*,
    No. 2:08-cv-02237-MCE-KJM, 2011 WL 1079914 (E. D. Cal. Mar. 21,
    2011) ...................................................................................................... 13

*Villa v. Brass Eagle, LLC*,
    No. CV-06-0870-PHX-FJM, 2007 WL 446349 (D. Ariz. Feb. 7, 2007) .......... 12

*Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors,
LLC*, Civ. No. 10cv0677 JLS(ALB), 2011 WL 455896
    (S.D. Cal. Feb. 1, 2011) ............................................................... 6, 7, 11

*Wolpin v. Philip Morris Inc.*,
    189 F.R.D. 418 (C.D. Cal. 1999) ............................................................ 3

*Zivkovic v. So. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................... 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37................................................................................................ 2

Fed. R. Civ. P. 37(5)(B)................................................................................... 18

Fed. R. Civ. P. 72(a) ......................................................................................... 3

L.R. 7 .................................................................................................................... 7

L.R. 7-19 .............................................................................................................. 7

L.R. 37 ............................................................................................................. 6, 7

L.R. 37-1 .......................................................................................................... 6, 7

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REVIEW

1

## **INTRODUCTION**

2      Plaintiff's appeal of Magistrate Judge Nakazato's January 12, 2012 discovery

3  order is meritless.  Her *ex parte* discovery application was defective both

4  procedurally and substantively, and Magistrate Judge Nakazato correctly denied it

5  on both grounds.  This appeal is similarly flawed for four reasons.

6      First, Magistrate Judge Nakazato held that Plaintiff's *ex parte* application

7  was procedurally defective.  On December 22, 2011, at the deposition of third-party

8  witness Neal Borkan, Plaintiff's counsel declared that the next day (the last

9  business day before the Christmas holiday weekend), Plaintiff would file an *ex*

10 *parte* discovery motion.  The motion was not based on events occurring during Mr.

11 Borkan's deposition, but instead on the depositions of Taco Bell's 30(b)(6)

12 witnesses, Lisa Halloran and Jennifer Arnoldt—both of which had taken place two

13 weeks earlier.  Taco Bell offered to meet and confer with Plaintiff pursuant to this

14 Court's rules, but she refused, and applied for emergency relief instead.

15     After allowing Taco Bell to respond, Magistrate Judge Nakazato concluded

16 that Plaintiff was not entitled to *ex parte* relief because she failed to "embark upon a

17 diligent discovery program after the Court issued its initial Scheduling Order" on

18 July 29, 2010.  (Dkt. No. 158, p. 1.)  He also held that Plaintiff's "[p]oor planning

19 does not merit emergency *ex parte* relief."  (*Id.*)  In short, Plaintiff failed to

20 demonstrate her entitlement to emergency relief given her litigation conduct.  *See In*

21 *re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) ("Ex parte

22 applications are not intended to save the day for parties who have failed to present

23 requests when they should have. . . . .") (Rymer, J.).  That ruling had ample support

24 in the record, and certainly was not clearly erroneous.

25     Second, Magistrate Judge Nakazato was also correct in denying Plaintiff's *ex*

26 *parte* application on substantive grounds.  Plaintiff asked Magistrate Judge

27 Nakazato to grant a panoply of sanctions against Taco Bell, including an adverse

28 inference that "Taco Bell gave its approval for the 2005 text message marketing

1  campaign and had the requisite control over the campaign to expose it to liability

2  under the TCPA." (*See* Dkt. No. 154, p. 13:13-15.)  Plaintiff also sought other

3  unwarranted sanctions since dropped from this appeal. (*Id.*)  Magistrate Judge

4  Nakazato concluded that Plaintiff failed to justify her second request for adverse

5  inference sanctions, holding:

6  > Plaintiff's Application still fails to show Defendant had a

7  > duty to preserve any documents or has withheld any other

8  > pertinent information.  Indeed, as the Court found in its

9  > 10/06/11 Order, the only party who appears to have

10  > destroyed relevant evidence is Plaintiff ....

11  (*See* Dkt. No. 158.)

12      Not only was Magistrate Judge Nakazato's conclusion consistent with the

13  law and facts of this case, but Plaintiff has since admitted in the instant motion that

14  she had no evidence of unwarranted document spoliation upon filing the

15  application. (*See* Dkt. No. 160-1, p. 2.)  It is no surprise, then, that Magistrate

16  Judge Nakazato concluded that her application was "nothing more than a belated

17  attempt" to relitigate her meritless sanctions motion, and denied it again. (*See* Dkt.

18  No. 158.)

19      Third, Plaintiff has improperly moved for different relief here than she

20  requested from Magistrate Judge Nakazato.  Rather than straightforwardly

21  addressing the defects of her *ex parte* application, Plaintiff disinherits it,

22  substituting a bowdlerized version in its stead.  In doing so, she waives her

23  arguments below, while improperly raising new issues and arguments here.

