David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

Evan Meyers (Admitted *Pro Hac Vice*)
emeyers@edelson.com
John Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

Michael J. McMorrow (Admitted *Pro Hac Vice*)
mjmcmorrow@smithmcmorrow.com
SMITH & MCMORROW P.C.
53 West Jackson Blvd., Suite 1018
Chicago, IL 60604
(312) 546-6139 (phone)
(888) 664-8172 (facsimile)

Counsel for Plaintiff
TRACIE THOMAS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>    Defendant. | Case No.: SACV09-1097 CJC (AN)<br><br>**Declaration of Michael J. McMorrow in Further Support of Reply Memorandum in Support of Motion for Review**<br><br>**Discovery Cut-off Date:  January 17, 2012**<br>**Pretrial Conference Date:**<br>**Trial Date:**<br>Judge: Hon. Cormac J. Carney |

I, MICHAEL J. McMORROW, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18, and a resident of the State of Illinois.  I am one of the attorneys representing Plaintiff in this matter.  I am competent to make this Declaration, and make such Declaration in support of Plaintiff's Reply Memorandum in Further Support of Motion for Review of the Magistrate Judge's January 12, 2012 Order.

2.      After this Court's October 7, 2011 Order granting Plaintiff's Motion for Review (dkt. 148), counsel met and conferred by phone on October 17, 2011 to discuss the scheduling of depositions and a schedule for discovery. After that discussion, during which the parties agreed to request a scheduling conference before Magistrate Nakazato, counsel for Taco Bell sent me a letter (on October 18, 2011) in which Taco Bell represented that it was working to identify dates for its witnesses depositions, as well as the depositions of Susan Viti and Neil Borkan.  A true and correct copy of that letter (without attachment) is attached hereto as **Exhibit A**.  On October 26, 2011, counsel sent me an email proposing dates.  A true and correct copy of that email is attached hereto as **Exhibit B**.  After several further exchanges, Taco Bell proposed depositions of its witnesses on December 7, 8 and 15.  A true and correct copy of the November 16, 2011 email proposing those dates by Taco Bell's counsel is attached hereto as **Exhibit C**.  The depositions went forward on December 7, 8 and 16.

3.      At the outset of the deposition of Neil Borkan on December 22, 2011, I orally requested a short extension of the discovery period from Taco Bell's counsel, Mr. Bledsoe.  Mr. Bledsoe flatly refused, suggesting that his client would fire him if he agreed to even a short extension.

4.    I first attempted to confer with Taco Bell's counsel regarding the various bases of the *ex parte* Application during the deposition of Jennifer Arnold on December 7, 2011.  I made similar requests during the depositions of Lisa Halloran and Susan Viti, on December 8, 2011 and December 16, 2011, respectively.  During these depositions, I attempted to discuss Taco Bell producing the additional documents discussed in those depositions and the redesignation of a marketing witness, but Taco Bell refused to have any such discussions.

5.    At the conclusion of Mr. Borkan's deposition, I again attempted to meet-and-confer with defense counsel in person, but Defendant's counsel refused, and complained about the fairness of filing a motion right before Christmas.  Because of those complaints, we waited until after the Christmas holiday to file the *ex parte* Application.

6.    I received the deposition transcript of Susan Viti from the reporting agency on December 23, 2011.

7.    Because Defense counsel refused several times to meet-and-confer in person during the depositions, I caused one of the other attorneys representing Plaintiff to send an email on December 23, 2011 again laying out the bases of the *ex parte* Application and requesting input from Defendant.  A true and correct copy of that email is attached hereto as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 13, 2012.

By: _/s/ Michael J. McMorrow_____
*One of the attorneys for Plaintiff*
*Tracie Thomas*

# Exhibit A

Arent Fox LLP / **Los Angeles, CA** / Washington, DC / New York, NY

# Arent Fox

October 18, 2011

**Steven E. Bledsoe**
Attorney
213.443.7503 DIRECT
213.629.7401 FAX
bledsoes@arentfox.com

***VIA E-MAIL***

**Reference Number**
202120.00006

Michael J. McMorrow
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL  60654

Re:   Thomas v. Taco Bell Corp.
       USDC-Central District Case No. SACV09-1097 DOC (Anx)

Dear Mr. McMorrow:

Attached for your review is a draft stipulation requesting a scheduling conference before
Magistrate Judge Nakazato on the first date that is convenient for the Court.  Please let us know
if it is acceptable for filing.

As discussed, it is Taco Bell's position that discovery can be completed in significantly fewer
than 120 days and Taco Bell intends to request that Magistrate Judge Nakazato schedule a
discovery cutoff that reflects this reality.  Regardless, we see no reason that the parties should
wait until after the scheduling conference to proceed with discovery.  Accordingly, we are
working to identify several dates on which the previously noticed deponents (Taco Bell's
30(b)(6) representatives, Susan Viti and Neal Borkan) are available for deposition, and will
present those dates to you as soon as possible.  In the meantime, we look forward to receiving
Plaintiff's amended deposition notices.

