David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

*Counsel for Plaintiff*
(Additional Counsel Appear below Signature)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | **Case No.: SACV09-1097 CJCx (AN)**<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO RESET BRIEFING SCHEDULE**<br><br>Judge: Hon. CORMAC J. CARNEY<br><br>Date:  n/a<br>Time:  n/a<br><br>Current Hearing Date:  April 9, 2012<br>Proposed Hearing Date: April 23, 2012 |

Pursuant to Civil Local Rule 7-19 and Paragraphs 5 and 6 of this Court's Standing Order, Plaintiff Tracie Thomas brings this *ex parte* Application to Continue the Hearing Date on Defendant's Motion for Summary Judgment and to Reset Briefing Schedule. On March 12, 2012, Plaintiff conferred with Defendant as required by Local Rule 7-3. Prior to filing this *ex parte* Application, Plaintiff sought a stipulation from Defendant to continue the hearing date on Defendant's Motion for Summary Judgment, and conferred with Defendant in writing on the bases of this Application. (*See* Declaration of John C. Ochoa, attached hereto as Ex. 1, ¶ 11.)[1]

**A.  The Briefing Schedule for Defendant's Motion for Summary Judgment Ignores the Parties' Previous Agreement.**

On January 23, 2012, counsel for Plaintiff Tracie Thomas and counsel for Defendant Taco Bell Corp. held a meet-and-confer regarding Defendant's Motion for Summary Judgment. (Ochoa Decl. ¶ 4.) During that meet-and-confer, Defense counsel agreed to provide Plaintiff at least two weeks to respond to Defendant's Motion, and Plaintiff's counsel agreed to provide Defendant two weeks to reply. (Ochoa Decl. ¶ 7.) Plaintiff's counsel also asked if Defendant would agree to provide Plaintiff three weeks to respond to Defendant's Motion, and Defense counsel informed Plaintiff's counsel that he would ask the Defendant and report back to Plaintiff's counsel. (*Id.* ¶¶ 6-7.) Plaintiff's Counsel did not receive any further communications from Defense counsel on this point. (*Id.* ¶ 8.)

After the close of business on March 12, 2012, Defendant filed its Motion for Summary Judgment, which was noticed for hearing on April 9, 2012, the earliest

---

[1] Contact information for Defense counsel is as follows: Steven Bledsoe (Bledsoe.steven@arentfox.com), Paul Rigali (Rigali.paul@arentfox.com), Robert O'Brien (Obrien.robert@arentfox.com) ARENT FOX LLP, 555 West Fifth Street, 48th Floor Los Angeles, CA 90013  Ph: (213) 629-7400  Fax: (213) 629-7401.

P'S EX PARTE APP. TO CONTINUE HEARING DATE     1     NO. SACV09-1097 CJC (AN)

date that Defendant could have chosen.  (Dkt. 169.)  Per the Local Rules, the selection of this hearing date provides Plaintiff with only 5 business days to prepare her response to the Motion for Summary Judgment before such response is due on March 19, 2012.  Such a briefing schedule contravenes the parties' agreement reached at the January 23 meet-and-confer and also constitutes an objectively insufficient amount of time for Plaintiff to adequately respond to Defendant's complex, 25-page Motion for Summary Judgment.  Accordingly, on March 12, 2012, within hours after receiving electronic notice of the filing of Defendant's Motion, Plaintiff's counsel reached out to Defense counsel, reminded them of their prior agreement to provide additional time, and requested a stipulation that would provide Plaintiff with three weeks to respond to Defendant's Motion.  (Ochoa Decl. ¶ 11.)  In a show of cooperation and reasonableness, Plaintiff's counsel even agreed to stipulate to providing Defendant with up to 3 weeks to file its reply brief.  (Ochoa Decl. ¶ 11.)  Defendant refused this request, stating that Plaintiff has had since January 23 to respond to Defendant's Motion, and that Plaintiff has in fact had "the better part of the year" to respond.  (*Id.* 12.)  As a result, Plaintiff was left with no reasonable choice but to file this *ex parte* Application.

