# Exhibit 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendant. | Case No.: SAV09-1097 CJC (AN)<br><br>**DECLARATION OF JOHN C. OCHOA IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO RESET BRIEFING SCHEDULE**<br><br>Judge: Hon. Cormac J. Carney |

# DECLARATION OF JOHN C. OCHOA

I, JOHN C. OCHOA, being first duly sworn and under oath, pursuant to 28 U.S.C. § 1746, hereby aver that I have personal knowledge of all matters set forth herein and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18, and a resident of the State of Illinois. I am one of the attorneys representing the Plaintiff Tracie Thomas in this matter, and have been admitted *pro hac vice* in this matter.

2. I am fully competent to make this Declaration and make such Declaration in connection with this Court's Standing Order for requests for continuances of hearing dates, and in support of Plaintiff's *Ex Parte* Application to Continue Hearing Date on Defendant's Motion for Summary Judgment and to Reset Briefing Schedule.

3. On March 12, 2012, the Defendant filed a Motion for Summary Judgment that contains 5 declarations, 332 pages of exhibits, and a Statement of Uncontroverted Facts and Conclusions of Law. (*See* Dkt. 169.)

4. On January 23, 2012, myself, Myles P. McGuire of Edelson McGuire LLC, and Suzanne Havens-Beckman of Parisi & Havens LLP, held a meet-and-confer via telephone with Paul Rigali, counsel for Defendant, where we discussed, *inter alia*, the bases for Defendant's then-forthcoming Motion for Summary Judgment and the briefing schedule related thereto.

5. During that meet and confer, Mr. Rigali advised me that Defendant would be presenting additional evidence in Defendant's Summary Judgment Motion based on the seven depositions that have taken place over the last three months.

6. Because of this additional evidence, as well as the complex legal and factual analysis required to respond to Defendant's Motion, Plaintiff's counsel requested three weeks to respond to the arguments made and evidence presented in

DECLARATION OF JOHN C. OCHOA

Case No. SAV09-1097 DOC (AN)

Defendant's Summary Judgment Motion.

7. Mr. Rigali agreed to provide Plaintiff two weeks to respond to Defendant's Motion, and Plaintiff's counsel agreed to provide Defendant two weeks to reply. Mr. Rigali told my colleagues and I that he would need permission from his client to grant any extension over two weeks, and that he would advise Plaintiff's counsel of his client's response.

8. As of the filing of this Declaration, neither I, nor my co-counsel, received a response from Defendant on this issue.

9. Plaintiff cannot adequately prepare a response to Defendant's motion without a continuance of the hearing date on Defendant's Motion, which will result in additional time for Plaintiff to prepare and file her response brief.

10. Plaintiff will have to analyze over 1,000 pages of documents and over 1,400 pages of deposition transcript to prepare a response to Defendant's Motion.

11. On March 12, 2012, I sent an email to Defense counsel informing them of the prior agreement reached during the January 23 meet-and-confer regarding the briefing schedule for this Motion. I asked Defense counsel if, pursuant to that agreement, they would stipulate to modifying the hearing date on the Motion and stipulating to a modified briefing schedule. I also requested three weeks to respond to Defendant's Motion and offered Defendant three weeks to file a reply brief. I further informed Defense counsel that Plaintiff would be forced to seek relief on an *ex parte* basis if Defendant would not stipulate to a continuance. A true and accurate copy of my March 12, 2012 email to Defense counsel is attached as Exhibit A.

12. Steven Bledsoe, counsel for Defendant, responded by email and did not acknowledge or reference the prior agreement reached by the parties. Mr. Bledsoe refused to stipulate to any additional time for Plaintiff to respond to the Motion for Summary Judgment, stating that Plaintiff has had seven weeks to

prepare her opposition, and has in fact, "had the better part of a year to prepare her opposition." A true and accurate copy of Mr. Bledsoe's March 12, 2012 email is attached as Exhibit B.

13. Defendant's Motion for Summary Judgment is supported by over 100 pages of new exhibits not used in Defendant's prior two motions, as well as citation to 9 new cases that Defendant is citing in support of its Motion.

14. Contrary to Defendant's statement that Plaintiff has had "the better part of a year" to prepare her opposition, Plaintiff can only prepare a response to this new evidence and authority cited by Defendant after Defendant filed its Motion after the close of business on March 12, 2012.

