Stephen G. Larson (SBN 145225)
larson.stephen@arentfox.com
Robert C. O'Brien (SBN 154372)
obrien.robert@arentfox.com
Steven E. Bledsoe (SBN 157811)
bledsoe.steven@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>TACO BELL CORP., a California corporation,<br><br>        Defendants. | Case No.  SACV09-1097 CJC (ANx)<br><br>*Assigned to The Hon. Cormac J. Carney*<br><br>**DEFENDANT TACO BELL CORP.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON ITS MOTION FOR SUMMARY JUDGMENT AND TO RESET BRIEFING SCHEDULE**<br><br>[Filed concurrently with Declaration of Paul A. Rigali]<br><br>Date:        N/A<br>Time:        N/A<br>Courtroom:   9B<br><br>Complaint Filed: September 15, 2009<br>Trial Date:      TBD |

Plaintiff does not provide sufficient cause to continue the summary judgment hearing, and her *ex parte* application should be denied.

<u>First</u>, Taco Bell did not agree to stipulate to seek an order extending Plaintiff's time to respond to its pending motion for summary judgment.  During the referenced meet-and-confer session in January, Taco Bell informed Plaintiff that it intended to re-file its summary judgment motion, a motion similar to ones that had been filed and served on Plaintiff twice previously, and proactively sought to address related scheduling issues, including the possibility of reciprocal extensions to the time allowed for filing opposition and reply briefs.  When Plaintiff requested that each party be afforded three weeks to prepare and file opposition and reply briefs, counsel for Taco Bell informed Plaintiff that they were neither inclined nor authorized to agree to more than one additional week.  No agreement was ever reached.

Following that meet and confer, Plaintiff filed a meritless and, in Taco Bell's view, dilatory motion for reconsideration of Magistrate Judge Nakazato's discovery order.  On February 21, 2012, this Court denied Plaintiff's motion for review, confirming Judge Nakazato's finding that Plaintiff failed to properly execute an efficient litigation plan and pursue her claims in this matter.  As a result of this unnecessary motion, Taco Bell did not file its summary judgment motion in early February, as it had anticipated doing when it met with Plaintiff in January, and was subjected to yet another delay based on Plaintiff's litigation strategy.  Given this further needless delay, Taco Bell would not now agree to stipulate to a further continuance in the briefing schedule and hearing date.

<u>Second</u>, Taco Bell's motion is not complex, unusually fact-intensive, or new to Plaintiff.  Indeed, Plaintiff has been served with two very similar motions before, Taco Bell met and conferred with Plaintiff about its filing over six weeks ago, and Plaintiff has had all of the documents Taco Bell used in its current motion for months.  Plaintiff has regularly filed motions of similar length and response,

expecting Taco Bell to respond in a similar amount of time. There is nothing about the motion that requires or justifies a departure from the Central District's standing rules.

<u>Third</u>, Plaintiff has not offered any sufficient reason as to why she needs extra time, and the extraordinary relief sought through an *ex parte* application, to respond to Taco Bell's motion. Neither she nor her counsel has represented that there are any case conflicts, personal pre-planned vacations, family matters, intervening holidays, or any other unusual circumstances that would justify an extension. If that were the case, Taco Bell would view Plaintiff's request differently; as it stands, there is simply no cognizable cause for the extension.

For the reasons set forth above, Taco Bell respectfully requests this Court to deny Plaintiff's *ex parte* application.

Dated:   March 13, 2012              ARENT FOX LLP


                                     By:   */s/ Steven E. Bledsoe*
                                         Steven E. Bledsoe
                                         Attorneys for Defendant
                                         TACO BELL CORP.