1  Stephen G. Larson (SBN 145225)
   larson.stephen@arentfox.com
2  Robert O'Brien (SBN 154372)
   obrien.robert@arentfox.com
3  Steven E. Bledsoe (SBN 157811)
   bledsoe.steven@arentfox.com
4  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
5  Los Angeles, CA  90013-1065
   Telephone:  213.629.7400
6  Facsimile:   213.629.7401

7  Attorneys for Defendant
   TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORP., a California corporation,<br><br>Defendants. | Case No.  SACV09-1097 CJC (ANx)<br><br>*Assigned to The Hon. Cormac J. Carney*<br><br>**DEFENDANT TACO BELL'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 19, 2012 ORDER**<br><br>Date:          June 4, 2012<br>Time:         1:30 p.m.<br>Courtroom:  9B<br><br>Complaint Filed:  September 15, 2009<br>Trial Date:           TBD |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

SACV09-1097 CJC (ANx)

DEFENDANT TACO BELL'S
MOTION FOR RECONSIDERATION

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2012 at 1:30 PM, or as soon thereafter as counsel may be heard in the above-entitled Court, located at 411 West Fourth Street, in Courtroom 9B, Santa Ana, California, 92701, Defendant Taco Bell Corp. ("Taco Bell") will and hereby does move for an order granting its Motion for Reconsideration of the Court's April 19, 2012, Order.

This Motion is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and Local Rule 7-18 of the Central District of California. The basis for the Motion is that in analyzing Taco Bell's summary judgment motion, this Court manifestly erred in considering undisputed facts as disputed facts. For that reason, the Court failed to consider numerous undisputed material facts supporting Taco Bell's motion, and overlooked Plaintiff's own failure to meet her burden to make a *prima facie* case of vicarious liability. These errors led to the Court's April 19, 2012, order denying Taco Bell's summary judgment motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on April 23, 2012. The Motion is based on this Notice of Motion and Motion, the files and records in this action, and such further evidence and argument as may be presented to the Court at or before the hearing on the Motion.

Dated: May 3, 2012                    **ARENT FOX LLP**

                                      By:  */s/ Robert C. O'Brien*
                                           Robert C. O'Brien
                                           Attorney for Defendant
                                           TACO BELL CORP.

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

LEGAL STANDARD ............................................................................................ 2

ARGUMENT .......................................................................................................... 3

    I.    This Court Erred In Holding That The Facts Described In Its April 19 Order Were "Disputed." ........................................................ 3

    II.    The Court Overlooked Additional Material Facts Supporting Summary Judgment ................................................................................ 5

    III.    The Court Overlooked Plaintiff's Failure To Meet Her Own Evidentiary Burden ............................................................................... 8

    IV.    The Undisputed Facts, Considered As A Whole, Support Summary Judgment For Taco Bell ................................................... 11

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*389 Orange Street Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) .................................................................................3

*Bloch v. Prudential Ins. Co. of Am.*,
  No. CV 05-1589-DT 2005 WL 6141292 (C.D. Cal. Aug. 9, 2005) ....................2

*Braxton-Secret v. A.H. Robins Co.*,
  769 F.2d 528 (9th Cir. 1985) .................................................................................4

*Charvat v. EchoStar Satellite,* LLC,
  676 F. Supp. 2d 668 (S.D. Ohio 2009) ........................................................ 2, 9, 11

*Cislaw v. Southland Corp.*,
  4 Cal. App. 4th 1284 (1992) .............................................................................9, 12

*Dickson Marine Inc. v. Panalpina, Inc.*,
  179 F.3d 331 (5th Cir. 1999) .................................................................................8

*Fletcher v. Atex, Inc.*,
  68 F.3d 1451 (2d Cir. 1995) ................................................................................11

*Flowers v. Goldman, Sachs & Co.*,
  865 F. Supp. 453 (N.D. Ill. 1994) ....................................................................8, 9

*In re Oak Park Calabasas Condo. Ass'n*,
  302 B.R. 682 (Bkrtcy. C.D. Cal. 2003) ................................................................3

