Stephen G. Larson (SBN 145225)
larson.stephen@arentfox.com
Robert C. O'Brien (SBN 154372)
obrien.robert@arentfox.com
Steven E. Bledsoe (SBN 157811)
bledsoe.steven@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRACIE THOMAS, individually and on behalf of class of similarly situated individuals,<br><br>             Plaintiff,<br><br>      v.<br><br>TACO BELL CORP., a California corporation, et. al,<br><br>             Defendants. | Case No.  SACV09-1097 CJC (ANx)<br><br>*Assigned to The Hon. Cormac J. Carney*<br><br>**DEFENDANT TACO BELL CORP.'S RESPONSE TO PLAINTIFF'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>Complaint Filed:  September 15, 2009<br>Trial Date:           TBA |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

SACV09-1097 CJC (ANx)

TACO BELL'S RESPONSE TO NOTICE
OF PENDENCY OF OTHER ACTION

Plaintiff contends that the recently filed matter *Jason Ibey, et al. v. Taco Bell Corp.*, pending in the United States District Court for the Southern District of California, Case No. 12-cv-0583-H-WVG (the "*Ibey* Action"), involves "all or a material part" of this action. She is wrong. Mr. Ibey's allegations involve a single text message allegedly sent by Taco Bell or its agent in response to an opt out request that plaintiff sent after he volunteered to participate in a promotion and initiated text message communications with Taco Bell in February, 2012.[1] Ms. Thomas's factual allegations, on the other hand, arise from a text message sent by a third party—not Taco Bell—nearly seven years ago, promoting a local franchisee advertising campaign targeting the Chicago, Illinois, area. (*See* FAC, ¶¶ 17-20.) The *Ibey* Action is not related to this case for purposes of Local Rule 83-1.4. Accordingly, Taco Bell respectfully submits that this Court need take no action on Ms. Thomas's filing.

Plaintiff must demonstrate more than the fact that two cases involve claims against the same defendant to prove that they are related for purposes of Local Rule 83-1.4. *See Norton v. Allstate Ins. Co.*, No. Civ. 02-02893-EFS, 2002 WL 31017147, at *1 (C.D. Cal. Aug. 23, 2002) (holding that earthquake claims against a defendant involved "different property and factual patterns" and thus did not share a "material part of the subject matter" as Local Rule 83-1.4 requires). Instead, each case must share, at the very least, a materially-similar factual predicate.

The facts in the *Ibey* Action are far different than those that are alleged here. In his complaint, Mr. Ibey purports to represent, and be a member of, a class consisting of all persons within the United States who received "unsolicited confirmatory text messages from Defendant after any class member sent a reply text message, 'STOP', to Defendant in response to a text message sent *by*

---

[1] Taco Bell references Mr. Ibey's complaint only to illustrate the significant factual differences between his allegations and Ms. Thomas's, and does not admit to any of Mr. Ibey's allegations.

*Defendant.*" Mr. Ibey admits that he sent a text message—the word "TACO"—to the short-code number "91318," thus inviting further correspondence. After sending the first text message, Mr. Ibey then alleges that he had "second thoughts," and instead decided "that he wished to cease such communication with [Taco Bell]." He therefore alleges that he sent the word "STOP" to the same short-code number. Mr. Ibey then alleges that immediately after he sent the text message requesting termination, Taco Bell sent an "unsolicited text message" in response, explaining that Mr. Ibey had successfully unsubscribed from the service and would not receive any further messages.

Ms. Thomas has not alleged any of these things. She has not alleged that she received a text message in February, 2012. She has not alleged that she received a confirmatory text message after asking that text messages not be sent to her. And she has not alleged that she sent or received any text message from the short-code "91318." Ms. Thomas's claim has nothing to do with Mr. Ibey's claim.[2]

---

[2] Plaintiff's assertion that these cases are related because Mr. Ibey's claims are a "subset" of Plaintiff's class definition is premature and unsupported since neither case has proceeded to class certification. Indeed, although this case has been pending for nearly three years, the Ibey Action was filed just two months ago and Taco Bell has not yet filed a responsive pleading to the First Amended Complaint. Although class allegations may be stricken at the pleading stage, most courts hold that challenges to class definitions should be reserved for class certification briefing. *See, e.g., Kisliuk v. ADT Sec. Servs., Inc.*, 263 F.R.D. 544, 546 (C.D. Cal. 2008). Taco Bell thus reserves its class certification arguments for the appropriate time, but notes that a class purporting to include both Mr. Ibey's and Ms. Thomas's allegations would fail for commonality, typicality, and a failure to demonstrate predomination.

| | |
|---|---|
| 1 | For the foregoing reasons, this Court should take no action in response to |
| 2 | Plaintiff's Notice and this matter should proceed independently of the *Ibey* Action. |

Dated: May 29, 2012              **ARENT FOX LLP**

By:   */s/ Stephen G. Larson*
      Stephen G. Larson
      Attorney for Defendant
      TACO BELL CORP.