24  Whatever her position, her effort to reinvent her *ex parte* application is too little and

25  too late.

26      Fourth, and finally, neither her *ex parte* application, nor the instant motion,

27  meets the "substantial justification" standard of Federal Rule of Civil Procedure 37,

28  given the procedural and substantive errors inherent in both.

1    Magistrate Judge Nakazato's decision was fully supported in both fact and

2    law.  Rather than diligently pursue discovery, she delayed.  Rather than litigate her

3    case's merits, she detoured.  And rather than follow this Court's rules, she filed an

4    *ex parte* application suffused with the very "gamesmanship" dissuaded in this

5    district for decades.  For the reasons described, Plaintiff was not entitled to

6    emergency relief, and her appeal of Magistrate Judge Nakazato's order should be

7    denied.

8                                    **<u>STANDARD OF REVIEW</u>**

9         A magistrate judge's discovery order may only be modified by the district

10   court if it is "clearly erroneous or contrary to law."  *Perry v. Schwarzenegger*, 268

11   F.R.D. 344, 348 (N.D. Cal. 2010) (citing Fed. R. Civ. P. 72(a)); *Columbia Pictures,*

12   *Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007); *see also Ctr. for Biological*

13   *Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal.

14   2003) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th

15   Cir. 1997)).  To that end, a district court may not simply substitute his or her

16   judgment for that of the magistrate judge.  *See Grimes v. City and Cnty. of San*

17   *Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  Instead, a magistrate judge's

18   decision in nondispositive matters is "entitled to great deference."  *See United*

19   *States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001); *see also Columbia*

20   *Pictures*, 245 F.R.D. at 446 ("When reviewing discovery disputes . . . 'the

21   Magistrate is afforded broad discretion, which will be overruled only if abused.'")

22   (quoting *Wright v. FBI*, 385 F. Supp. 2d 1038, 1041 (C.D. Cal. 2005)); *Geophysical*

23   *Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987) (holding

24   that the standard of review in the discovery context is the "clearly implicit standard

25   of abuse of discretion") (Tashima, J.).  Unless there is an error of law, a magistrate

26   judge abuses his discretion where "the record contains no evidence on which he

27   rationally could have based that decision."  *Wolpin v. Philip Morris Inc.*, 189

28

1    F.R.D. 418, 422 (C.D. Cal. 1999) (citing *Premium Serv. Corp. v. Sperry &*

2    *Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

3                      <u>ARGUMENT</u>

4   **I.**    <u>MAGISTRATE JUDGE NAKAZATO'S RULING WAS NOT</u>

5       <u>CONTRARY TO LAW</u>

6       Magistrate Judge Nakazato's order was not contrary to law.  A decision is

7   contrary to law only if "it applies an incorrect legal standard or fails to consider an

8   element of the applicable standard."  *See Lovell v. United Airlines, Inc.*, 728 F.

9   Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Na Pali Haweo Cmty. Ass'n v.*

10   *Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).  Neither is true here.

11       Plaintiff's motion was made on an *ex parte* basis, and thus it was her burden

12   to demonstrate that "extraordinary relief [was] either justified or warranted under

13   the circumstances."  (*See* Dkt. No. 158, p. 1 (citing *Intermagnetics*, 101 B.R. at

14   193-94 and *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93

15   (C.D. Cal. 1995)).)  To meet her burden, Plaintiff was first required to demonstrate

16   that she would be "irreparably prejudiced if the underlying motion is heard

17   according to regular noticed motion procedures."  *Id.*  She then needed to establish

18   that she was without fault in creating the claimed crisis.  *Id.*  Nothing in Magistrate

19   Judge Nakazato's order suggests that he misapprehended this standard.

20       Because Plaintiff was required to demonstrate her own efficiency in

21   discovery, Magistrate Judge Nakazato correctly considered Plaintiff's own

22   litigation conduct when he denied her application.  As a matter of law, it is true that

23   "[p]oor planning does not merit emergency *ex parte* relief." *See id.*  As such,

24   Magistrate Judge Nakazato's ruling was consistent with, and not contrary to, law.

25   *See id.*  His factual findings regarding Plaintiff's litigation conduct are therefore

26   entitled to deference.  *See Columbia Pictures*, 245 F.R.D. at 446.

27       Magistrate Judge Nakazato also correctly recognized Plaintiff's *ex parte*

28   attempt to relitigate her adverse-inference sanctions motion.  (*See* Dkt. No. 158.)