Sincerely,

Steven E. Bledsoe

SEB/oc

Enclosure

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400   F 213.629.7401

1050 Connecticut Avenue, NW
Washington, DC 20036-5339
T 202.857.6000   F 202.857.6395

1675 Broadway
New York, NY 10019-5820
T 212.484.3900   F 212.484.3990

SMART IN YOUR WORLD

# Exhibit B



John Ochoa <jochoa@edelson.com>

---

## Dates for Depositions

---

**Bledsoe, Steven <bledsoe.steven@arentfox.com>**          **Wed, Oct 26, 2011 at 7:18 PM**
To: "Michael J. McMorrow" <mjmcmorrow@edelson.com>, John Ochoa <jochoa@edelson.com>
Cc: "Haskins, Steven" <Haskins.Steven@arentfox.com>, "O'Brien, Robert" <OBrien.Robert@arentfox.com>, "Rigali, Paul" <Rigali.Paul@arentfox.com>

Mike and John,

Following up on our discovery meet and confer, Taco Bell's 30(b)(6) representatives and Susan Viti are available for deposition on the following dates:

Taco Bell Representative Regarding Marketing: November 16 and December 7;

Taco Bell Representative Regarding Legal: November 16-17 and December 13-16;

Susan Viti: November 10, 16 and 17 and December 14-16;

Please let us know which of these dates work for you.  Thanks.

Regards,

Steven Bledsoe

**Partner**

Arent Fox LLP | Attorneys at Law

Gas Company Tower

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

213.443.7503 DIRECT | 213.629.7401 FAX

bledsoe.steven@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit C



John Ochoa <jochoa@edelson.com>

# Thomas v. Taco Bell Depositions

**Bledsoe, Steven <bledsoe.steven@arentfox.com>**                    **Wed, Nov 16, 2011 at 12:30 PM**
To: Mike McMorrow <mjmcmorrow@edelson.com>
Cc: John Ochoa <jochoa@edelson.com>, "O'Brien, Robert" <OBrien.Robert@arentfox.com>, "Haskins, Steven"
<Haskins.Steven@arentfox.com>, "Rigali, Paul" <Rigali.Paul@arentfox.com>

Mike,

We need to shuffle the deposition dates slightly, albeit still within the range that you indicated works for
you:

December 7 (afternoon):  Taco Bell representative regarding NAFA

December 8: Taco Bell representatives regarding legal and marketing

December 15: Susan Viti

Also, the December 7 and 8 dates are contingent on Plaintiff sending us an amended 30(b)(6) Deposition
Notice by no later than Tuesday, November 22, 2011.

Regards,

Steven Bledsoe

**Partner**

Arent Fox LLP | Attorneys at Law

Gas Company Tower

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

213.443.7503 DIRECT | 213.629.7401 FAX

bledsoe.steven@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you
received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by
return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work
product privilege by the transmission of this message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated
otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

# Exhibit D

Edelson McGuire LLC Mail - Meet and Confer re Discovery          https://mail.google.com/mail/u/0/?ui=2&ik=eea6f1ecdf&view...



John Ochoa <jochoa@edelson.com>

---

# Meet and Confer re Discovery

**John Ochoa <jochoa@edelson.com>**                                                    Fri, Dec 23, 2011 at 2:53 PM
To: "Bledsoe, Steven" <bledsoe.steven@arentfox.com>
Cc: "Michael J. McMorrow" <mjmcmorrow@edelson.com>, "Haskins, Steven" <Haskins.Steven@arentfox.com>,
"Rigali, Paul" <Rigali.Paul@arentfox.com>, "O'Brien, Robert" <OBrien.Robert@arentfox.com>, Suzanne Havens
Beckman <shavens@parisihavens.com>
Bcc: Myles McGuire <mmcguire@edelson.com>

Mr. Bledsoe,

Thank you for your email.  As we tried to explain to you after Mr. Borkan's deposition, the only reason we
are filing our motion as an ex parte application is due to the extremely short period of time left in the
discovery period, along with your stated, unequivocal refusal to extend said period, as you and Mr.
McMorrow discussed at the beginning of the deposition.  As you are aware, the extremely short discovery
period that you insisted upon ends January 17th.  It would simply not be possible for us to meet and confer
with you on December 28th, then send you a draft joint stipulation, followed by your additions to the joint
stipulation (a 7 day process), followed by a 21 day briefing period, within the remaining time prior to
January 17th.  This is especially true given that the latest possible date we could notice the motion up in
front of Judge Nakazato before the discovery period expires is January 12, 2012.

As we tried to explain to you at the end of the deposition, the bases of our motion are as follows:  (1) You
designated a witness from your client's marketing department who was incompetent to testify as to several
of the topics in the 30(b)(6) deposition notice, (2) you produced documents at the deposition of Lisa
Halloran that were clearly in your possession and clearly within the scope of numerous document requests
going as far back as November 2010, that you repeatedly asserted in letters and court filings did not exist
or were destroyed, and (3) each of the four witnesses you produced described additional documents that
are or were in your client's possession that were responsive to our document requests and other discovery
requests in this case that you have never produced, despite our timely requests and the Court's granting of
our motion to compel such information.

When we tried to meet and confer with you about these topics at the end of the deposition yesterday (most
of which we had already informed you of at previous depositions) you refused to discuss these issues and
instead began a profanity-laced tirade about our "sandbagging" you with this motion two days before
Christmas.  As we tried to explain, we were unable to file this motion prior to today due to the fact that we
were still waiting for deposition transcripts until this afternoon.  Since the last of those transcripts have
finally arrived, today is the earliest date on which we could file this motion.  However, you refused to
engage in a discussion on even this minor point, and, instead, continued your tirade as you left the
building.

Again, we are not filing this motion on an ex parte basis to deprive your client of a meaningful opportunity
to respond to it.  Indeed, we will wait until after the Christmas holiday to file it in order to provide your office

with a sufficient opportunity to respond.  Should you desire more time to respond than is provided for by the local rules and/or Magistrate Judge Nakazato's standing order, we would be amenable to stipulating to any length up to 7 days.  Please advise your preference.

Sincerely,

John

John Ochoa | Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL  60654
312.572.7209 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
jochoa@edelson.com | www.edelson.com

[Quoted text hidden]