**B.    Plaintiff Requires Additional Time to Adequately Respond to Defendant's Complex, Fact-Intensive Motion for Summary Judgment and Related Filings.**

Defendant's Motion, which it has had since January 17, 2012 to prepare, contains five declarations and over 300 pages of exhibits.  (Dkt. 169.)  Over 100 of these pages are new material that Defendant is relying on for the first time.  (Ochoa Decl. ¶ 13.)  Defendant also relies on citations to new legal authority that was not relied on in Defendant's prior motion for summary judgment.  (Ochoa Decl. ¶ 13; *compare* Dkt. 140 to Dkt. 169.)  Contrary to Defendant's assertion, Plaintiff can only reasonably begin to respond to Defendant's Motion today, on March 13.


In order to adequately respond to Defendant's Motion, Plaintiff must analyze the evidence and authority cited by Defendant (including the new evidence and authority), and then review over 1,400 pages of deposition transcript and over 1,000 pages of documents produced in this case, and only then begin to prepare a response. (Ochoa Decl. ¶¶ 10, 15.) Plaintiff in good faith does not believe that less than one week is an adequate amount of time to respond to such a substantial, fact-intensive Motion, especially given the amount of exhibits involved and the additional requirements of a motion for summary judgment, including responding to Defendant's Statement of Undisputed Material Facts and proposing her own Statement of Additional Undisputed Material Facts. Anticipating this need for additional time, Plaintiff reached an agreement with Defendant *before* Defendant filed its Motion to secure more time to respond. Now, Defendant has refused to stipulate to provide this additional time—a request that is objectively reasonable and is in accord with Defendant's previous promise to provide same.

Pursuant to Federal Rule of Civil Procedure 6(b)(1):

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.

Fed. R. Civ. P. 6(b)(1)(A). Like all Federal Rules, this rule "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).

In this case, good cause exists to extend the briefing schedule and reset the hearing date on Defendant's Motion. As outlined above, and in the Declaration filed herewith, Plaintiff has less than one week to respond to a substantial, 25-page dispositive motion that is highly fact-intensive, and that will require the analysis of

facts, law, and argument Plaintiff just received after the close of business on March 12, 2012. Plaintiff tried to head off any need for this *Ex Parte* Application by previously reaching an agreement with Defendant on the briefing schedule, but Defendant has chosen to ignore this agreement, has refused to stipulate to this additional response time, and has instead noticed its Motion for the soonest possible date so as to minimize the time available for Plaintiff to respond.

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(1) Continue the hearing date on Defendant's Motion for Summary Judgment to April 23, 2012, or any subsequent date based on the Court's availability[2];

(2) Specify that Plaintiff's brief in Opposition to Defendant's Motion for Summary Judgment be due on April 2, 2012; and

(3) Grant whatever further relief that this Court deems reasonable and just.

Dated: March 13, 2012			Respectfully Submitted,

TRACIE THOMAS, individually and on behalf of a class of similarly situated individuals,

 /s/  Evan M. Meyers
One of Plaintiff's Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

---

[2] To the extent that the Court is inclined to provide Defendant additional time for its reply brief, the hearing date would have to be moved beyond April 23.

P'S EX PARTE APP. TO CONTINUE HEARING DATE		4		NO. SACV09-1097 CJC (AN)

1  John C. Ochoa (admitted *Pro Hac Vice*)
   jochoa@edelson.com
2  Evan M. Meyers (admitted *Pro Hac Vice*)
   emeyers@edelson.com
3  EDELSON MCGUIRE LLC
   350 N. LaSalle Street, Suite 1300
4  Chicago, Illinois 60654
   (312) 589-6370 (phone)
5  (312) 589-6378 (facsimile)

6  MICHAEL J. MCMORROW (*Pro Hac Vice*)
   mjmcmorrow@smithmcmorrow.com
7  SMITH & MCMORROW, P.C.
   53 West Jackson Boulevard, Suite 1018
8  Chicago, Illinois 60604
   T: 312.546.6139
9
   *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I, Evan M. Meyers, an attorney, certify that on March 13, 2012, I served the above and foregoing ***Plaintiff's Ex Parte Application to Continue Hearing Date on Defendant's Motion for Summary Judgment and to Reset Briefing Schedule*** by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

/s/ Evan M. Meyers