15. In addition, Plaintiff must now analyze over 1,400 pages of deposition transcript and over 1,000 pages of exhibits obtained in the course of discovery in this case in less than seven days in order to prepare a response to the new evidence and citation to new legal authority contained in Defendant's Statement of Undisputed Material Fact and Motion for Summary Judgment. Plaintiff also may need to file a Statement of Additional Undisputed Material Facts, as appropriate.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
John C. Ochoa

# Exhibit A



Evan Meyers <emeyers@edelson.com>

# Thomas v. Taco Bell, No. 09-cv-1097 (C.D. Cal.)

1 message

**John Ochoa <jochoa@edelson.com>**      **Mon, Mar 12, 2012 at 10:25 PM**
To: "Bledsoe, Steven" <bledsoe.steven@arentfox.com>, "O'Brien, Robert" <OBrien.Robert@arentfox.com>, "Rigali, Paul" <Rigali.Paul@arentfox.com>, "Haskins, Steven" <Haskins.Steven@arentfox.com>
Cc: Evan Meyers <emeyers@edelson.com>, Mike McMorrow <mjmcmorrow@smithmcmorrow.com>, Suzanne Havens Beckman <shavens@parisihavens.com>

Counsel,

I write in regards to the hearing date on Defendant's Renewed Motion for Summary Judgment. During our meet and confer on January 23, I and other Plaintiff's counsel discussed the briefing schedule on the motion with Paul Rigali, and Plaintiff requested three weeks to respond to the motion.

At that time, Mr. Rigali agreed to provide us with at least two weeks to respond to the motion if we agreed to provide Defendant with two weeks for its reply (to which we agreed). Mr. Rigali further said that he would check with his client to see if our additional request for three weeks was acceptable and that he would get back to us on that request. We never heard back from Mr. Rigali.

Taco Bell's motion is currently noticed up for 28 days from today, which would leave Plaintiff only seven days to respond. This contravenes Mr. Rigali's agreement to provide us more time to respond.

Please let us know by tomorrow if Defendant will stipulate to continuing the hearing date and modifying the briefing schedule to give Plaintiff three weeks (from today) to respond to the motion. Plaintiff will reciprocate by agreeing to provide Defendant three weeks to reply. If we do not hear back from you by tomorrow, we will have to seek a continuance on an *ex parte* basis given the extremely short period of time we have to respond to such a substantial motion. Thank you.

Sincerely,

John

John Ochoa | Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
312.572.7209 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
jochoa@edelson.com | www.edelson.com

# Exhibit B



Evan Meyers <emeyers@edelson.com>

# RE: Thomas v. Taco Bell, No. 09-cv-1097 (C.D. Cal.)

1 message

**Bledsoe, Steven <bledsoe.steven@arentfox.com>**      Tue, Mar 13, 2012 at 1:42 AM
To: John Ochoa <jochoa@edelson.com>, "O'Brien, Robert" <OBrien.Robert@arentfox.com>, "Rigali, Paul" <Rigali.Paul@arentfox.com>, "Haskins, Steven" <Haskins.Steven@arentfox.com>
Cc: Evan Meyers <emeyers@edelson.com>, Mike McMorrow <mjmcmorrow@smithmcmorrow.com>, Suzanne Havens Beckman <shavens@parisihavens.com>

John,

Plaintiff has had seven weeks since the meet and confer to prepare her opposition to Taco Bell's motion for summary judgment. In fact, given Plaintiff's two Rule 56(f) motions, Plaintiff has had the better part of a year to prepare her opposition. Under these circumstances, we intend to go forward with the briefing as per the Local Rules.

Regards,

Steven Bledsoe
Partner

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7503 Direct 213.629.7401 Fax
bledsoe.steven@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

From: John Ochoa [jochoa@edelson.com]
Sent: Monday, March 12, 2012 8:25 PM
To: Bledsoe, Steven; O'Brien, Robert; Rigali, Paul; Haskins, Steven
Cc: Evan Meyers; Mike McMorrow; Suzanne Havens Beckman
Subject: Thomas v. Taco Bell, No. 09-cv-1097 (C.D. Cal.)

Counsel,

I write in regards to the hearing date on Defendant's Renewed Motion for Summary Judgment. During our meet and confer on January 23, I and other Plaintiff's counsel discussed the briefing schedule on the motion with Paul Rigali, and Plaintiff requested three weeks to respond to the motion.

At that time, Mr. Rigali agreed to provide us with at least two weeks to respond to the motion if we agreed to provide Defendant with two weeks for its reply (to which we agreed). Mr. Rigali further said that he would check with his client to see if our additional request for three weeks was acceptable and that he would get back to us on that request. We never heard back from Mr. Rigali.

Taco Bell's motion is currently noticed up for 28 days from today, which would leave Plaintiff only seven days to respond. This contravenes Mr. Rigali's agreement to provide us more time to respond.

Please let us know by tomorrow if Defendant will stipulate to continuing the hearing date and modifying the briefing schedule to give Plaintiff three weeks (from today) to respond to the motion. Plaintiff will reciprocate by agreeing to provide Defendant three weeks to reply. If we do not hear back from you by tomorrow, we will have to seek a continuance on an ex parte basis given the extremely short period of time we have to respond to such a substantial motion. Thank you.

Sincerely,

John

John Ochoa | Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
312.572.7209 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
jochoa@edelson.com<mailto:jochoa@kamberedelson.com> | www.edelson.com<http://www.kamberedelson.com/>


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.