*ING Bank, FSB v. Chang Seob Ahn*,
  758 F. Supp. 2d 936 (N.D. Cal. 2010) ..............................................................8, 9

*Intel Corp. v. Hartford Accident & Indem. Co.*,
  952 F.2d 1551 (9th Cir. 1991) .............................................................................10

*Joiner v. Ryder Sys., Inc.*,
  966 F Supp. 1478 (C.D. Ill. 1996) ......................................................................11

*Jones v. Corbis Corp.*,
  815 F. Supp. 2d 1108 (C.D. Cal. 2011) ................................................................7

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,
  529 F.3d 371 (7th Cir. 2008) .................................................................................. 11

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
  628 F.2d 1175 (9th Cir. 1980) ................................................................................ 11

*Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc.*,
  319 F. Supp. 2d 1059 (C.D. Cal. 2003) .................................................................... 5

*Norberg v. Tillamook Cnty. Creamery Ass'n*,
  74 F. Supp. 2d 1002 (D. Or. 1999) ........................................................................... 7

*Piper v. U.S. Dep't of Justice*,
  312 F. Supp. 2d 17 (D.D.C. 2004) ............................................................................ 3

*Richards v. Neilsen Freight Lines*,
  810 F.2d 898 (9th Cir. 1987) .................................................................................... 9

*Thrifty Oil Co. v. Bank of Am. Nat. Trust and Savings Ass'n*,
  322 F.3d 1039 (9th Cir. 2003) .................................................................................. 7

*Tie Tech, Inc. v. Kinedyne Corp.*,
  296 F.3d 778 (9th Cir. 2002) .................................................................................... 4

*Torrance Redevelopment Agency v. Solvent Coating Co.*,
  781 F. Supp. 650 (C.D. Cal. 1991) ........................................................................... 2

*Walker v. Pac. Pride Servs., Inc.*,
  No. 07-2857 SC, 2007 WL 4209445 (N.D. Cal. Nov. 27, 2007) ........................... 11

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 59(e) ........................................................................ 2

Federal Rule of Civil Procedure 60(b)(1) ................................................................... 2

Locul Rule 7-18 ........................................................................................................... 3

Local Rule 56-2 ......................................................................................................... 10

Rules 59 and 60 ........................................................................................................... 2

# INTRODUCTION

On April 19, 2012, the Court denied Taco Bell's motion for summary judgment because it identified "conflicting evidence" that it concluded had to be resolved at trial. This was error because none of the facts identified in the Court's order, nor any of the other evidence relevant to the legal question of Taco Bell's vicarious liability, are in dispute. Taco Bell respectfully submits that classifying those facts as "disputed" was manifest error, leading the Court to deny the motion before it reached the legal question of whether Taco Bell could be held vicariously liable for sending the text message at issue in the Fourth Amended Complaint. As such, the Court's order is deserving of reconsideration.

First, the parties do not dispute the three so-called "disputed" facts identified in the Court's order: (1) Taco Bell was one of twelve members of the Chicago Association (Undisputed Fact No. 4); (2) the Chicago Association did have a four-member board of directors, one of whom was appointed by Taco Bell (Undisputed Fact No. 5); and (3) Taco Bell's representative to the Chicago Association voted to proceed with the Chicago Association's Nachos BellGrande promotion (Dkt. No. 174 (Dft's Reply Br.) at 8). Far from constituting "conflicting evidence" requiring factual resolution, those facts were *undisputed* by the parties and posed no barrier to granting summary judgment in Taco Bell's favor.

Second, the Court's misapprehension caused it to overlook other material facts demonstrating that Taco Bell could not have "controlled the means and manner" of how the text message was sent (which is the applicable standard for determining vicarious liability under the Telephone Consumer Protection Act ("TCPA")). Indeed, both Taco Bell and Plaintiff offered undisputed facts in support of that conclusion.