Contrary to Plaintiff's protests, Magistrate Judge Nakazato's conclusion arose from Plaintiff's own motion.  She plainly moved for adverse inference sanctions, and having already briefed the subject once, was undoubtedly aware that evidence of spoliation is a prerequisite for obtaining them.  Dkt. No. 160-1, p. 13; *Kronisch v. United States*, 150 F.3d 112, 127 (2d Cir. 1998); *Lewis v. Ryan*, 261 F.R.D. 513, 521-22 (S.D. Cal. 2009).   Nevertheless, Plaintiff now admits that "the Application does not claim that Taco Bell destroyed documents."  (*See* Dkt. No. 160-1, p. 3.)  If so, why did Plaintiff ask for an adverse inference order that she could not obtain?  Or for a deposition regarding Taco Bell's document preservation efforts since 2005—which could only be relevant to the very issue that the parties had already litigated?  Her successive motions based on "propositions of law clearly rejected" by this Court merely confirm her bad-faith intent to harass Taco Bell and burden this Court.  *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) (upholding district court's conclusion that moving party "failed to allege anything other than the same argument repeatedly rejected" by the Court); *see also Scientific Weight Loss, LLC v. U.S. Med. Care Holdings, LLC*, No. CV 08-2852 PSG (FFMx), 2008 WL 4691028, at *4 (C.D. Cal. Oct. 22, 2008) (ordering moving party to show cause why they should not be sanctioned for padding motions, in part, with "wholly irrelevant facts and arguments").

Plaintiff's improper conduct is magnified in light of her admission that her *ex parte* application was filed without evidence of unwarranted document destruction. Her improper motives could hardly be clearer.[1]  *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) ("A district court confronted

---

[1] Plaintiff's conduct here is reminiscent of her efforts to convince Magistrate Judge Nakazato, and later this Court, that Taco Bell had a pre-litigation obligation to preserve documents despite having destroyed all her documents prior to filing suit. (*See* Dkt. No. 148.)   Plaintiff's irreconcilable position has been curious all along, to say the least, but it now fits into the ongoing pattern of harassment and abuse that has been a hallmark of her litigation conduct.

1   with solid evidence of a pleading's frivolousness may in circumstances that warrant

2   it infer that it was filed for an improper purpose.").

3         Indeed, Plaintiff's conduct was a textbook example of *ex parte* abuse.

4   *Mission Power*, 883 F. Supp. at 490-92; *Intermagnetics*, 101 B.R. at 192 ("[E]x

5   parte proceedings pose a threat to the adversary system."); *see also* Magistrate

6   Judge Nakazato's Procedures, No. 4 ("The Ex Parte Application must be for a ***true***

7   emergency.") (emphasis in original).  She took no care to eliminate the necessity of

8   her application, nor made any effort to "eliminate as many of the [parties'] disputes

9   as possible."  *See* L.R. 37; Magistrate Judge Nakazato's Procedures, No. 2 ("Parties

10  are directed to review and follow the form and substance of the sample Local Rule

11  37-1.  Letter, Joint Stipulation, and Notice of Motion are available for download

12  below."); *Doe v. Los Angeles West Travelodge*, No. CV 08-8279-CBM(CTx), 2009

13  WL 5470092, at *1 (C.D. Cal. May 6, 2009) (noting that discovery conference

14  should include discussion of "not only the issues but the competing positions and

15  authority").  To the contrary, she larded her *ex parte* application with pretextual

16  disputes (since disowned here) and requests for unobtainable sanctions.  Plaintiff

17  did not bring her *ex parte* application in good faith, or for a proper purpose.

18  Magistrate Judge Nakazato's ruling was well-supported.  *See Weiland Sliding*

19  *Doors and Windows, Inc. v. Panda Windows and Doors, LLC*, Civ. No. 10cv0677

20  JLS(ALB), 2011 WL 455896, at *1-2 (S.D. Cal. Feb. 1, 2011) (denying emergency

21  relief for failure to follow Federal Rules, local civil rules, and chambers rules).

22  **II.   MAGISTRATE JUDGE NAKAZATO'S FACTUAL FINDINGS WERE**

23  **CORRECT AND THEREFORE NOT CLEARLY ERRONEOUS**

24        Not only was there abundant evidence from which Magistrate Judge

25  Nakazato "rationally" concluded that Plaintiff's *ex parte* application was

26  groundless, his factual findings were correct.  First, Plaintiff violated long-standing

27  rules of this judicial district regarding discovery motions and *ex parte* relief.  She

28  makes no effort here to defend her failure to follow this Court's rules.  Second, the

record supports Magistrate Judge Nakazato's conclusion that Plaintiff failed to diligently pursue this litigation. Her own dilatory actions bar emergency relief. Third, Magistrate Judge Nakazato's January 17, 2012, discovery deadline has expired. Each of these reasons individually warranted Magistrate Judge Nakazato's denial of Plaintiff's application.