Third, the Court's misapprehension led it to end its analysis before considering whether Plaintiff—as part of her burden of production—had demonstrated triable issues of material fact suggesting that Taco Bell could have

been liable, under the TCPA, for a text message sent by a third party. Because Taco Bell established that it and the Chicago Association were separate entities, Plaintiff was required to demonstrate that there was a triable issue of material fact as to whether Taco Bell exercised control over the "means and manner" of how the text message was sent. *Charvat v. EchoStar Satellite,* LLC, 676 F. Supp. 2d 668, 674-75 (S.D. Ohio 2009). But Plaintiff failed to elicit such facts. There was no evidence that the Chicago Association ignored corporate formalities—just the opposite. Nor was there any evidence of any relationship between Taco Bell and either ESW Partners or Ipsh, contractual or otherwise, much less a demonstration that Taco Bell somehow controlled the "means and manner" of how the text message at issue was sent. Plaintiff's failure should have been dispositive of the motion.

When the record is corrected and reviewed in light of the undisputed facts, it becomes clear that Taco Bell is entitled to summary judgment. Neither the undisputed facts, nor the law, support the conclusion that Taco Bell can be vicariously liability under the TCPA in this case. Accordingly, Taco Bell respectfully requests that this Court reconsider its order denying summary judgment.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, but the power to file motions for reconsideration are implied under both Rules 59 and 60. *See Torrance Redevelopment Agency v. Solvent Coating Co.*, 781 F. Supp. 650, 652 (C.D. Cal. 1991) (granting motion for reconsideration pursuant to FRCP 60(b)(1) and the court's mistake); *Bloch v. Prudential Ins. Co. of Am.*, No. CV 05-1589-DT (MCx), 2005 WL 6141292 (C.D. Cal. Aug. 9, 2005) ("A district court has either discretion to reconsider a judgment under either Federal Rule of Civil Procedure 59(e) or 60(b)."). The Ninth Circuit has determined that a motion for reconsideration should be granted if the district

court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Furthermore, this Court's Local Rules provide that a reconsideration motion may be brought where the party seeking relief can demonstrate "a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18.

A manifest error is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *See In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bkrtcy. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)); *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) (holding that clear error equates to a "clear conviction of error"). A decision is manifestly unjust if it contains an error that is "direct, obvious, and observable." *Oak Park*, 302 B.R. at 683. Where clear error has been committed, a court has the discretion to reconsider its earlier order in the interests of justice. *389 Orange Street Partners*, 179 F.3d at 665 (motion for reconsideration may be granted where district court committed "clear error").

## ARGUMENT

### I. This Court Erred In Holding That The Facts Described In Its April 19 Order Were "Disputed."

In its April 19, 2012, order, the Court vacated oral argument on Taco Bell's summary judgment motion and denied it without a hearing. (Dkt. No. 175.) The Court reasoned that Plaintiff "has presented evidence that indicates that Taco Bell was a member of the Chicago DMA, appointed one of the four directors of the Chicago DMA, and in fact voted in favor of the text message advertising campaign that resulted in the message received by Ms. Thomas." (Dkt. No. 175.) In light of those supposedly "disputed" facts, the Court held that the issue of Taco Bell's

vicarious liability was "best reserved for trial" because "conflicting evidence" could not be weighed on summary judgment. (Dkt. No. 175.)

The Court's error forestalled full consideration of Taco Bell's motion because those facts are *not* disputed and thus do not need to be decided at trial. Instead of ending its analysis with those foundational—and undisputed—facts, the Court should have considered the entire record to determine whether Taco Bell demonstrated through "law, undisputed facts, or a combination thereof" that summary judgment was appropriate. *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783-84 (9th Cir. 2002) (even where issue is "intensely factual," defendant can demonstrate through "law, undisputed facts, or a combination thereof" that summary judgment is appropriate). Indeed, even a factual issue such as vicarious liability can be resolved where, as here, the material facts are undisputed. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) ("[W]here the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment.").