## A.   Plaintiff's *Ex Parte* Motion Did Not Comply With This Court's Rules.

Plaintiff failed to comply with this Court's local rules for filing discovery motions under Local Rule 37, and for filing *ex parte* motions under Local Rule 7. She has not attempted to defend her conduct in this motion, and for good reason, avoids the topic altogether.

Prior to filing a discovery motion in this district, the moving party must contact the opposing party, in writing, and identify all issues, state its positions, provide authorities in support thereof, and specify the terms of the discovery order being sought. *See* L.R. 37-1. Plaintiff did none of these things. *See Baker v. Cnty. of Sonoma*, No. 08-03433 EDL, 2010 WL 99088, at *1 (N.D. Cal. Jan. 6, 2010) (denying motion to compel where moving party failed to meet and confer and motion suffered other procedural deficiencies); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, Civ. No. 08cv335 IEG (NLS), 2009 WL 1423577, at *4 (S.D. Cal. May 20, 2009) (denying discovery motion, in part, for failure to satisfy meet-and-confer requirements). Plaintiff did not meet and confer before December 22, 2011, and refused to do so afterward. (*See* Dkt. Nos. 157, 157-1.) Moreover, her actions on the day before the Christmas holiday demonstrated an effort to obtain unfair advantage, a further violation of this Court's rules.[2] There was no excuse for Plaintiff's disregard for this Court's rules.

---

[2] *See* L.R. 7-19 (requiring good-faith effort to give notice of *ex parte* motion); *G.C. and K.B. Invs.*, 326 F.3d at 1110; *see also Weiland Sliding Doors*, 2011 WL 455896, at *1-2; *Doe*, 2009 WL 5470092, at *1 (denying discovery sanctions motion for failure to meet and confer); *Turner Const. Co. v. First Indem. of Am.*

**B.    Plaintiff Has Not Litigated Diligently And Thus Was Not Entitled To Emergency Relief.**

Likewise, Magistrate Judge Nakazato correctly concluded that Plaintiff exhibited "poor planning" and improperly conducted this litigation.  (*See* Dkt. No. 158.)  His recounting of Plaintiff's troubles with her pleadings, and dilatory conduct in the discovery process, were entirely accurate.

First, Plaintiff asserts that she sufficiently pleaded her case from the day she filed it, and that "there is simply no argument" that her original complaint failed to state a claim.  (*See* Dkt. No. 160-1, pp. 11-12 (arguing that "Plaintiff's initial Complaint in this matter amply met the standards of a plausible pleading").)  Not so.  As Magistrate Judge Nakazato recognized, Judge Carter **granted** Taco Bell's motion to dismiss the Second Amended Complaint on the very basis that Plaintiff's allegations were "naked assertions," failing to meet the Supreme Court's *Iqbal* pleading standard.  (*See* Dkt. No. 43 (holding that Plaintiff's "naked assertions are insufficient, devoid of factual enhancement under the *Iqbal* standards" and granting motion to dismiss).)  Plaintiff only survived the pleading stage because Judge Carter allowed her to amend her complaint.

Plaintiff's pleading misadventures, however, did not end there.  After she filed the Third Amended Complaint, the Chicago Association attacked it on grounds of personal jurisdiction and the statute of limitations.  Judge Carter (twice) agreed that this Court could not exercise jurisdiction over the Chicago Association.  (*See* Dkt. Nos. 72, 97.)  Then, after Judge Carter dismissed the Chicago Association, Plaintiff filed her Fourth Amended Complaint.

After the pleadings finally closed (a year after she filed suit), Plaintiff demonstrated a similarly lax approach to discovery.  To obtain *ex parte* relief, she needed to demonstrate that she "used the **entire** discovery period efficiently and

---

*Ins. Co.*, 829 F. Supp. 752, 768 (E. D. Pa. 1993) (defining "improper purpose" as causing "harassment, undue delay, or needless increase in litigation expense").

could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power*, 883 F. Supp. at 493 (emphasis added). She did not do so. For the six months following this Court's May 19, 2011, order, Plaintiff did not take a single deposition or serve a single written discovery request. *See* Dkt. Nos. 126, 127, 127-1, 136, 146, 157, 157-1 (describing Plaintiff's litigation conduct); *Cook v. City of Pomona*, 884 F. Supp. 1457, 1459 (C.D. Cal. 1995) (denying motion to continue trial date where moving parties waited several months after early meeting of counsel to begin discovery, and where they failed to timely notify of the Court of their inability to complete discovery before the cutoff).[3] Instead, she launched a time-wasting crusade regarding Taco Bell's pre-litigation discovery preservation duties, culminating in her first failed request for an adverse inference sanction. (*See* Dkt. No. 148.) Plaintiff has never adequately explained why she refused to pursue ***any*** discovery during this time. (*See* Dkt. No. 157, pp. 9-11.) Nor has she adequately explained why she pursued her irrelevant inquiry into Taco Bell's pre-litigation preservation efforts, instead of conferring with Taco Bell about her written discovery. Plaintiff's document requests—which were propounded more than a year ago—were subject to numerous objections, including but not limited to their overbreadth and ambiguity. She never addressed these deficiencies in the time period after this Court's May 19, 2011, order.