The undisputed material facts here permit the Court to resolve the question of vicarious liability. They establish that Taco Bell and the Chicago Association were separate entities and that Taco Bell was entitled to the presumption of corporate separation. It is undisputed, for instance, that Taco Bell was but a single member of the Chicago Association—not the Chicago Association itself.[1] (Pl. SUF (Dkt. No. 173-1) at No. 4; *see also* Dkt. No. 78 at ¶ 11.) It is also undisputed that the Chicago Association had its own, separate board of directors, and that Taco Bell appointed one, and only one, of the four directors on that board. (Pl. SUF (Dkt No. 173-1) at No. 5.) Likewise, while Taco Bell disputed the legal characterizations Plaintiff offered in her separate statement of facts, Taco Bell did not dispute that Ms. Viti

---

[1] Judge Carter earlier dismissed the Chicago Association from this case because this Court lacked personal jurisdiction over it, holding that the Chicago Association was an Illinois corporation with its principal place of business in Illinois. (Dkt. No. 97.)

voted to proceed with the Nachos BellGrande local promotion, both as a director of the Chicago Association, and representing Taco Bell as a member of the Chicago Association. (*See* Dkt. No. 174 (Dft's Reply Br.) at 8.) Taco Bell explained why it was entitled to summary judgment despite Ms. Viti's votes. (*See* Dkt. No. 174 (Dft's Reply Br.) at 9 ("Ms. Viti's individual vote is no more probative of Taco Bell's liability than her vote as a director of the Chicago Association."); *id.* ("[T]he very fact that Taco Bell and other franchisees held a vote is undisputed evidence that these corporate forms were followed.").

In sum, none of these undisputed facts needed to be "resolved" before the Court could fully consider Taco Bell's summary judgment motion. Taco Bell respectfully requests that the Court correct its error, reclassify the facts described in its order as undisputed, and undertake a full review of Taco Bell's summary judgment motion. *See Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1087-88 (C.D. Cal. 2003) (granting motion for reconsideration where trial court assumed that two separate agreements were one and the same agreement, and that fact was material to resolution of the motion for which reconsideration was sought).

## II. The Court Overlooked Additional Material Facts Supporting Summary Judgment.

Given its misapprehension of the undisputed nature of the facts described above, the Court did not consider additional undisputed facts that, when taken as a whole, confirm Taco Bell's entitlement to summary judgment. These undisputed facts include:

- The undisputed fact that the Chicago Association observed corporate formalities, including the fact that the Chicago Association held the votes required in its Bylaws. (Pl. SUF (Dkt. No. 173-1) at Nos. 6, 11.) This was further evidence of Taco Bell's separateness from the Chicago Association.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

SACV09-1097 CJC (ANx) - 5 - DEFENDANT TACO BELL'S MOTION FOR RECONSIDERATION

- The undisputed fact that the Chicago Association retained advertising agency ESW Partners for marketing purposes—not Taco Bell. (Pl. SUF (Dkt. No. 173-1) at No. 7.) This, again, was evidence of corporate separateness.
- The undisputed fact that Taco Bell was not a party to the contract between ESW Partners and Ipsh.[2] (Pl. SUF (Dkt. No. 173-1) at No. 13.)
- The undisputed fact that the Chicago Association was running its own "Cast your vote: Chicken or Steak NBG Promotion." (Pl. SUF (Dkt. No. 173-1) at No. 22.)
- The undisputed fact that the text message was sent as part of the "Cast your vote: Chicken or Steak NBG Promotion" run by the Chicago Association. (Pl. SUF (Dkt. No. 173-1) at No. 23.)
- The undisputed fact that Susan Viti was on the board of directors of the Chicago Association, and that her August 1, 2005 vote was as a Chicago Association director. (Pl. SUF (Dkt. No. 173-1) at Nos. 33, 36.)[3]
- The undisputed fact that Jennifer Kalseim, an ESW Partners employee, sent a ballot to all members of the Chicago Association to solicit votes for the Chicago Association's promotion. (Pl. SUF (Dkt. No. 173-1) at Nos. 40, 75.)