Plaintiff did not take discovery between May 19, 2011, and October 27, 2011, the date of the parties' scheduling conference.[4] Nevertheless, when

---

[3] *See also Mondares v. Kaiser Found. Hosp.*, No. 10-CV-2676-BTM (WVG), 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) (denying motion to compel where Plaintiff failed to conduct discovery for five months and six days, and offered no reason for delay); *Gordon v. Barnett, Co.* C03-5524KLS, 2007 WL 4358314, at *2 (W. D. Wash. Dec. 7, 2007) (denying request to extend discovery deadline where moving party offered no explanation for failure to pursue discovery during a four-month period of time).

[4] Despite Taco Bell's position that the discovery deadline had closed on June 8, 2011, Taco Bell voluntarily invited Plaintiff to take depositions after that date. (See

1    Magistrate Judge Nakazato rescheduled the discovery deadline for January 17,

2    2012, Plaintiff still had 82 days to conduct discovery.  (*See* Dkt. No. 153.)

3    Moreover, Taco Bell provided her with dates on which its 30(b)(6) witnesses and

4    Ms. Viti were available for deposition even *before* the parties' scheduling

5    conference.  (Dkt. No. 157-1, Ex. D.)  Fully aware of the January 17, 2012,

6    discovery cutoff, Plaintiff waited to begin taking depositions, for reasons known

7    only to her.

8         Thus, when Plaintiff approached Magistrate Judge Nakazato for emergency

9    relief at the discovery period's close, Magistrate Judge Nakazato recognized that

10   Plaintiff could not demonstrate her own diligence.  More than two years had passed

11   since she filed her lawsuit.  After this Court issued its May 19, 2011, order, she had

12   eight additional months to conduct discovery.  After the parties' October 27, 2011,

13   scheduling conference with Judge Nakazato, she still had 82 days.  But she did not

14   commence depositions until December, squandering several more weeks for no

15   apparent purpose.

16        Even so, Plaintiff had nearly 40 days between the last Taco Bell 30(b)(6)

17   deposition of Lisa Halloran on December 8, 2011, and January 17, 2012.

18   Nevertheless, she idled for ***another*** two weeks before springing her *ex parte* threat

19   on Taco Bell's counsel a day before the Christmas holiday.  Indeed, Plaintiff's

20   counsel waited until late in the afternoon on December 22—with Taco Bell's

21   counsel either in Chicago, Illinois, or beginning to disperse for the holidays—to

22   declare Plaintiff's intent to file her *ex parte* motion.  Despite Taco Bell's offer to

23   meet and confer on discovery issues, Plaintiff filed her *ex parte* application without

24   attempting to resolve any issues informally, thereby ignoring this Court's rules.  *See*

25   *Weiland Sliding Doors*, 2011 WL 455896, at *2 ("Plaintiff's overall lack of

26   _____

     Bledsoe Decl., Ex. A.)  Taco Bell was forced to withdraw that invitation, however,
27   when it became apparent that Plaintiff was errantly fixated on Taco Bell's pre-
     litigation document preservation efforts, to the exclusion of all else.  (*See* Bledsoe
28   Decl., Ex. B.)

1  diligence in pursuing the disputed discovery fails to demonstrate good cause for
2  dispensing with the normal rules and requirements of this Court and weighs heavily
3  against any argument of urgency necessitating the filing of an ex parte application
4  without contacting the Court.").  By that time, of course, Plaintiff claimed that there
5  was not sufficient time to file a fully-noticed motion—which, even if true, was
6  entirely based on her own failure to diligently seek discovery and/or relief from this
7  Court.  *See Benton v. Allstate Ins. Co.*, No. CV-00-00499, 2001 WL 210685, at *10
8  (C.D. Cal. Feb. 26, 2001) (denying *ex parte* request for additional discovery where
9  the moving party failed to demonstrate, after fourteen months of litigation and "two
10  previous continuances [] encompassing 69 days," that it "could not have conducted
11  the pertinent discovery before the briefing of the instant motion").

12        If Plaintiff had wanted to follow up on Ms. Halloran's testimony in good
13  faith, she should have met and conferred with Taco Bell in an attempt to resolve the
14  dispute.  Taco Bell could then have assessed Plaintiff's request and responded as
15  appropriate.  Rather than resolve her purported disputes pursuant to this Court's
16  rules, however, Plaintiff determined to litigate another all-or-nothing sanctions
17  motion—this time on an "emergency" basis.  Unsurprisingly, she lost.