---

[2] Judge Carter previously found that Ipsh worked for the Chicago Association based on a "one-time contract related to a single, short-lived advertising campaign designed exclusively for residents of the Chicago-land area." (Dkt. No. 97.) As such, it has already recognized that Ipsh's work was for the Chicago Association through ESW Partners, not Taco Bell.

[3] Plaintiff engaged in unnecessary and erroneous legal argument in her attempt to characterize fact number 33, arguing that Susan Viti "stood in the shoes" of Taco Bell. But there was no factual dispute that Susan Viti was a Taco Bell employee at the same time she was a director of the Chicago Association. (Pl. SUF (Dkt. No. 173-1) at 33.)

All of these facts illustrate the fundamental premise of Taco Bell's motion—that Taco Bell and the Chicago Association are not the same entity, and that Taco Bell was entitled to the presumption that it was not liable for any alleged TCPA violation by the Chicago Association. Indeed, Plaintiff did not factually dispute most of the sixteen undisputed facts proffered by Taco Bell; instead Plaintiff offered only a variety of legal arguments as to why she believed those facts did not entitle Taco Bell to summary judgment. (Pl. SUF (Dkt. No. 173-1).) For instance, she purported to dispute that the promotion was a "local" promotion, but later conceded that the Chicago Association—and not Taco Bell—ran the promotion. (Pl. SUF (Dkt. No. 173-1) at Nos. 23-26.)

She also attempted to dispute other facts on legal grounds that were insufficient to create a genuine issue of material fact. For example, Plaintiff purported to dispute fact number 8, that Taco Bell was not a party to the Chicago Association's contract with ESW Partners, but only on the legal ground that "Taco Bell Corp. was a member of the Chicago Association, and as such was a beneficiary of and acted pursuant to the Contract between the Chicago Association and ESW Partners." (Pl. SUF (Dkt. No. 173-1) at No. 8.) In doing so, she offered legal argument as to the parties' contractual status, but no factual dispute as to the contract's existence.[4] (Pl. SUF (Dkt. No. 173-1) at No. 11.) Plaintiff also purportedly disputed fact number 16, that Ipsh "sent" the alleged text message, but

---

[4] Plaintiff's legal characterizations cannot form the basis of a "genuine" issue of "material" fact because it is for the Court to resolve legal disputes—not a trier of fact. *See Thrifty Oil Co. v. Bank of Am. Nat. Trust and Savings Ass'n*, 322 F.3d 1039, 1054 n.21 (9th Cir. 2003) (upholding grant of summary judgment where the claimed factual disputes raised below were "really legal questions" and many of the alleged disputed facts were "nonmaterial"); *Norberg v. Tillamook Cnty. Creamery Ass'n*, 74 F. Supp. 2d 1002, 1004 (D. Or. 1999) (criticizing practice of tending to "characterize, rather than objectively state, the evidence" in separate statements of fact accompanying summary judgment briefing); *Jones v. Corbis Corp.*, 815 F. Supp. 2d 1108, 1112 (C.D. Cal. 2011) (affirming that legal conclusions are not "facts").

only did so based on her asserted interpretation of the TCPA which, again, was a legal argument, *not* a factual dispute. (Pl. SUF (Dkt. No. 173-1) at No. 16.) Indeed, Plaintiff herself alleged in her Fourth Amended Complaint that "ipsh! directed both SMS blasts to be transmitted . . . ." (Dkt. No. 78 at ¶ 11(h).) As to each of these facts, Plaintiff did not offer any actual factual dispute, but only legal argument. These legal arguments were insufficient to create a triable issue of material fact.

### III. The Court Overlooked Plaintiff's Failure To Meet Her Own Evidentiary Burden.

Once Taco Bell offered undisputed evidence of its separation from the Chicago Association, Plaintiff had the burden to raise an issue of material fact sufficient to suggest that Taco Bell controlled the "means and manner" of the text message, despite being a separate entity from the Chicago Association, ESW Partners, or Ipsh. *See ING Bank, FSB v. Chang Seob Ahn*, 758 F. Supp. 2d 936, 941 (N.D. Cal. 2010) (law presumes that no agency relationship exists); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) ("[T]he burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory."). Had the Court not cut short its analysis of Taco Bell's summary judgment motion, the Court would have recognized that Plaintiff failed to meet her burden.