18        At the end of the day, Magistrate Judge Nakazato was not required to provide
19  a detailed analysis of each of Plaintiff's claims.  It was Plaintiff's burden to
20  demonstrate her compliance with the rules, her diligence in discovery, and her
21  entitlement to relief.  She did none of those things.  Therefore, Magistrate Judge
22  Nakazato chastised Plaintiff for her groundless second attempt to obtain adverse
23  inference sanctions, and otherwise ended his analysis.  *See Johnson v Mammoth
24  Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff's request that this
25  Court overlook the procedural and substantive failings in her *ex parte* application,
26  and grant her the substantive relief that Magistrate Judge Nakazato denied, is
27  improper and should be denied as well.

28

**C.   Plaintiff Has Allowed The Fact Discovery Deadline To Expire.**

Plaintiff has appealed Magistrate Judge Nakazato's order, but in the meantime, the discovery deadline has expired again.  (*See* Dkt. No. 153.)  A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104-05 (S.D.N.Y. 2003).  A party must obtain an extension of the deadline well before it expires.  *See* Judge Carney's Procedures, No. 6 ("Stipulations or applications **MUST** be submitted well in advance of the relief requested.  Counsel is not to assume the request is granted without notification from the Court.") (emphasis in original).  Even a pending motion does not excuse failure to comply with a discovery deadline, which is why Judge Rymer explained that, on occasion, emergency relief might be granted to extend such a deadline.  *See Intermagnetics*, 101 B.R. at 193-94 (explaining that *ex parte* application may be necessary "when a party seeks a routine order" to shorten the time within which a motion may be brought, but noting that the application should be addressed to the need for shortened time, "rather than to the substance of the motion itself").[5]

---

[5]   *See also Thein v. Feather River Cmty. Coll.*, No. CIV. S-06-1777 FCD/GGH, 2010 WL 682324, at *2 (E.D. Cal. Feb. 24, 2010) (denying relief because it should have been sought "prior to the close of discovery"); *Villa v. Brass Eagle, LLC*, No. CV-06-0870-PHX-FJM, 2007 WL 446349, at *1 (D. Ariz. Feb. 7, 2007) ("A party may not move for an extension of a pretrial schedule deadline after the original cut-off date in question has passed; rather, it must request a modification of the pretrial schedule prior to the applicable cut-off date.") (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996)).

But Plaintiff has never moved—not even in her *ex parte* application—to extend the discovery deadline.[6]  And even if she had, she failed to demonstrate good cause for receiving an extension.  *See Johnson*, 975 F.2d at 609.[7]  As before, if the moving party fails to diligently seek discovery—or a modification of the discovery deadline—the inquiry should end, and relief should be denied.  *See infra* at pp. 9-10; *Johnson*, 975 F.2d at 609; *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("[I]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (quoting *Johnson*).  The moving party need not only demonstrate diligence, but that any delay was caused by "matters that could not have been reasonably foreseen or anticipated."  *Johnson*, 975 F.2d at 609; *see also Van Scoy v. New Albertson's Inc.*, No. 2:08-cv-02237-MCE-KJM, 2011 WL 1079914, at *4 (E. D. Cal. Mar. 21, 2011) (denying relief where Plaintiff noticed three key depositions at a point "which provided little more than three business days' notice given the intervening Christmas holiday weekend).  Plaintiff describes nothing she could not have

---

[6]  This is now the second time that Plaintiff has allowed a discovery deadline to pass without moving for an extension.  In its October 6, 2011, order, this Court concluded that it "should have extended the discovery deadline from June 8, 2011 to a date that would give the parties appropriate time" to conduct discovery.  (*See* Dkt. No. 148.)  That does not change the fact, however, that Plaintiff should have proactively managed her own discovery responsibilities and failed to do so.

[7]  *See also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *Hardy v. Cnty. of El Dorado*, No. 2:07-CV-0799 JAM EFB, 2008 WL 3876329, at *1 (E.D. Cal. Aug. 20, 2008) (denying ex parte request to modify scheduling order where moving party failed to explain "why the referenced discovery was not conducted earlier" or "why an extension of time was not sought earlier"); Judge Carney's Procedures, No. 6 ("Continuances are only granted upon a showing of good cause. . . .").

1   anticipated or foreseen in her application or her motion, and particularly so given

2   the months that she spent doing nothing.[8]

3        Plaintiff's request to extend discovery despite her dilatory litigation practices

4   would also impose substantial prejudice in the form of delay and increased

5   litigation costs.  *See Mission Power*, 883 F. Supp. at 493 ("[M]erely showing that

6   trial is fast approaching and that the opposing party still has not answered crucial

7   interrogatories is insufficient to justify *ex parte* relief.").