*Flowers v. Goldman, Sachs & Co.*, illustrates the importance of correctly allocating the burden of production at the summary judgment stage. 865 F. Supp. 453, 455 (N.D. Ill. 1994) (granting motion for reconsideration, and summary judgment, where trial court reviewed factual record under "misapprehension of the governing law," and failed to take into account Plaintiff's failure to raise genuine issues of material fact as required). In that case, the trial court denied Goldman's summary judgment motion on plaintiff's racial discrimination claim. *Id.* at 454. Goldman moved for reconsideration, arguing that the trial court had

misapprehended the governing law. *Id.* The trial court agreed, and reconsidered its ruling. In doing so, it found that Goldman had successfully demonstrated facts articulating a nondiscriminatory reason for dismissing plaintiff. *Id.* at 455. As such, Goldman was not required to show that there were no "genuine issues of material fact regarding" plaintiff's discharge—the burden of proof instead shifted to the plaintiff to demonstrate facts articulating that race was a determining factor in her dismissal. *Id*. The evidence plaintiff adduced, however, did not meet that standard. *Id.* Given her failure to meet her burden to create genuine issues of material fact, the court reconsidered its earlier motion and granted summary judgment to Goldman.

Similarly here, once the Court's misapprehension is corrected, Plaintiff's failure to meet her burden of production assumes renewed significance. After Taco Bell successfully demonstrated that another entity sent the text message, the burden shifted to Plaintiff to demonstrate facts articulating how Taco Bell could be found vicariously liable because it "controlled the means and manner" of how the text message was sent. *ING Bank*, 758 F. Supp. 2d at 94 (holding that party asserting agency or alter ego theory has the burden of demonstrating either theory applies); *Charvat v. EchoStar Satellite,* LLC, 676 F. Supp. 2d 668, 674-75 (S.D. Ohio 2009) (holding that control over "means and manner" of communication governed liability under Section 227(c)(5) of the TCPA); *Cislaw v. Southland Corp.*, 4 Cal. App. 4th 1284, 1295 (1992) (requiring showing that franchisor has "the right to control the means and manner in which the result is achieved"). Plaintiff, however, *could not produce a **single** fact* demonstrating that Taco Bell had undue authority over any of the third parties described in the Fourth Amended Complaint, that Taco Bell's exercised "day-to-day" control over any of those entities, or that Taco Bell controlled the "means and manner" of sending the text message itself. (*Id.*) This, more than any other element, was the fatal flaw in Plaintiff's opposition. Plaintiff

simply failed to offer sufficient facts to overcome the presumption of corporate separateness.

It follows, of course, that the Court could not draw any favorable inferences on Plaintiff's behalf because there were *no facts* from which it could do so. *See Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987) ("It is the record made on summary judgment that controls, not that record plus speculative inferences a trier of fact might add; and the only inferences permitted from the summary judgment record itself are those that are reasonable given the substantive law which is the foundation for the claim or defense."); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (upholding summary judgment where non-moving party "neither presented any additional evidence" of disputed fact, nor "pointed to facts already before the court that revealed the existence of a dispute"); *Flowers*, 865 F. Supp. at 455. Plaintiff's opposition failed to provide any basis for a finding of vicarious liability given the undisputed facts.