8        Given Plaintiff's litigation practice, this is a clear and present danger.  For

9   example, Plaintiff's counsel threatened to file additional discovery motions at the

10  January 17, 2012, deposition of third-party witness Sander Rosen, seeking

11  discovery related to the marketing practices of local advertising associations other

12  than the Chicago Association.  (*See* Bledsoe Decl., Ex. C at pp. 53-55.)  That

13  discovery is not remotely relevant, but even so, Plaintiff has known that ESW

14  Partners, Mr. Rosen's employer, has done marketing for other local associations

15  *since August 3, 2010*—eighteen months ago nearly to the day—when Mr. Rosen

16  first testified to that exact point.  (*See id.*, Ex. D at 33:4-34:4.)  Mr. Rosen's

17  attorneys made the same objections to Plaintiff's line of questioning in both

18  depositions.  Putting the irrelevance of this testimony aside, why did she wait

19  eighteen months to raise the issue again?  It is because Mr. Rosen's testimony does

20  not matter to Plaintiff, except as it presents another opportunity to pretextually

21  badger Taco Bell and obtain endless discovery extensions.  Left to her own devices,

22  Plaintiff will never complete discovery.

23       Plaintiff has been dilatory in this litigation.  Her failure to utilize the

24  discovery period was dispositive of her application and, in turn, this appeal.

25  Allowing Plaintiff to ignore Magistrate Judge Nakazato's scheduling order with her

26

27  ---

[8] Taco Bell explained to Magistrate Judge Nakzato why, even if he reached the

28  merits of Plaintiff's application, Plaintiff was not entitled to the relief she sought.
    Taco Bell reincorporates that discussion herein.  (*See* Dkt. No. 157, pp. 6-11.)

1   belated "emergency" motion "undermine[s] the court's ability to control its docket,

2   disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and

3   the cavalier." *Johnson*, 975 F.2d at 610.  Her appeal should be denied.

4   **III.   PLAINTIFF HAS WAIVED ALL RELIEF SHE REQUESTED IN HER**

5   ***EX PARTE* APPLICATION**

6          It has long been held that matters not "specifically and distinctly raised and

7   argued" in an appellant's opening brief are waived.  *See Officers for Justice v. Civil*

8   *Serv. Com'n*, 979 F.2d 721, 726 (9th Cir. 1992); *Indep. Towers of Wash. v.*

9   *Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[O]ne wonders if [appellant], in

10  its own version of the 'spaghetti approach,' has heaved the entire contents of a pot

11  against the wall in hopes that something would stick.  We decline, however, to sort

12  through the noodles in search of [appellant's] claim.  As the Seventh Circuit

13  observed in its now familiar maxim, '[j]udges are not like pigs, hunting for truffles

14  buried in briefs.'") (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

15  1991)).[9]  Plaintiff employed a similar "spaghetti approach" below, and the result

16  was her motion's failure.  Now, having tried one recipe for Magistrate Judge

17  Nakazato, Plaintiff has prepared an entirely different dish for this Court.  It is too

18  late for that approach.  This Court may only review the table as Plaintiff set it for

19  Magistrate Judge Nakazato—this is an inappropriate time for a new motion, based

20  on new theories, seeking a new form of relief.  *See Jones v. Sweeney*, No. 1:04-CV-

21  6214 AWI DLB, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) ("Motions for

22  reconsideration and objections to a Magistrate Judge's order are not the place for a

23  party to make a new argument and raise facts not addressed in his original brief.").

24  _____

25  [9]  *See also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not
    manufacture arguments for an appellant, and a bare assertion does not preserve a

26  claim, particularly when, as here, a host of other issues are presented for review.");
    *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir.

27  2010) (noting that appeals courts will not consider arguments "argued in passing"

28  or "bare assertion[s] . . . with no supporting argument") (citing cases).

She has abandoned, and thus waived, *all* of the relief she sought in her application. In her *ex parte* application, she sought six categories of sanctions and/or discovery relief:

1)      Taco Bell's "redesignation" of a 30(b)(6) witness "knowledgeable of the actions of the Vice President of Marketing in 2005," despite Ms. Arnoldt's copious testimony on that subject;

2)      Taco Bell's creation of a "discovery plan" for responding to Plaintiff's written discovery requests, though Magistrate Judge Nakazato held that it was her own "poor planning" that caused the claimed emergency;

3)      A six-month extension of the discovery period, though Plaintiff had already squandered more than six months by failing to do any discovery between May 19, 2011 and December 7, 2011;

4)      A deposition of a person most knowledgeable of Taco Bell's document retention and destruction policies since 2005, despite the fact that (1) Plaintiff could have taken that deposition at any time during the discovery period and failed to do so, and (2) this Court had already determined that Taco Bell had no preservation duty until, at least, 2009;[10]