Indeed, instead of offering the triable issues of genuine fact necessary to meet her burden, Plaintiff offered only additional undisputed facts supporting Taco Bell's position. She confirmed that the Chicago Association ran a separate promotion.[5] (Pl. SUF (Dkt. No. 173-1) at No. 22.) She further confirmed that the Chicago Association was governed by its own set of bylaws. (Pl. SUF (Dkt. No. 173-1) at No. 29.) She admitted that Taco Bell was a member of the Chicago Association (as opposed to somehow being the Assocation itself), and she conceded that ESW Partners sent a ballot to all members of that body to vote on the promotion, consistent with the bylaws of the Association. (Pl. SUF (Dkt. No. 173-1) at Nos. 32, 40, 75.) These facts merely confirmed that the Chicago Association,

---

[5] Plaintiff violated Local Rule 56-2 by submitting literally dozens of additional *undisputed* facts, instead of providing the requisite statement of facts that she contends were genuinely in *dispute*, requiring further litigation. In doing so, Plaintiff created substantial confusion regarding the significance of the undisputed facts on which the Court's order was premised.

and not Taco Bell, was responsible for the text message. (Dkt. No. 167, 174.) In light of the record presented at summary judgment, this Court should have undertaken a full review of the law and facts, taking into account the undisputed nature of the facts described in the April 19 order.

### IV. The Undisputed Facts, Considered As A Whole, Support Summary Judgment For Taco Bell.

The undisputed facts Taco Bell presented, when combined with the TCPA's legal standard for vicarious liability, demonstrate that Taco Bell is entitled to summary judgment. Indeed, the facts demonstrate that Taco Bell and the other entities described in the Fourth Amended Complaint are separate entities, and that Taco Bell is entitled to the presumption of corporate separation.[6]

Plaintiff did not overcome that presumption. She did not show that Taco Bell exercised "day-to-day" control over any of the entities described in the Fourth Amended Complaint. *See Walker v. Pac. Pride Servs., Inc.*, No. 07-2857 SC, 2007 WL 4209445, at *3 (N.D. Cal. Nov. 27, 2007) (no agency relationship where the franchisor exercised "very little control" over the franchisee's employees and had no authority to control "day-to-day" decisions of the franchisee). Nor did she

---

[6] *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 380 (7th Cir. 2008) ("In Illinois, the principle that "[a] corporation is a legal entity separate and distinct from its shareholders, directors, and officers . . . applies even where one corporation wholly owns another and the two have mutual dealings."); *Joiner v. Ryder Sys., Inc.*, 966 F Supp. 1478, 1482 (C.D. Ill. 1996) (refusing to find vicarious liability where evidence demonstrated nothing more than "a parent corporation exercising permissible control over its corporate offspring"); *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (holding that a parent corporation may "approve major . . . policies involving the subsidiary, and for employees of the parent and subsidiary corporations to meet periodically to discuss business matters"); *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177-78 (9th Cir. 1980) (upholding summary judgment where "executives and directors" of parent company never "controlled" subsidiaries' board, did not "control" the subsidiaries' internal affairs, and the parties dealt with each other as "distinct corporate entities")

1  demonstrate that Taco Bell had the ability to control the "means and manner" of
2  how the text message was sent. *See Charvat*, 676 F. Supp. 2d at 674-75 (holding
3  that control over "means and manner" of communication governed liability under
4  Section 227(c)(5) of the TCPA); *Cislaw*, 4 Cal. App. 4th at 1295 (requiring
5  showing that franchisor has "the right to control the means and manner in which the
6  result is achieved"). Absent a material dispute over the facts described in the April
7  19 order, the record demonstrates that Taco Bell is entitled to summary judgment in
8  this action.

## CONCLUSION

10  The Court's misapprehension of the undisputed facts in this case turned Taco
11  Bell's motion on its head. None of the "disputed" facts the Court described in its
12  April 19 order were actually disputed. Because the Court erred in concluding
13  otherwise, it ended its analysis prematurely without considering additional
14  undisputed facts offered by Taco Bell or considering Plaintiff's own failure to meet
15  her burden of production in the face of those facts. When the entire record is
16  considered, Taco Bell's right to summary judgment becomes apparent. As such,
17  and in light of the issues raised herein, Taco Bell respectfully submits that the Court
18  should reconsider its April 19 order denying Taco Bell's motion for summary
19  judgment.

Dated: May 3, 2012          **ARENT FOX LLP**

                            By:  */s/ Robert C. O'Brien*
                                 Robert C. O'Brien
                                 Attorney for Defendant
                                 TACO BELL CORP.