5)      Costs of filing the application, despite her own failure to follow this Court's rules, or meet the evidentiary burden necessary for obtaining emergency relief; and

---

[10]  Taco Bell thoroughly conferred with Plaintiff about its reasonable document preservation efforts, despite Plaintiff's persistent misunderstanding of the law in that area.  During that process, Plaintiff's counsel explained, in July, 2011, that "Plaintiff intends to take depositions of the appropriate corporate representative witnesses of Taco Bell and Yum Brands competent to testify about each of Taco Bell's and Yum Brands' document retention policy implementation, monitoring, and document destruction logging." (*See* Bledsoe Decl., Ex. E, p. 2.) ***But she never noticed these depositions, nor did she take them.***  She cannot bootstrap her own derelictions into "emergency" extensions of the discovery deadline.  Her strategy was nothing more than another abuse of *ex parte* procedure.

1    6)    Adverse inference sanctions, despite knowing that she had no evidence

2  of spoliation.

3    Plaintiff has dropped, without explanation, all of these unsupportable

4  positions.  The relief she now seeks from this Court—production of alleged NAFA

5  documents and a 30-day extension of discovery for that purpose alone—was not

6  requested in her *ex parte* application and not considered by Magistrate Judge

7  Nakazato.[11]  *See Jones*, 2008 WL 3892111, at *2.  That is because she does not

8  have any interest in the purported documents at all.  Having filed and lost her

9  indefensible *ex parte* application in Magistrate Judge Nakazato's courtroom, the

10 documents she now belatedly seeks are only a means to Plaintiff's end—harassment

11 of Taco Bell and delay of this litigation.  No matter what guise her motion takes, it

12 should be denied.

13 **IV.   NEITHER PLAINTIFF'S *EX PARTE* APPLICATION, NOR THIS**

14 **APPEAL, WERE SUBSTANTIALLY JUSTIFIED PURSUANT TO**

15 **FEDERAL RULE OF CIVIL PROCEDURE 37**

16    Taco Bell has now been required not only to respond to Plaintiff's flawed

17 application, but this appeal as well.  Given Plaintiff's "poor planning," lack of

18 diligence in discovery, and failure to follow this Court's rules, neither was

19 _____

20 [11] Having now asked this Court for different relief than she requested from
   Magistrate Judge Nakazato, Plaintiff's position still remains at war with itself.  Her

21 proposed order, for example, calls for the production of "any documents evidencing

22 payment [Taco Bell] made through its National Advertising Funds Administration
   division related to the 2005 text message marketing campaign for steak and chicken

23 Nachos Bell Grande in the Chicago area."  (*See* Dkt. No. 162.)  Setting aside that

24 she had many months to make such a document request, and never did, her appeal
   now suggests that Taco Bell should produce invoices having nothing to do with the

25 text message.  (*See* Dkt. No. 160-1, p. 6:16-22.)  This helps illustrate the very

26 reason that parties are dissuaded from filing surprise *ex parte* applications without
   considering and conferring about the issues.  If Plaintiff still—even after two

27 opportunities to brief the issue—cannot take a consistent position with regard to

28 what should be produced, how can she expect Taco Bell to comply?

1   "substantially justified" under Federal Rule of Civil Procedure 37(5)(B).  Taco Bell

2   is thus entitled to recover its fees.  The evidence, described above, is abundant that

3   Plaintiff's application was not made in good faith to resolve this case on its merits,

4   but for the improper purposes of harassment and delay.

5          Taco Bell expended more than 45 hours of attorney time in responding to

6   Plaintiff's application, and more than 30 hours of attorney time responding to this

7   appeal.  Taco Bell's task was made all the more difficult by the fact that Plaintiff

8   took one position in her *ex parte* application, and then a different position here.

9   Taco Bell requests a finding that Plaintiff's *ex parte* application, and this appeal,

10  were not "substantially justified" under Rule 37(5)(B), with fees to be awarded

11  upon proof.

12                        **<u>CONCLUSION</u>**

13         For the foregoing reasons, this Court should deny Plaintiff's appeal of

14  Magistrate Judge Nakazato's January 11, 2012, order.  Furthermore, this Court

15  should issue an order directing the parties that, in light of the expiration of the

16  discovery deadline established by Magistrate Judge Nakazato, Taco Bell should file

17  its summary judgment motion as early as practicable.  Finally, Taco Bell should be

18  awarded costs and fees upon proof for responding to Plaintiff's improper *ex parte*

19  application, and this equally improper appeal.

20

21  Dated:  February 6, 2012                    ARENT FOX LLP

22

23                                              By: */s/ Steven E. Bledsoe*
                                                   Steven E. Bledsoe
24                                                 Attorneys for Defendant
                                                   TACO BELL CORP.

25

26

27

28